Charles C. Sipos, Bar No. 348801
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone:    +1.206.359.8000
Facsimile:    +1.206.359.9000

Jasmine W. Wetherell, Bar No. 288835
JWetherell@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone:    +1.310.788.9900
Facsimile:    +1.310.788.3399

Julie Hussey, Bar No. 237711
JHussey@perkinscoie.com
Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone:    +1.858.720.5700
Facsimile:    +1.858.720.5799

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ERIC LI, ANITA MEDAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Case No. 4:23-cv-00441-JST<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY AMAZON.COM SERVICES LLC**<br><br>Date:        July 20, 2023<br>Time:        2:00 p.m.<br>Courtroom:    6<br>Judge:        Hon. Jon S. Tigar<br><br>Case Filed:    January 31, 2023 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 20, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Jon S. Tigar, located at 1301 Clay Street, Oakland, CA 94612, Oakland Courthouse, Courtroom 6 – 2nd Floor, or in Judge Tigar's virtual courtroom, Defendant Amazon.com Services, LLC, will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Complaint.

Amazon moves to dismiss on the following grounds:

1.      Plaintiffs lack Article III standing generally, and statutory standing to bring their California consumer protection claims, because they have failed to allege, and cannot plausibly allege, reliance/causation;

2.      Plaintiffs fail to allege facts sufficient to show that a "reasonable consumer" would be misled by the challenged labeling;

3.      Courts have firmly established that retailers cannot be vicariously liable under California consumer protection statutes for the alleged misrepresentations of third parties;

4.      Plaintiffs fail to allege any actual personal injury, thus each of their product liability claims (strict liability and negligence) are barred by the economic loss doctrine; and

5.      Plaintiffs have not and cannot plausibly allege that the challenged products lack a basic degree of fitness for ordinary use as dietary supplements.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice filed in connection with the Motion to Dismiss, the accompanying declaration of Jasmine W. Wetherell and attached exhibits, the records and files in this action, and any other matter the Court may consider.

Dated:  April 10, 2023                                       **PERKINS COIE LLP**

                                                            By: */s/ Jasmine W. Wetherell*
                                                            Charles C. Sipos
                                                            Julie Hussey
                                                            Jasmine W. Wetherell
                                                            Ross E. Bautista
                                                            Attorneys for Defendant
                                                            AMAZON.COM SERVICES LLC

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 8

II.    BACKGROUND ....................................................................................... 9

III.   LEGAL STANDARD .............................................................................. 10

       A.    Dismissal for Lack of Subject Matter Jurisdiction............................. 10

       B.    Dismissal for Failure to State a Claim ............................................. 11

IV.    ARGUMENT ......................................................................................... 12

       A.    Plaintiffs Lack Article III and Statutory Standing for Their Claims Because Their Reliance Allegations are Inadequate and Implausible............................... 12

             1.    Plaintiffs Fail to Adequately Plead Reliance on an Alleged Misrepresentation. ............................................................. 13

             2.    Any Reliance Allegations are Implausible because the Product detail pages Bear Clear and Prominent Disclaimers ................................. 14

       B.    No Reasonable Consumer Could Read the Display Page Disclaimer yet Conclude That the Products Are intended for the Treatment of Disease or have been approved by the FDA ............................ 17

       C.    Plaintiff's Consumer Deception Claims against Amazon Fail as a Matter of Law.................................................................................... 18

             1.    No vicarious liability for consumer protection claims. ............................ 18

             2.    Plaintiffs' fail to plead fraud with particularity........................... 20

       D.    Plaintiff's Claims for Negligent Product Liability (Count One) and Strict Product Liability (Counts Two and Three) Fail Because Plaintiffs do not Allege Any Personal Injury or Property Damage ................................. 22

       E.    Plaintiffs fail to state a claim for Breach of Implied Warranty (Count 4) .......... 22

V.     CONCLUSION ...................................................................................... 23

# TABLE OF AUTHORITIES

Page(s)

CASES

*Arora v. GNC Holdings, Inc.*,
   No. 19-CV-02414-LB, 2019 WL 6050750 (N.D. Cal. Nov. 15, 2019) ...................................18

*Arroyo v. Chattern, Inc.*,
   926 F. Supp. 2d 1070 (N.D. Cal. 2012) ...................................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................12

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983) ..................................................................................................................12

*Barnes v. Campbell Soup Co.*,
   2013 WL 5530017 (N.D. Cal. July 25, 2013) ..........................................................................15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................11

*Bohac v. Gen. Mills, Inc.*,
   No. 12-cv-05280-WHO, 2014 WL 1266848 (N.D. Cal. Mar. 26, 2014)............................22, 23

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011)...................................................................................................21

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
   No. CV 17-01875-MWF (MRWx), 2017 WL 4286577 (C.D. Cal. Sept. 20,
   2017) .........................................................................................................................................17

*Colwell v. Dep't of Health and Human Servs.*,
   558 F.3d 1112 (9th Cir. 2009)...................................................................................................11

*Cruz v. Anheuser-Busch, LLC*,
   No. CV 14-09670 AB (ASx), 2015 WL 3561536 (C.D. Cal. June 3, 2015),
   *aff'd*, 682 F. App'x 583 (9th Cir. 2017) ..................................................................................15

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016).....................................................................................................17

*Emery v. Visa Int'l Serv. Ass'n*,
   95 Cal. App. 4th 952 (2002) ...............................................................................................18, 19

*Gitson v. Trader Joe's Co.*,
   No. 13-cv-01333-WHO, 2013 WL 5513711 (N.D. Cal. Oct. 4, 2013).....................................17

*Green v. Canidae Corp.*,
    No. CV 09-00486 GAF (PLAx), 2010 WL 11507372 (C.D. Cal. Jan. 29, 2010) ...................14

*Hall v. Sea World Entertainment*,
    No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015)..........................14

*Hauter v. Zogarts*,
    14 Cal.3d 104 (1975) ...................................................................................................22

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*
    *as stated in SEC v. Todd*, 642 F.3d 1207 (9th Cir. 2011) .........................................12

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
    801 F. Supp. 2d 993 (S.D. Cal. 2011) ...................................................................19, 20

*In re iPhone Application Litig.*,
    6 F. Supp. 3d 1004, 1015 (N.D. Cal. 2013) ............................................................13

*In re Jamster Mktg. Litig.*,
    No. 05CV0819, 2009 WL 1456632 (S.D. Cal. May 22, 2009) ..................................18, 19, 20

*Jimenez v. Superior Court*,
    29 Cal. 4th 473 (2002) ...................................................................................................22

*Joseph v. Kraft Heinz Foods Co., Inc.*,
    691 F. App'x 850 (9th Cir. 2017) ...................................................................................13

*Kane v. Chobani, Inc.*,
    No. 12–CV–02425–LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013).............................13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)...................................................................................12, 21

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ...................................................................................................12

*Leadsinger, Inc. v. BMG Music Publ'g*,
    429 F. Supp. 2d 1190 (C.D. Cal. 2005) ...................................................................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...................................................................................................12

*Min Sook Shin v. Umeken, U.S.A., Inc.*,
    No. 17-cv-00315, 2017 WL 6885380 (C.D. Cal. Oct. 26, 2017)..........................................18

*Mirkin v. Wasserman*,
    5 Cal. 4th 1082 (1993) ...................................................................................................13

Case No. 4:23-CV-00441-JST
AMAZON'S MOTION TO DISMISS

161780168.2

*Painter v. Blue Diamond Growers,*
   757 F. App'x 517 (9th Cir. 2018) ........................................................................17

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,*
   494 F.3d 788 (9th Cir. 2007) ...............................................................................19

*PLANS, Inc. v. Sacramento City Unified Sch. Dist.,*
   319 F.3d 504 (9th Cir. 2003) ...............................................................................10

*S. M. Wilson & Co. v. Smith International, Inc.,*
   587 F.2d 1363 (9th Cir. Cal. 1978) .....................................................................22

*Savage v. Glendale Union High Sch. Dist. No. 205,*
   343 F.3d 1036 (9th Cir. 2003) .............................................................................11

*Sawyer v. Bill Me Later, Inc.,*
   No. CV 10-04461 SJO, 2010 WL 11492736 (C.D. Cal. Dec. 14, 2010) ...............18

*Seely v. White Motor Co.,*
   63 Cal. 2d 9 (1965) .............................................................................................22

*SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.,*
   88 F.3d 780 (9th Cir. 1996) .................................................................................11

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) ...............................................................................14

*St. Clair v. City of Chico,*
   880 F.2d 199 (9th Cir. 1989) ...............................................................................11

*Strumlauf v. Starbucks Corp.,*
   2016 WL 3361842 (N.D. Cal. June 17, 2016) .....................................................23

*Swartz. v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ...............................................................................21

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.,*
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ..............................................................12

*United States v. Hays,*
   515 U.S. 737 (1995) ............................................................................................11

*Vess v. Ciba–Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003) .......................................................................12, 21

*Viggiano v. Hansen Nat. Corp.,*
   944 F. Supp. 2d 877 (C.D. Cal 2013) .................................................................23

*Warth v. Seldin,*
   422 U.S. 490 (1975) ............................................................................................11

*White v. Lee,*
  227 F.3d 1214 (9th Cir. 2000) ................................................................................11

*Wilson v. Frito-Lay N. Am., Inc.,*
  260 F. Supp. 3d 1202 (N.D. Cal. 2017) ...................................................................13

*Wolfe v. Strankman,*
  392 F.3d 358, 362 (9th Cir. 2004) *aff'd*, 486 F.3d 1120 (9th Cir. 2007) ................11

**STATUTES**

21 U.S.C. § 343(r)(6) ...................................................................................................9

Cal. Bus. & Prof. § 17200 et seq., the Unfair Competition Law ........................... passim

Cal. Bus. & Prof. § 17500 et seq., the False Advertising Law .............................. passim

Cal. Com. Code § 2314 .........................................................................................10, 22

Consumer Legal Remedies Act.............................................................................. passim

Dietary Supplement Health and Education Act of 1994, Pub. L. No. 103–417, 108
  Stat. 4325 ............................................................................................................ passim

**RULES**

Fed. R. Civ. P. 9(b) ...........................................................................................12, 20, 21

Fed. R. Civ. P. 12(b)(1).......................................................................................11, 15

Fed. R. Civ. P. 12(b)(6).......................................................................................11, 15

**REGULATIONS**

21 C.F.R. § 101.93(c)...................................................................................................9

**OTHER AUTHORITIES**

U.S. Constitution, Art. III .................................................................................... passim

AMAZON'S MOTION TO DISMISS

161780168.2

## I.    INTRODUCTION

Plaintiffs Eric Li and Anita Medal premise their claims against Defendant Amazon.com Services, LLC ("Amazon"), on the allegation that dietary supplement products they purchased from the Amazon.com online store were sold without a Dietary Supplement Health and Education Act ("DSHEA") disclaimer—an alleged technical defect that Plaintiffs contend made them believe that the products were akin to FDA-approved drugs. Judicially noticeable facts show, however, that Plaintiffs' basic premise is wrong; every product purchased by Plaintiffs is sold with the requisite disclaimer language. This defect requires dismissal on multiple grounds.

First, the Complaint does not and cannot allege facts to support standing under Article III of the U.S. Constitution, nor statutory standing under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), or Consumer Legal Remedies Act ("CLRA"). In cases involving alleged mislabeling of consumer goods, Article III standing requires Plaintiffs to allege that they relied on the purportedly misleading claims or omissions, such that their harm was "caused" by that reliance. The Complaint makes no attempt to meet this standard, an oversight that is likely explainable by the fact that the DSHEA disclaimer at issue *was* present at the point of sale. There is no indication that Plaintiff relied on any statements by Amazon in relation to the Products. Indeed, the Complaint fails to address the presence of the DSHEA disclaimers on Amazon's product pages whatsoever, rendering any attempt to allege reliance implausible. This pleading failure also necessarily means that Plaintiff lacks statutory standing under the UCL, FAL, and CLRA, as this same reliance requirement applies to these individual causes of action, too.

Second, the labeling that the Complaint challenges as misleading fails on the merits because they do not allege facts sufficient to show that a "reasonable consumer" would be misled by the labeling. Plaintiffs do not allege that the affirmative statements on the Products are in and of themselves misleading. Moreover, given the presence of the DSHEA disclaimer on every Product's display page, no reasonable consumer could conclude that the Products were or are FDA-approved drugs (a premise that is inherently implausible given the circumstances of the contested sales).

Third, courts in California have firmly established that retailers cannot be vicariously liable under California consumer protection statutes for the alleged misrepresentations of manufacturers,

and dismissal of Amazon under that body of law is required here.

Fourth, Plaintiffs fail to allege any actual personal injury, thus each of their product liability claims are barred by the economic loss doctrine.

Fifth, Plaintiffs claim for breach of implied warranty fail because Plaintiffs have not and cannot plausibly allege that the Products lack a basic degree of fitness for ordinary use.

For these reasons and those that follow, Amazon respectfully requests that this Court dismiss Plaintiffs' Complaint.

## II.    BACKGROUND

Plaintiff Eric Li alleges that he purchased from the Amazon.com online store several dietary supplement products, including: Nature's Bounty Omega-3 Fish Oil; 5-HTP Capsules - Extra Strength Serotonin Support; Nature Made Magnesium Oxide Tablets; Doctor's Best Alpha-Lipoic Acid Caps, and Nutricost Acetyl LCarnitine 180 Capsules. Complaint ¶ 5. Plaintiff Anita Medal alleges that she purchased from the Amazon.com online store items including: Nature's Nutrition Turmeric Curcumin; Doctor's Best Vitamin D-3; Puritan's Pride Co-Q10; Safrel Vitamin B-12, and NOW Supplements claiming to support a "healthy intestine."[1] Compl. ¶ 12.

Plaintiffs allege that the Products were sold without the disclaimer mandated by the Dietary Supplement Health and Education Act of 1994, Pub. L. No. 103–417, 108 Stat. 4325 ("DSHEA"). More specifically, Plaintiffs assert that to qualify as a dietary supplement instead of a drug requiring prior FDA approval, a product advertised with a "structure/function" claim must bear a disclaimer on its label that reads:

> *This statement has not been evaluated by the Food and Drug Administration. This*
> *product is not intended to diagnose, treat, cure, or prevent any disease.*

(the "DSHEA Disclaimer"). Compl. ¶ 43 (citing 21 U.S.C. § 343(r)(6); 21 C.F.R. § 101.93(c)). Plaintiffs argue that failure to include the DSHEA disclaimer renders dietary supplements, including the Products, misbranded, unapproved and unlawful drugs under federal law.  Compl. ¶ 49.

Plaintiffs allege that various label statements on the products they purchased from the

---

[1] The ten items purchased by Plaintiffs are referred to together as the "Products."

Amazon.com online store, in conjunction with the lack of a DSHEA disclaimer, led them to believe that the Products "harbored therapeutic value, and/or that they and the marketing claims were reviewed by and approved by the FDA." Compl. ¶¶ 6-7, 12-14.[2] Plaintiffs do not, and cannot plausibly, allege that Amazon manufactured or labeled the Products; nor can Plaintiffs plausibly allege that Amazon had ability to control the design or language on the Product labels. Plaintiffs do not—and cannot truthfully—allege that Amazon made any representations about therapeutic effects or FDA-approval status of the Products other than displaying the representations that the manufacturers made about their own Products. Instead, Plaintiffs only provide general conclusory allegations that Amazon was involved in "the design, testing, producing, inspecting, advertising, packaging, labeling, vending, distributing" of the Products, or made "marketing and labeling claims" about the Products (*see, e.g., id.* ¶¶ 99, 102, 144), without alleging any facts to support those assertions.

Based on these allegations Plaintiffs allege on behalf of a putative class of California consumers eight causes of action: (1) Negligent Product Liability, (2) Strict Product Liability - Design and Manufacturing defect, (3) Strict Product Liability - Failure to Warn of Defective Condition, (4) breach of implied warranty per Cal. Com. Code § 2314; (5) Violation of Cal. Bus. & Prof. § 17200 et seq., the Unfair Competition Law ("UCL") - Unlawful Prong, (6) Violation of the UCL - Unfair and Fraudulent prong; (7) Violation of the Consumer Legal Remedies Act ("CLRA"); and (8) Violation of Cal. Bus. & Prof. § 17500 et seq., the False Advertising Law ("FAL"). Compl. ¶¶ 98–171.

## III.    LEGAL STANDARD

### A.    Dismissal for Lack of Subject Matter Jurisdiction

Article III limits the jurisdiction of the federal courts to "live cases and controversies." *PLANS, Inc. v. Sacramento City Unified Sch. Dist.*, 319 F.3d 504, 507 (9th Cir. 2003). When a

---

[2] Plaintiff Li does not specify what affirmative label claims he relied on. Plaintiff Medal provides the following examples of the affirmative label claims she relied on: "tested and proven," to support "joint and heart health," and "brain function"; "for healthy bones, teeth, heart, and immune support"; "support[] heart health," "replenish what is lost with age or what statin medications deplete"; "support[] nervous system function," "promote[] energy;" and support a "healthy intestine." Compl. ¶ 12. Plaintiffs do not allege that these claims are false or misleading.

plaintiff lacks constitutional standing, no case or controversy is present, and the court must dismiss for lack of subject-matter jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975). Standing is "perhaps the most important of the jurisdictional doctrines" and is not subject to waiver. *United States v. Hays*, 515 U.S. 737, 742 (1995). The burden of establishing standing "rests on the party asserting the claim." *Colwell v. Dep't of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). Motions to dismiss for lack of subject-matter jurisdiction are properly made under Federal Rule of Civil Procedure 12(b)(1).

When raising a factual challenge to subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may present affidavits or other evidence outside the pleadings without converting the motion to one for summary judgment. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) *aff'd*, 486 F.3d 1120 (9th Cir. 2007). The court does not presume the truth of the complaint's allegations under such circumstances, and the burden then falls on the plaintiff to establish—through affidavits or other evidence—that the Court has subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). If the plaintiff fails to carry that burden, the action must be dismissed. *St. Clair v. City of Chico*, 880 F.2d 199, 204 (9th Cir. 1989) (affirming Rule 12(b)(1) dismissal based on defendant's submission of evidence disproving jurisdiction under Article III).

### B. Dismissal for Failure to State a Claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest[]," and not merely be consistent with, the claimed wrongful conduct. *Id.* at 557. The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).

While factual allegations are assumed true, the plaintiff must provide more than mere speculation of a right to relief. *Twombly*, 550 U.S. at 555. Courts are "not bound to accept as true

a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is improper to assume "the [plaintiff] can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Finally, a complaint may be dismissed without leave to amend where "amendment would be futile." *See Leadsinger, Inc. v. BMG Music Publ'g*, 429 F. Supp. 2d 1190, 1197 (C.D. Cal. 2005).

A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Under Rule 9(b), the plaintiff must set forth the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Additionally, "the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011). When an artificial entity is the alleged perpetrator of the fraud, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015).

## IV.   ARGUMENT

### A.   Plaintiffs Lack Article III and Statutory Standing for Their Claims Because Their Reliance Allegations are Inadequate and Implausible

Article III standing requires a plaintiff to plausibly allege: (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992); *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011).

Statutory standing for UCL, FAL, and CLRA claims is separate from, and "more restrictive," than Article III standing. *See Kwikset*, 51 Cal. 4th at 324. "To prevail on their causes of action under UCL, FAL, and the CLRA, Plaintiffs must demonstrate that they actually relied on

the challenged misrepresentations and suffered economic injury as a result of that reliance." *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1208 (N.D. Cal. 2017). In the case where, as here, plaintiffs allege an omission, reliance can be established by "proving that, had the omitted information been disclosed, one would have been aware of it and behaved differently." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993). Moreover, when, as here, the claims sound in fraud, the plaintiffs must "alleg[e] with particularity the circumstances surrounding...Plaintiff's reliance." *Arroyo v. Chattern, Inc.*, 926 F. Supp. 2d 1070, 1078 (N.D. Cal. 2012).

Thus, a failure to allege reliance mandates dismissal of Plaintiffs' claims for lack of Article III and statutory standing. *Joseph v. Kraft Heinz Foods Co., Inc.*, 691 F. App'x 850 (9th Cir. 2017) (upholding district court's dismissal of UCL claims where plaintiff "failed to allege facts sufficient to show that he relied on the absence of a country of origin marking on defendants' cashew products in making his purchases"); *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1015 (N.D. Cal. 2013) (dismissal proper under Article III for lack of statutory standing unless plaintiff "actually relied on the misrepresentations"); *Kane v. Chobani, Inc.*, No. 12–CV–02425–LHK, 2013 WL 5289253, at *7-11 (N.D. Cal. Sept. 19, 2013) (dismissing UCL and CLRA claims due to lack of reliance and thus lack of Article III and statutory standing).

### 1.    Plaintiffs Fail to Adequately Plead Reliance on an Alleged Misrepresentation.

Both individual Plaintiffs' reliance allegations fail as a matter of law. Plaintiff Eric Li alleges that he purchased five products from the Amazon.com online store (the "Li Products"). Compl. ¶ 5. Li's reliance allegations are limited to two paragraphs where he alleges in conclusory fashion that he saw and believed certain representations "on product labels and otherwise," that the Products harbored therapeutic value and/or that the marketing claims were approved by the FDA. *Id.* ¶¶ 6-7. Plaintiff Li fails to identify any representations whatsoever that led him to believe the Li Products had any specific therapeutic value or were approved by the FDA; he does not clarify where any such representations might have appeared, when he saw them, or how they influenced his purchasing behavior. *Id.* Crucially, the Complaint does not identify a single representation *made by Amazon* that Plaintiff Li relied on in forming such beliefs.

Similarly, Plaintiff Anita Medal also alleges that she purchased five products from the Amazon.com online store (the "Medal Products"). Compl. ¶ 12. While Plaintiff Medal alleges that the Medal Products bore certain false or misleading claims, and provides examples of such claims[3], she does not specify who made these claims, where these claims appeared, or when she reviewed those claims. Moreover, as with Li's allegations, Medal does not allege whether these claims appeared on the product detail page on Amazon.com such that there could be any plausible claim that *Amazon* made or had control over these statements.

Ultimately, neither Plaintiff alleges that they relied on any representations made by Amazon for their purchasing decisions beyond conclusory statements[4] that numerous courts considering similar allegations have deemed inadequate. *See, e.g., Hall v. Sea World Entertainment*, No. 3:15–CV–660–CAB–RBB, 2015 WL 9659911, at *5 (S.D. Cal. Dec. 23, 2015) ("[T]he complaint does not allege that the named plaintiffs actually saw or read any advertising or statements made by [defendant] prior to purchasing…") (emphasis in original); *Green v. Canidae Corp.*, No. CV 09–00486 GAF (PLAx), 2010 WL 11507372, at *6 (C.D. Cal. Jan. 29, 2010) ("The Court concludes that [plaintiffs'] vague allegations do not sufficiently indicate that they read and relied on the packaging of the [product] they used.").

### 2. Any Reliance Allegations are Implausible because the Product detail pages Bear Clear and Prominent Disclaimers

Beyond the fact that Plaintiffs' reliance obligations are vague and conclusory at best, the Plaintiffs cannot *plausibly* allege that Amazon misled or deceived them because every Product was sold with a DSHEA disclaimer on the product detail page.

Federal courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," or "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Both the images attached to Plaintiffs' Complaint and the product labels and

---

[3] *See id.*—providing examples of claims such as "support[] heart health," "healthy intestine," "[supports] brain function," etc.
[4] *See, e.g.,* Compl. ¶¶ 6-7, 13-14, 76.

full product detail pages[5] demonstrate that all of the Products purchased by Plaintiffs were sold with at least one clear and prominent DSHEA disclaimer.

Specifically, the Product detail pages each state in relevant part: "Statements regarding dietary supplements have not been evaluated by the FDA and are not intended to diagnose, treat, cure, or prevent any disease or health condition." *See* Request for Judicial Notice ("RJN"), Exhibits K-T. The disclaimer is set off in a box prominently labeled with the heading "**Important information**" in bold orange font and "**Legal Disclaimer**" in bold black font. *See* Image 1 below.



**Important information**

**Safety Information**

This product is labelled to United States standards and may differ from similar products sold elsewhere in its ingredients, labeling and allergen warnings

**Legal Disclaimer**

Statements regarding dietary supplements have not been evaluated by the FDA and are not intended to diagnose, treat, cure, or prevent any disease or health condition.

*Image 1* - Excerpt from RJN Exhibit R (Puritan's Pride Co-Q10 Softgels) at p. 143.

A second disclaimer appears at the bottom of the product detail pages and is labeled "**Disclaimer**" again in bold black font, reading in relevant part: "Information and statements regarding dietary supplements have not been evaluated by the Food and Drug Administration and are not intended to diagnose, treat, cure, or prevent any disease or health condition. Amazon.com assumes no liability for inaccuracies or misstatements about products." *See id.*, Exhibits K-T.

Even more damning, Plaintiffs ignore that the product detail pages for multiple Products

---

[5] While the Display Pages at issue are admissible as part of the Rule 12(b)(1) factual challenge to standing, they are also separately admissible as judicially noticeable, because the Product detail pages have been incorporated by reference in the Complaint. *See, e.g.*, *Cruz v. Anheuser-Busch, LLC*, No. CV 14–09670 AB (ASx), 2015 WL 3561536, at *1 n.3 (C.D. Cal. June 3, 2015), *aff'd*, 682 F. App'x 583 (9th Cir. 2017) (taking judicial notice of the Bud Light Lime-A-Rita's labels and packaging because "[p]laintiffs' complaint is premised on the representations affixed on these labels"); *Barnes v. Campbell Soup Co.*, No. C 12–05185 JSW, 2013 WL 5530017, at *3 (N.D. Cal. July 25, 2013) (taking judicial notice of copies of Campbell's "100% Natural" soup labels). Thus, the Display Pages are properly part of the Court's consideration of Amazon's Rule 12(b)(6) arguments for dismissal as well. *Id.* Rule 12(b)(6) is formally the basis for lack of statutory standing, while Rule 12(b)(1) is the basis for lack of Article III standing. To avoid uncertainty as to any resulting dismissal, Amazon has filed a Request for Judicial Notice as to the Products' Display Pages setting forth authority establishing that the Display Pages may be considered by the Court under *both* a Rule 12(b)(6) and 12(b)(1) analysis.

include images showing an actual product label with the prominent DSHEA disclaimer. For example, Plaintiff Medal alleges that she purchased Puritan's Pride Co-Q10 Softgels (Compl. ¶ 12), but she fails to acknowledge that images on the detail page show the front of label "Supports Heart Health*" claim is followed by an asterisk that directs consumers to the DSHEA disclaimer on the back label. *See* Image 2 below.



*Image 2* (see also RJN Ex. H at p. 37).

The Court may take notice of the fact that each of the Products that Plaintiffs allegedly purchased bear a DSHEA warning on their product detail pages either in: (1) the Important Information section and in the disclaimer at the bottom of the product detail pages; and, in some cases, (2) in the product images provided on the product display pages. *See* RJN Exhs. K - T (product display pages) and U - AA (product images from the product display pages for Nature Made Magnesium Oxide Tablets; Doctor's Best Alpha-Lipoic Acid Caps, Nutricost Acetyl LCarnitine 180 Capsules; Doctor's Best Vitamin D-3; Puritan's Pride Co-Q10; Safrel Vitamin B-12, and NOW

Saccharyomyces Boulardii Supplements, reflecting DSHEA disclaimers). As a result, Plaintiffs lack standing because they cannot plausibly allege that they relied on misrepresentations/omissions or labeling defects.

### B.    No Reasonable Consumer Could Read the Display Page Disclaimer yet Conclude That the Products Are intended for the Treatment of Disease or have been approved by the FDA

Even if Plaintiffs had stnding, Plaintiffs fail to plausibly allege potential deception of a "reasonable consumer" as required to state a claim under the UCL, FAL, and CLRA. *Gitson v. Trader Joe's Co.*, No. 13–cv–01333–WHO, 2013 WL 5513711, at *6 (N.D. Cal. Oct. 4, 2013) (UCL, FAL, and CLRA claims are subject to the reasonable consumer standard). "Meeting the reasonable consumer standard] requires more than a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016).

Where a complaint fails to plausibly allege that a "reasonable consumer" would be misled by the labeling at issue, courts may—and frequently do—dismiss the complaint at the pleading stage. *See, e.g.*, *Painter v. Blue Diamond Growers*, 757 F. App'x 517, 519 (9th Cir. 2018) ("[Plaintiff's] complaint does not plausibly allege that a reasonable consumer would be deceived into believing that [defendant's] almond milk products are nutritionally equivalent to dairy milk based on their package labels and advertising."); *Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV 17–01875–MWF (MRWx), 2017 WL 4286577, at *4 (C.D. Cal. Sept. 20, 2017) (dismissing complaint where plaintiff failed "to point to any false statements" carried on defendants' fruit snack packaging).

As set forth above, a DSHEA disclaimer appears at least once on the Display Page of each of the Products purchased by Plaintiffs under the "Important information" section. Thus, no reasonable consumer could reach the conclusion that, either: (1) a product was intended to diagnose, treat, cure, or prevent disease (i.e., had "therapeutic value," in Plaintiffs' parlance), or (2) had received approval from the FDA, given the clear and prominent presence and plain

language of the Display Page disclaimer stating the exact opposite. *See, e.g., Min Sook Shin v. Umeken, U.S.A., Inc.*, No. 17-cv-00315, 2017 WL 6885380, at *9-10 (C.D. Cal. Oct. 26, 2017) (granting motion to dismiss where plaintiff failed to allege how/why underlying product claims were false or misleading given presence of DSHEA disclaimer, even if display of the disclaimer was not strictly compliant with DSHEA rules); *Cf. Arora v. GNC Holdings, Inc.*, No. 19-CV-02414-LB, 2019 WL 6050750, at *12 (N.D. Cal. Nov. 15, 2019)(distinguishing *Umeken* on the basis that plaintiffs in *Arora* had adequately pled that manufacturer had omitted disclaimer from front panel, and non-compliant disclaimer on back panel was "non-prominent" and thus misleading).

### C.    Plaintiff's Consumer Deception Claims against Amazon Fail as a Matter of Law.

Plaintiff's claims under the CLRA, UCL, and FAL also fail for two additional related reasons: (1) the California consumer protection statutes do not impose vicarious liability on retailers for representations made by manufacturers; and (2) Plaintiffs have not, and cannot, plead their claims with particularity.

### 1.    No vicarious liability for consumer protection claims.

Plaintiffs' claims against Amazon under the CLRA, UCL, and FAL fail as a matter of law because Plaintiffs do not, and cannot, sufficiently allege that Amazon "controlled, participated, approved, marketed or otherwise adopted [the manufacturers'] advertising practices." *See In re Jamster Mktg. Litig.*, No. 05CV0819, 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009). Claims under the UCL, FAL, and CLRA "cannot be predicated on vicarious liability." *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002) ("[t]he concept of vicarious liability has no application to actions brought under the unfair business practices act."); *see also id.* at 965 (applying analysis to claims arising under FAL); *Sawyer v. Bill Me Later, Inc.*, No. CV 10-04461 SJO, 2010 WL 11492736, at *11 (C.D. Cal. Dec. 14, 2010) (dismissing CLRA claim because "the Court cannot draw a reasonable inference that eBay committed any of the alleged CLRA violations"). Rather, a defendant's liability "must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices . . . ." *Emery*, 95 Cal. App. 4th at

960; *see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808 (9th Cir. 2007) (*Emery* "precludes liability for Defendants . . . under secondary liability and aiding and abetting theories.").

Here, Plaintiff's claims for Amazon's alleged violations of the CLRA, UCL, and FAL are premised on two basic allegations: (1) the Products bear various label statements that imply that the Products have "therapeutic efficacy," and can be used to treat, cure, or prevent disease, and (2) the Products are sold without a DSHEA disclaimer that would alert consumers that the Products are "not intended or established to have therapeutic efficacy and have not been subjected to government review and approval for efficacy, safety, or truthfulness of marketing claims." Compl. ¶ 42. The Complaint contains no allegations—beyond mere conclusions—that Amazon personally participated in, much less exercised "unbridled control," over the labeling of the Products or otherwise developing marketing language regarding the Products.

In other words, Plaintiffs' claims against Amazon are premised on nothing but vicarious liability for alleged misrepresentations made and controlled by the Product manufacturers. Federal courts in California have repeatedly rejected UCL, FAL, and CLRA claims against retailers[6] based on such "vicarious liability" allegations. *See, e.g., In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011) (dismissing CLRA, UCL, and FAL claims against retailers based on allegations that defendants sold products bearing manufacturer's alleged misrepresentations); *see also In re Jamster Mktg. Litig.*, No. 05cv0819, 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009). Rather, to state a claim against a retailer under the CLRA, UCL, or FAL, a plaintiff must sufficiently allege, beyond unadorned conjecture, that the seller "participated or exercised unbridled control over" a manufacturer's alleged false advertising. *See Jamster, supra,* at ** 8-9.

In *In re Hydroxycut*, plaintiffs alleged that several defendants were liable for CLRA, FAL, and UCL violations in connection with false and misleading statements regarding a weight loss product called Hydroxycut. In addition to the Hydroxycut manufacturer, plaintiffs named several

---

[6] Amazon is the retailer of Products it sold directly to customers in the Amazon.com online store but is even further removed from any alleged labeling defects where Plaintiffs purchased Products from *third parties* who offer products for sale on the online store.

retailers in the complaint because they sold the Hydroxycut product in their stores. The retailer defendants moved to dismiss. In granting the motion, the court found that plaintiffs insufficiently alleged that "(1) the Retailer Defendants participated in, controlled, or adopted as their own, representations made by [the product manufacturer], or (2) made their own representations regarding the Products that Plaintiff's relied on in purchasing the Products." *Hydroxycut*, 801 F. Supp. 2d at 1013. Indeed, the court in *Hydroxycut* also noted that plaintiffs had cited no case law suggesting that retailers can be held liable under consumer protection laws for placing the false advertised products on the shelf and failing to disclaim the manufacturer's representations. *Id.* at 1012.

Similarly, in *Jamster*, the plaintiffs alleged their wireless providers (e.g., AT&T) formed a RICO enterprise with mobile content providers to falsely advertise certain mobile content. 2009 WL 1456632, at *2. The plaintiffs specifically alleged that AT&T "knew about the fraudulent and misleading nature of the ... advertising," that at least one plaintiff repeatedly contacted AT&T to notify it of the false advertising, and that AT&T refused numerous requests by the plaintiffs to remedy the erroneous charges they incurred as a result. *Id.* at *2, *8. Despite those specific factual allegations, however, the court held that plaintiffs' UCL, FAL, and CLRA claims against the wireless providers failed because plaintiffs effectively sought to impose vicarious liability on the wireless providers for misrepresentations created/controlled by mobile content providers. *Id.* at *9.

Plaintiffs' claims here are even more clearly deficient. Plaintiffs allege only that they purchased products manufactured by third parties from the Amazon.com online store. *Jamster* makes clear that absent specific allegations that Amazon made or controlled the relevant labeling misrepresentations or omissions, Plaintiff cannot state a claim under the UCL, FAL, or CLRA. Plaintiffs make no such allegations, and even more tellingly, Plaintiffs ignore that Amazon independently included DSHEA disclaimers on the Products' detail pages, thereby disclaiming any alleged misrepresentations and dispelling any consumer confusion.

### 2.    Plaintiffs' fail to plead fraud with particularity.

Plaintiffs' fraud-based claims, including their UCL, FAL, CLRA, and implied warranty claims, also fail because they are not pled with particularity, as required by Fed. R. Civ. P. Rule

9(b). *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124-25 (9th Cir. 2009) (holding that Rule 9(b) applies to claims under the CLRA and UCL). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). It is not enough for a plaintiff to allege only "the neutral facts necessary to identify [a] transaction." *Id*. Instead, she must "set forth what is false or misleading about a statement, and why it is false." *Id*.; *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement").

Plaintiffs fail to do so here. Indeed, the Complaint does not properly plead ***any*** of the "who, what, when, where, and how" of fraud. Plaintiff Li does not identify any specific statements he relied upon. Neither Plaintiff adequately alleges "who" made the relevant statements or "where" they were made (e.g., on the product label and/or the Amazon Display Page?), or when they read those statements (before or after making their purchased?). What's more, because the statements they do cite are drawn from product labels and marketing materials manufactured by third parties, Plaintiffs cannot plausibly allege that any such statements are created or controlled by Amazon. Such allegations do not satisfy the specificity requirement of Rule 9(b). *See Swartz. v.  KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the *identities of the parties to the misrepresentations*.'") (emphasis added). While the Complaint does vaguely reference certain statements made by Amazon—e.g., Amazon's Fair Pricing Policy or details from an Amazon press release regarding its "Industry-Leading Safety and Compliance Program" (Compl. ¶¶ 28-29)—Plaintiffs' do not specifically allege that they read or relied on these statements in making their purchasing decisions. As such, each of Plaintiffs' fraud-based claims, including their CLRA, UCL, FAL, claims, must fail.

**D.    Plaintiff's Claims for Negligent Product Liability (Count One) and Strict Product Liability (Counts Two and Three) Fail Because Plaintiffs do not Allege Any Personal Injury or Property Damage**

Plaintiffs allege no injury or property damage and thus fail to state a claim for negligent or strict product liability. "Damages available under strict products liability do not include economic loss, which includes 'damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits -without any claim of personal injury or damages to other property.'" *Jimenez v. Superior Court,* 29 Cal. 4th 473, 482 (2002) (quotation omitted). The same is true for claims of negligence under California law. "Economic losses are not recoverable under negligence." *S. M. Wilson & Co. v. Smith International, Inc.,* 587 F.2d 1363, 1376 (9th Cir. Cal. 1978) (citing *Seely v. White Motor Co.,* 63 Cal. 2d 9, 18 (1965)).

The Complaint includes no allegation that either of the Plaintiffs suffered any actual personal injury. While Plaintiffs assert that the Products are "dangerous, illegal, defective, and unapproved drugs," and claim that the Products "exposed them to risk of injury," there are no allegations that either Plaintiff (or any member of the putative class) was actually harmed. *See, e.g.,* Compl. ¶ 82. The only "loss" Plaintiffs identify are the purely economic losses associated with purchasing the Products, which they allege are "economically valueless or less valuable" due to the alleged lack of DSHEA disclaimers. Compl. ¶¶ 81, 92, 144. This is precisely the sort of economic injury that is not recoverable under a negligence or strict products liability theory. Compl. ¶ 114. Counts 1 through 3 should be dismissed.

**E.    Plaintiffs fail to state a claim for Breach of Implied Warranty (Count 4)**

Plaintiffs' claim for breach of implied warranty fails because Plaintiffs fail to sufficiently allege that the Products are not merchantable.

California Commercial Code § 2314 does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Hauter v. Zogarts,* 14 Cal.3d 104, 117 (1975). To establish breach of implied warranty, a plaintiff must show that the goods in question lacked "minimum level of quality" or "did not possess even the most basic degree of fitness for ordinary use." *Bohac v. Gen. Mills, Inc.,* No. 12–cv–05280–WHO, 2014 WL 1266848, at *9 (N.D. Cal. Mar. 26, 2014). In the consumables context,

this typically means the products were "unfit for human consumption." *Id*. at *10. Here, Plaintiffs'

implied warranty claim merely recycles their mislabeling allegations with no allegation that the

Products failed to meet a minimum level of quality.  *See* Compl. ¶ 133 (alleging the Products "did

not conform to promises and affirmations made on the container or label of the goods").  As a

result, the implied warranty claim must be dismissed. *See, e.g.*, *Viggiano v. Hansen Nat. Corp.*, 944

F. Supp. 2d 877 at 896 (N.D. Cal. 2013) (dismissing implied warranty claim where plaintiff did not

allege, for example, "that the beverage was not drinkable, that it was contaminated or contained

foreign objects, etc."); *Strumlauf v. Starbucks Corp.*, 2016 WL 3361842, at *4–5 (N.D. Cal. June

17, 2016) (same).

## V.    CONCLUSION

For the foregoing reasons, Amazon respectfully requests this Court dismiss Plaintiffs'

Complaint with prejudice.

DATED:  April 10, 2023                          **PERKINS COIE LLP**


By: */s/ Jasmine W. Wetherell*
       Charles C. Sipos
       Julie Hussey
       Jasmine W. Wetherell
       Ross E. Bautista

Attorneys for Defendant
AMAZON.COM SERVICES LLC