**JUST FOOD LAW**
Maia C. Kats (*pro hac vice*)
*maiakats@justfoodlaw.com*
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: (202) 243-7910

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
*mdb@kuzykclassactions.com*
1999 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067
Telephone: (213) 401-4100
Facsimile: (213) 401-0311

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERIC LI and ANITA MEDAL on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br>v.<br>**AMAZON.COM SERVICES LLC,**<br>**Defendant.** | **CASE NO.: 23-cv-441-JST**<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         July 20, 2023<br>Time:         2:00 p.m.<br>Courtroom:  6<br>Judge:        Hon. Jon S. Tigar<br><br>Case Filed:  January 31, 2023 |

# REQUEST FOR JUDICIAL NOTICE

Plaintiffs Eric Li and Anita Medal ("Plaintiffs") respectfully request that the Court take judicial notice of the following documents in support of Plaintiffs' Opposition to Defendant's Motion to Transfer Venue and Defendant's Motion to Dismiss Plaintiffs' Complaint. The following Exhibits are attached to the Declaration of Maia C. Kats in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss Complaint and Motion to Transfer Venue, and Plaintiffs' Motion for Judicial Notice filed concurrently herewith.

Exhibit A: Statement of Commissioner Rebecca Kelly Slaughter Joined by Chair Lina Khan and Commissioner Alvaro M. Bedoya Regarding the Issuance of a Notice of Penalty Offenses on Substantiation of Product Claims, Federal Trade Commission.

Exhibit B: List of April 2023 Recipients of the FTC's Notice of Penalty Offenses Concerning Substantiation of Product Claims.

Exhibit C: K. Safdar, *You Might Be Buying Trash on Amazon—Literally*, Wall Street Journal, Dec. 18, 2019.

Exhibit D: A. Berzon, *Amazon Has Ceded Control of Its Site. The Result: Thousands of Banned, Unsafe or Mislabeled Products*, Wall Street Journal, Aug. 23, 2019.

Exhibit E: Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States, January 24, 2020.

Exhibit F: J. Greene, *How Amazon's quest for more, cheaper products has resulted in a flea markets of fakes*, The Washington Post, Nov. 14, 2019.

Exhibit G: Crawford C, Avula B, Lindsey AT, Walter A, Katragunta K, Khan IA, Deuster PA. Analysis of Select Dietary Supplement Products Marketed to Support or Boost the Immune System.

Exhibit H: Andrew I. Geller, M.D., *et al*, Emergency Department Visits for Adverse Events Related to Dietary Supplements, The New England Journal of Medicine, October 5, 2015.

Exhibit I: T. Johnson, *Amazon Fulfillment Center Locations: The Ultimate List,* Tinuiti, August 23, 2022.

Exhibit J: Kimkomando, *One big mistake you're making with your Amazon account*, January 1, 2023.

## MEMORANDUM OF POINTS AND AUTHORITIES

Courts may take judicial notice of facts that are not subject to reasonable dispute, such as when they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Specifically, a Court may take judicial notice of and consider documents that are incorporated by reference into the complaint, central to the claims made in the complaint, and where no party questions the authenticity or relevance of the copies provided. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Musgrave v. ICC/Marie Callender's Gourmet Prod. Div.*, No. 14-cv-02006-JST, 2015 WL 510919 (N.D. Cal. Feb. 5, 2015) (granting plaintiff's request for judicial notice).

Under Fed. R. Evid. 201, a court can take judicial notice of "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381-82 (C.D. Cal. 2014) (taking judicial notice of documents available on the FDA website); *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice").

More broadly, the Court may take judicial notice of documents that are publicly available on the Internet, where the authenticity of the document is capable of accurate and ready determination. *Barakezyan v. BMW of N. Am., LLC*, No. CV-16-00173-SJO (GJSx), 2016 WL 2840803, at *6 n.3 (C.D. Cal. Apr. 7, 2016) (Because the documents are "publicly available on the Internet, the authenticity of the documents are capable of accurate and ready determination, and because they are integral to Plaintiff's claim" juridical notice is appropriate); *Barnes v. Marriott Hotel Servs.*, No. 15-cv-01409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (*quoting O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007)). Accordingly, a court may take judicial notice of press releases and news articles to indicate what was is in the public realm. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Evo Brands, Ltd. Liab. Co. v. Al Khalifa Grp. Ltd. Liab. Co.*, No. 2:22-cv-03909-AB-MAR, 2022 WL 1474462, at *13-14 (C.D. Cal. Feb. 23, 2023) (judicial notice of existence of Wall Street Journal article).

Each of the Exhibits are within a category of documents described above. Exhibits A, B, E and G are available on government websites and the remainder from well-established and preeminent journals and newspapers. In addition, the exhibits are central to the contention made by Amazon in its Motion to Dismiss that its violations of law are mere technicalities when, as the varied reports and statements show, many authorities and reputable sources reach the opposite conclusion—that is of serious harm both in the form of economic and personal injury caused by, in the words of the Federal Trade Commission (Exh. A), "health-claim scams." Respectfully, Plaintiffs' Request for Judicial Notice should be granted.

DATED: May 10, 2023

Respectfully submitted,

/s/ *Maia C. Kats*
Maia C. Kats (*pro hac vice*)

**JUST FOOD LAW**
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: (202) 243-7910
maiakats@justfoodlaw.com

Michael D. Braun
**KUZYK LAW, LLP**
1999 Avenue of the Stars, Ste. 1100
Los Angeles, California 90067
Telephone:    (213) 401-4100
mdb@kuzykclassactions.com

*Counsel for Plaintiffs and the Proposed Class*