Charles C. Sipos, Bar No. 348801
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Jasmine W. Wetherell, Bar No. 288835
JWetherell@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ERIC LI, ANITA MEDAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Case No. 4:23-cv-00441-AMO<br><br>**AMAZON.COM SERVICES LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE**<br><br>Date: July 20, 2023<br>Time: 2:00 p.m.<br>Courtroom: 6<br>Judge: Hon. Araceli Martinez-Olguin<br>Case Filed: January 31, 2023 |

# INTRODUCTION

Plaintiffs' Opposition to Amazon's Motion to Transfer Venue is built on a fundamentally incorrect construction of a California state statute, Cal. Civ. Code § 1751, which has no legal bearing whatsoever on the issue of venue. Plaintiffs argue that § 1751 gives them an inexorable right to litigate this matter in California. That is wrong. Section 1751 goes to non-waiver, in certain circumstances, of a plaintiff's right to assert a substantive cause of action under the California Legal Remedies Act ("CLRA"). Amazon's Motion does not address that issue at all, so Plaintiffs' invocation of § 1751 is wholly irrelevant. Indeed, several courts have held that when a defendant moves to transfer venue, which is all that Amazon has done here, a plaintiff's attempted use of § 1751 to prevent that transfer must be rejected. The broad and unmistakable venue language in Amazon's *Conditions of Use* is valid and enforceable, and dictates transfer of venue here.

Piggybacking on their erroneous statutory argument, Plaintiffs assert that the venue clause in Amazon's *Conditions of Use* contravenes California public policy. But no California public policy is offended by having a putative class action transferred to a sister federal court where the Plaintiffs will have the same opportunities to litigate their rights as they would in this forum. Plaintiffs' argument that the exclusive venue clause violates California public policy conflates legally distinct *forum selection* and *choice of law* issues. Plaintiffs' choice of law rights will be unaffected by transfer, and so whatever potential entitlement they might have to a CLRA claim will be undisturbed by transfer.

Plaintiffs also argue they were "deprived" of the ability to defend Amazon's Motion because Amazon did not specify what notice Plaintiffs received of the *Conditions of Use* when buying products through the Amazon.com online store before 2021. This argument is willfully blind; as Amazon's Motion made abundantly clear, the exclusive venue clause went into effect on May 3, 2021, and Plaintiffs received notice of and agreed to that language hundreds of times.

Because Plaintiffs have not met their heavy burden for showing that the exclusive venue clause is not valid, the Court should transfer this action to the Western District of Washington.

# DISCUSSION

A venue clause like that in Amazon's *Conditions of Use* "is presumptively valid," so Plaintiffs bear the "heavy burden" of showing that the clause is unenforceable. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). None of Plaintiffs' arguments—which are not just unpersuasive; they are legally erroneous—carry this burden.

**1. Plaintiffs fail to show that the exclusive venue clause in Amazon's *Conditions of Use* contravenes California public policy.**

The exclusive venue clause in Amazon's *Conditions of Use* must be "given controlling weight in all but the most exceptional cases." *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013) (quotation marks omitted); *M/S Bremem*, 407 U.S. at 10. It must be enforced unless Plaintiffs show that "(1) the clause [is] invalid [due to] fraud or overreaching," (2) "trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of [their] day in court;" or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15, 18.

Plaintiffs allege nothing to overcome the presumption for upholding the exclusive venue clause in Amazon's *Conditions of Use*. They neither allege that Amazon engaged in fraud or overreaching, nor allege that the Western District of Washington would be a "gravely difficult or inconvenient" forum. *See generally* Pls.' Opp'n to Defs.' Mot. to Transfer Venue, Doc. No. 24 ("Opp'n"). Instead, Plaintiffs argue that the choice of law clause and enforceability of the exclusive venue clause in Amazon's *Conditions of Use* "are inextricably bound up with one another," and when the two clauses are considered together, the exclusive venue clause violates California public policy. Opp'n at 3–10. This argument is flawed.

**A. Enforcing the exclusive venue clause will not violate the anti-waver provision of the CLRA.**

Plaintiffs contend that the exclusive venue clause is unenforceable as a matter of California public policy because it violates the anti-waiver provision of the CLRA. Opp'n at 1–5 (citing to

Cal. Civ. Code § 1751). As support, they claim that the "federal and state *AOL* decisions are on all fours with this case, warranting swift rejection of Amazon's venue motion." *See* Opp'n at 5 (citing to *Doe 1*, 552 F.3d at 1083 and *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 16 (2001), *as modified* (July 10, 2001) ("*America Online*"). But Plaintiffs are wrong.

Neither *Doe 1* nor *America Online* apply here. In *America Online*, the plaintiffs filed a consumer class action alleging violations of the CLRA. *Am. Online, Inc.*, 90 Cal. App. 4th at 5. The defendant moved to dismiss the action for improper venue based on a forum selection clause in its service agreement, which designated Virginia state courts as the proper venue and specified Virginia law. *Id.* at 4. The court assumed that upon transfer, the Virginia state court would apply its own consumer protection laws. *Id.* at 14 n.6. The California Court of Appeal held that the forum selection clause was unenforceable because it violated public policy on two grounds. First, enforcement of the forum selection clause violated California public policy that strongly favors consumer class actions, because consumer class actions are not available in Virginia state courts. *Id.* at 17. Second, enforcement of the forum selection clause would lead to application of non-California substantive law and "necessitate a waiver of the statutory remedies under the CLRA" in violation of the CLRA's anti-waiver provision. *Id.* at 15. In *Doe 1*, the Ninth Circuit addressed the same forum selection clause and construed "courts of Virginia" to mean the state courts of Virginia, not both its state and federal courts. *Doe 1*, 552 F.3d at 1082. Concurring with *America Online*, the Ninth Circuit held that the clause was unenforceable because it effectively required the plaintiffs to forego the right to pursue a class action and other remedies under the CLRA, in contravention of its anti-waiver provision. *Id.* at 1084–85.

But *Doe 1* and *America Online* readily differ from this case. Unlike the clause in those cases, the exclusive venue clause here does not limit Plaintiffs exclusively to state court. The exclusive venue clause in Amazon's *Conditions of Use* requires that a dispute be resolved "in the state or Federal courts in King County, Washington," so either federal or state court in King County, Washington is a proper forum. Decl. of Stephanie Habben in Support of Def. Amazon.com Servs. LLC's Mot. to Transfer Venue, Doc. No. 17–2 ("Habben Decl.") ¶ 9, Exs. C–D. As one court put it, "the availability of a federal forum in this case makes all the difference" because "the

-3- Case No. 4:23-CV-00441-AMO
AMAZON'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE

transfer to another federal district court is fundamentally different than the transfer to a foreign court." *Sawyer v. Bill Me Later, Inc.*, No. CV 10-04461 SJO (JCGx), 2011 WL 7718723, at *6 (C.D. Cal. Oct. 21, 2011).

Unlike the Virginia state courts in *Doe 1* and *America Online*, transferring this case to the Western District of Washington would not prevent Plaintiffs from pursuing their case as a class action. "Since the forum selection clause permits actions to be brought in federal court, Plaintiff[s] remain[] free to pursue [their] claims on a class basis in accordance with Federal Rule of Civil Procedure 23." *Gamayo v. Match.com LLC*, Nos. C 11–00762 SBA, C 11–1076 SBA, C 11–1206 SBA, 2011 WL 3739542, at *6 (N.D. Cal. Aug. 24, 2011) (cleaned up) (finding *Doe 1* "readily distinguishable" since the forum selection clause lets actions be brought in federal court); *see also Madanat v. First Data Corp.*, No. C 10–04100 SI, 2011 WL 208062, at *4 (N.D. Cal. Jan. 21, 2011) (noting that *Doe 1* did not foreclose application of a forum selection clause where the plaintiff could pursue a class action in the transferee forum).

Also, in contrast to *Doe 1* and *America Online*, enforcement of the exclusive venue clause would not result in a waiver of Plaintiffs' rights under the CLRA. Plaintiffs may pursue their claims in either federal court, and in doing so, argue that California law should apply. *Mazzola v. Roomster Corp.*, No. CV 10-5954 AHM (JCGx), 2010 WL 4916610, at *1, *3 (C.D. Cal. Nov. 30, 2010) (rejecting the plaintiffs' argument that enforcement of the forum selection clause would waive their rights under the CLRA because the court was not deciding which law would apply and the plaintiffs could argue for application of California law). The Western District of Washington would use the same Restatement-based choice of law analysis that this Court would use if the case remained here. *See Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1022 (N.D. Cal. 2005); *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 464–65 (1992); *O'Brien v. Shearson Hayden Stone, Inc.*, 90 Wash. 2d 680, 685 (1978), *opinion supplemented*, 93 Wash. 2d 51 (1980). Because of that, "enforcement of the [exclusive venue clause] would not foreclose Plaintiffs' non-waivable rights under the CLRA." *Kabbash v. Jewelry Channel, Inc. USA*, No. CV 15–4007 (DMG) (MRWx), 2016 WL 9132930, at *4 (C.D. Cal. Feb. 22, 2016); *Howards v. Fifth Third Bank*, No. CV 18-01963 DDP (PLAx), 2018 WL 7890667, at *4 (C.D. Cal. Dec. 7, 2018).

Because enforcing the exclusive venue clause does not force Plaintiffs to waive their rights to proceed as a class action and to receive enhanced remedies under the CLRA, the exclusive venue clause in Amazon's *Conditions of Use* does not violate California's public policy.

### B. Plaintiffs' choice of law argument is irrelevant to determining whether enforcing the exclusive venue clause violates California public policy.

While criticizing Amazon for not mentioning the choice of law clause in its *Conditions of Use*, Plaintiffs conflate their arguments about forum selection and choice of law to try to show that transferring this case to the Western District of Washington would "prejudicially curb Plaintiffs' substantive rights and remedies." Opp'n at 5. But—as discussed in Amazon's opening brief—courts in the Ninth Circuit "have generally agreed that the choice of law analysis is irrelevant to determining if the enforcement of a forum selection clause contravenes a strong public policy." *Rowen v. Soundview Commc'ns, Inc.*, No. 14–cv–05530–WHO, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015).

The exclusive venue clause in Amazon's *Conditions of Use* "determines where the case will be heard," not what law will govern. *See Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009 WL 330934, at *4 (N.D. Cal. Feb. 10, 2009). The validity of the exclusive venue clause is "separate and distinct from choice of law provisions that are not before the court." *Id.* "Thus, a party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis." *Id.* Rather, "to prevail on the argument that the forum selection clause itself would contravene California public policy, a party must show that the underlying state law claim relates to venue." *Sawyer*, 2011 WL 7718723, at *7.

Nevertheless, Plaintiffs' opposition rests on the notion that the separate choice of law clause in Amazon's *Conditions of Use* somehow renders the exclusive venue clause unenforceable. *See* Opp'n at 3–11. Instead of arguing that the public policy underlying their claims expressly relates to venue, they focus on how application of Washington substantive law would "lead to a profound depreciation of rights and remedies afforded Plaintiffs under California law." Opp'n at 5. Specifically, they claim that "given the tandem choice of law clause" requiring application of Washington law, "[t]he reality of this Motion is that Amazon seeks to compel Plaintiffs to forfeit

their substantive legal rights and remedies in direct contravention of" California's strong policy interest "in providing consumers with robust substantive legal protections against unlawful, deceptive, and unfair commercial practices." *Id.* at 11. In other words, Plaintiffs' argument fails to challenge the exclusive venue clause explicitly, and instead, improperly speculates as to how the Western District of Washington would ultimately resolve the choice of law issue.

But federal courts in California routinely enforce forum selection clauses in the face of the same inapplicable and ancillary attacks that Plaintiffs assert here. For example, in *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101 (S.D. Cal. 2006), the plaintiff argued that the forum selection clause was no more than an "attempt to escape California law and public policy" and ignored the "reality" that the transferee forum applies its own law in "virtually every case." *Id.* at 1104. But the court rejected that argument and held that the plaintiff was "impermissibly, combining the forum selection and choice of law analyses when she argue[d] that enforcement of the forum selection clause results in the application of a Washington law violative of California public policy." *Id.*; *see also Loughlin v. Ventraq, Inc.*, No. 10–CV–2624–IEG (BGS), 2011 WL 1303641, at *7 (S.D. Cal. Apr. 5, 2011) (enforcing the forum selection clause because the plaintiff did not challenge the forum selection clause directly, only its possible effect: the application of New Jersey law).

Similarly, in *Gamayo v. Match.com LLC*, when the plaintiffs argued—like Plaintiffs do here—that "enforcement of the [forum selection] clause would violate California public policy, as embodied in the CLRA's anti-waiver provision," the Court refused to consider whether the transferee court's law afforded the same or lesser protections as the CLRA because the motion "d[id] not seek a choice of law determination" and "the resolution of which state's laws apply is for the [transferee] court to make." 2011 WL 3739542 at *4, *6 (holding that enforcement of the "forum selection clause neither contravenes the anti-waiver provision of the CLRA nor the strong public policy of California"). Likewise, in *East Bay Women's Health, Inc. v. gloStream, Inc.*, No. C 14-00712 WHA, 2014 WL 1618382 (N.D. Cal. Apr. 21, 2014), the plaintiffs made the same argument Plaintiffs make here that the transferee court's state laws might provide them with less protection than California's Unfair Competition Law. *Id.* at *3. The Court held that their argument

was "unavailing because it requires speculation as to the potential outcome of the litigation on the merits in the transferee forum and to consider whether that outcome would conflict with a strong public policy of the transferor forum at the outset of the action." *Id.* at *3 (cleaned up); *see also E.& J. Gallo Winery v. Andina Licores S.A.*, 440 F. Supp. 2d 1115, 1127 (E.D. Cal. 2006) (holding that "[t]he fact that the forum or choice of law specified by a contract affords remedies that are different or less favorable to the laws of the forum preferred by a plaintiff is not alone a valid basis to deny enforcement of the forum selection" clause), *judgment entered*, No. CV F 05-0101 AWI LJO, 2007 WL 333386 (E.D. Cal. Jan. 31, 2007). These cases control and compel enforcement of the exclusive venue clause here.

Even if Plaintiffs could conflate the choice of law and forum selection analysis—which they cannot—Plaintiffs' conclusion that the Western District of Washington would "almost certainly" apply Washington law and "lead to a profound depreciation of rights and remedies" is mistaken. Opp'n at 5. Wherever this case is heard, the court must adjudicate the choice of law issue. Both states apply the Restatement (Second) of Conflict of Laws § 187 to determine whether choice of law provisions are valid. *Google, Inc.*, 415 F. Supp. 2d at 1022. Because "[b]oth California and Washington use the same rule to enforce [the choice of law and forum selection] clauses," enforcement of the exclusive venue clause would not violate "any public policy of California." *Swenson*, 415 F. Supp. 2d at 1104–05. As a result, Plaintiffs cannot show "a total foreclosure of remedy in the transferee forum," and the exclusive venue clause in Amazon's *Conditions of Use* is valid. *See Rowen*, 2015 WL 899294, at *4 n.2 (rejecting the plaintiffs' policy arguments unrelated to venue because there was no foreclosure of remedy in the transferee forum).

Plaintiffs did not make any arguments specifically related to venue or mount a public policy challenge to the validity of the exclusive venue clause itself. Because enforcing the exclusive venue clause would not contravene a strong public policy of California, the exclusive venue clause is valid and should be enforced.

## 2. Plaintiffs' attempt to manufacture an issue with Amazon's opening brief—where none exists—is unavailing because the *Conditions of Use* apply retroactively.

Amazon's opening brief shows that Plaintiffs received reasonable notice of and assented to the exclusive venue clause in Amazon's *Conditions of Use* hundreds of times. *See* Mem. of Points and Authorities in Support of Def. Amazon.com Servs. LLC's Mot. to Transfer Venue, Doc No. 17–1. Rather than arguing that Plaintiffs did not receive reasonable notice of and assent to the exclusive venue clause, Plaintiffs argue that "there is *nothing* in Amazon's memorandum or the accompanying Declaration of Ms. Habben specifying *what* notice Plaintiffs factually received when making their respective purchases before 2021." Opp'n at 12, Doc. No. 24. This argument is unavailing.

Contrary to Plaintiffs' belief, the exclusive venue clause in Amazon's *Conditions of Use* applies retroactively. Amazon's exclusive venue clause encompasses "[a]ny dispute or claim relating in any way to [Plaintiffs'] use of any Amazon Service." Habben Decl. ¶ 9, Exs. C–D. Plaintiffs do not meaningfully contest this phrasing encompasses disputes arising from both future and past transactions. Nor could they, given the prevailing law and past decisions that have held that similarly worded provisions encompass disputes arising from both future and past transactions. *See, e.g.*, *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (holding that "any dispute" provisions are "broad and far reaching" in scope); *Jones v. Deja Vu, Inc.*, 419 F. Supp. 2d 1146, 1150 (N.D. Cal. 2005) ("Where an arbitration provision does not contain a temporal limitation, the parties may be compelled to arbitrate despite the fact that the challenged conduct predates the signing of the agreement."); *Azeveda v. Comcast Cable Commc'ns LLC*, No. 5:19-cv-01225-EJD, 2019 WL 5102607, at *6 (N.D. Cal. Oct. 11, 2019) (holding that the "relating to" and "any dispute" language, which had no temporal limitation, extended the scope of the agreement to claims accrued before its enactment and "well beyond present or future disputes"); *DeVries v. Experian Info. Sols., Inc.*, No. 16-cv-02953-WHO, 2017 WL 733096, at *7 (N.D. Cal. Feb. 24, 2017) (recognizing that "courts have enforced new terms where prior agreements included change-in-terms provisions" and applied retroactively the later agreements); *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1224 (N.D. Cal. 2007) (giving

retroactive effect to an arbitration clause that "cover[ed] . . . disputes and claims involving 'any entity'"); *Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1178 (W.D. Wash. 2014) (holding that because the "agreement encompasses 'any dispute or claim relating in any way to your use of any Amazon Service,'" it covered "disputes arising from both future and past transactions on Amazon.com").

Because the exclusive venue clause in Amazon's *Conditions of Use* applies retroactively, any facts about "*what* notice Plaintiffs factually received when making their respective purchases before 2021" is irrelevant since the exclusive venue clause in Amazon's *Conditions of Use* did not go into effect until May 3, 2021. *See* Habben Decl. ¶ 9, Exs. C–D. Regardless of Plaintiffs' attempt to differentiate between signing in (which requires a user to enter identifying information and click a "Continue" button as discussed in Amazon's opening brief) and continuing to stay logged in to their Amazon accounts (which does not require the user to enter identifying information and click a "Continue" button), Plaintiffs received notice of and agreed to the latest version of Amazon's *Conditions of Use* each time they placed an order in Amazon's online store. Since May 3, 2021, Medal and Li placed at least 237 and 170 orders in the Amazon online store, respectively. *Id.* ¶ 14. Each time Plaintiffs placed an order they had to click a "Place you order" button in one of two locations on the checkout page to complete a transaction. *Id.* ¶ 15. At all relevant times—regardless of whether Plaintiffs were using Amazon's desktop website, mobile website, or mobile application—directly above, below, or next to the "Place your order" button that Plaintiffs clicked, Amazon notified users like Plaintiffs that "[b]y placing your order, you agree to Amazon's privacy notice and conditions of use." *Id.* ¶ 15, Ex. F. Indeed, as discussed in Amazon's opening brief, "Courts have repeatedly held that Amazon's layout of its checkout page provides constructive notice to its users of the [*Conditions of Use*]." *Greenberg v. Amazon.com, Inc.*, No. 20-cv-02782-JSW, 2021 WL 7448530, at *5 (N.D. Cal. May 7, 2021) (compiling cases).

Because Plaintiffs received reasonable notice of and assented to the exclusive venue clause in Amazon's *Conditions of Use*, they should be bound by its terms.

# CONCLUSION

For the reasons set forth above and in Amazon's opening brief, Amazon respectfully requests that the Court transfer this action the U.S. District Court for the Western District of Washington under 28 U.S.C. § 1404(a).

DATED: May 24, 2023  **PERKINS COIE LLP**

By: */s/ Ross E. Bautista*
    Charles C. Sipos
    Julie L. Hussey
    Jasmine W. Wetherell
    Ross E. Bautista

Attorneys for Defendant
AMAZON.COM SERVICES LLC