UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LI, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                    Defendant. | Case No. 23-cv-00441-AMO<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 17 |

Before the Court is Amazon.com Services LLC's motion to transfer venue. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties' papers, the relevant legal authority, and good cause appearing, the Court GRANTS the motion to transfer.[1]

**I.     BACKGROUND**

Plaintiffs Eric Li and Antia Medal commenced this proposed class action on January 31, 2023. ECF 1. They assert claims for (1) negligent products liability, (2) strict products liability (design and manufacturing defect), (3) strict products liability (failure to warn), (4) breach of implied warranty under California Commercial Code § 2314, (5) unlawful conduct in violation of California Business and Professions Code § 17200, *et seq.*, (6) unfair and fraudulent conduct in violation of Section 17200, (7) violation of the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, and (8) false advertising in violation of California Business and Professions Code § 17500, *et seq. Id.* ¶¶ 98-112, ¶¶113-120, ¶¶ 121-128, ¶¶ 129-135, ¶¶ 136-

---

[1] The pending motion to dismiss, ECF 18, and related motion to strike, ECF 32, are therefore denied without prejudice to re-filing in the transferee court.

147, ¶¶ 148-157, ¶¶ 158-164, ¶¶ 165-171.

Plaintiffs allege that they "purchased a multitude of illegal drugs masquerading as therapeutic dietary supplements from Amazon.com."[2] ECF 1 ¶¶ 5, 12. They "believed the representations, on product labels and otherwise, that the [p]roducts harbored therapeutic value, and/or that they and the marketing claims were reviewed by and approved by the FDA." *Id.* ¶¶ 6, 13. Plaintiffs "also believed that the [p]roducts were lawful and legally inserted into interstate commerce." *Id.* ¶¶ 6, 13. They "relied on Amazon's stature, representations, and reputation, as well as the marketing and [p]roduct labels and its omissions from the same, and [were] misled thereby." *Id.* ¶¶ 7, 14. They "purchased more of, and/or paid more for, the [p]roducts than [they] would have had [they] known the truth about the [p]roducts." *Id.* ¶¶ 8, 15. Due to Amazon's conduct, Plaintiffs lost money and were "exposed to risk of serious bodily injury." *Id.* ¶¶ 9, 16.

Since May 3, 2021, the conditions of use governing Plaintiffs' Amazon purchases have included a forum selection clause and a choice of law clause. ECF 17-2 ¶¶ 9-10; ECF 17-5 at 5-6; ECF 17-6 at 7. The forum selection clause provides: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts. We each waive any right to a jury trial." ECF 17-2 ¶¶ 9-10; ECF 17-5 at 5-6; ECF 17-6 at 7. The choice of law clause provides: "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon." ECF 17-2 ¶¶ 9-10; ECF 17-5 at 6; ECF 17-6 at 7.

Amazon now moves to enforce the forum selection clause contained in its conditions of use. ECF 17. Plaintiffs oppose the motion and ask that the Court take judicial notice of certain

---

[2] This background is based on the allegations in Plaintiffs' complaint, though they need not be accepted as true at this stage. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (per curiam) ("A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered."). The Court incorporates additional facts offered by Amazon where relevant to the Court's analysis.

2

documents in connection with its opposition. ECF 24, 26.

## II. DISCUSSION

### A. Request for Judicial Notice

A district court may take judicial notice of facts that are "not subject to reasonable dispute" because they are (1) "generally known within the trial court's territorial jurisdiction," or (2) that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). "Accordingly, '[a] court may take judicial notice of matters of public record.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)). A court cannot, however, "take judicial notice of disputed facts contained in such public records." *Id.*

Plaintiffs ask that the Court take judicial notice of the following documents:

- Exhibit A: Statement of Commissioner Rebecca Kelly Slaughter Joined by Chair Lina Khan and Commissioner Alvaro M. Bedoya Regarding the Issuance of a Notice of Penalty Offenses on Substantiation of Product Claims, Federal Trade Commission.

- Exhibit B: List of April 2023 Recipients of the FTC's Notice of Penalty Offenses Concerning Substantiation of Product Claims.

- Exhibit C: K. Safdar, *You Might Be Buying Trash on Amazon—Literally*, Wall Street Journal, Dec. 18, 2019.

- Exhibit D: A. Berzon, *Amazon Has Ceded Control of Its Site. The Result: Thousands of Banned, Unsafe or Mislabeled Products*, Wall Street Journal, Aug. 23, 2019.

- Exhibit E: Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States, January 24, 2020.

- Exhibit F: J. Greene, *How Amazon's quest for more, cheaper products has resulted in a flea markets of fakes*, The Washington Post, Nov. 14, 2019.

- Exhibit G: Crawford C, Avula B, Lindsey AT, Walter A, Katragunta K, Khan IA, Deuster PA. Analysis of Select Dietary Supplement Products Marketed to Support or Boost the Immune System.

//
//

3

- Exhibit H: Andrew I. Geller, M.D., et al., *Emergency Department Visits for Adverse Events Related to Dietary Supplements*, The New England Journal of Medicine, October 5, 2015.

- Exhibit I: T. Johnson, *Amazon Fulfillment Center Locations: The Ultimate List*, Tinuiti, August 23, 2022.

- Exhibit J: Kimkomando, *One big mistake you're making with your Amazon account*, January 1, 2023.

ECF 26 at 2. As relevant to the motion to transfer, the Court takes judicial notice only of the existence of these documents. *See Khoja*, 899 F.3d at 1000.

### B.   Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When a case concerns an enforcement of a forum selection clause, Section 1404(a) provides a mechanism for its enforcement and "a proper application of [the statute] requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013) (internal quotations and citation omitted). "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1*, 552 F.3d at 1083. However, "a forum selection clause is unenforceable 'if enforcement would contravene a strong public policy of the forum in which suit is brought[,] whether declared by statute or *by judicial decision*.'" *Id.* at 1083 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (emphasis in original)). Enforcement of a forum selection clause "contravene[s] a strong public policy" of a forum state, requiring invalidation of the clause, where enforcement would result in the waiver of an unwaivable right. *Id.* at 1084.

Amazon seeks to enforce the forum selection clause contained in its conditions of use and to transfer this action to the Western District of Washington. ECF 17-1 at 6. It contends that the clause is valid and enforceable. *Id.* at 15-16. Amazon additionally argues that Plaintiffs' claims squarely fall within the scope of the clause and that Plaintiffs received notice "hundreds of times"

4

when they signed-up for their Amazon accounts, each time they signed into those accounts, and each time they placed an order on Amazon. *Id.* at 9-13.

Plaintiffs challenge the enforceability of the forum selection clause on two grounds. ECF 24 at 7-17. First, Plaintiffs argue that the forum selection clause, when considered together with the choice of law clause, violates the anti-waiver provision of the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA"), and as such, contravenes a strong public policy of California. *Id.* at 7-15. Second, Plaintiffs argue that Amazon has failed to establish "what 'notice of the [conditions of use] was provided to Plaintiffs at the time of each purchase," and that Amazon has failed to show that the forum selection clause or choice of law clause can be applied retroactively. *Id.* at 15-17.

Because the forum selection clause applies to the majority of Plaintiffs' purchases, the Court first addresses the parties' arguments about the enforceability of the forum selection clause, then turns to the arguments about the clause's applicability to certain purchases Plaintiffs made before the clause went into effect.

1. <u>Enforceability of the Forum Selection Clause</u>

Plaintiffs argue that two decisions—*Doe 1*, 552 F.3d 1077, and *America Online, Inc. v. Superior Court of Alameda County (Mendoza)*, 90 Cal. App. 4th 1, 10-11 (Cal. Ct. App. 2001)—warrant denial of Amazon's motion to transfer "outright without further consideration." ECF 24 at 9. Amazon contends that neither decision applies here to invalidate the forum selection clause. ECF 30 at 4. Amazon is correct that the instant case is distinguishable from *Doe 1* and *Mendoza* because, as discussed below, those cases limited the fora available to the plaintiffs to state courts providing no class action mechanism. Unlike the plaintiffs in *Doe 1* and *Mendoza*, Plaintiffs here may avail themselves of both state and federal courts in Washington under Amazon's forum selection clause. *See* ECF 17-5 at 5-6; ECF 17-6 at 7. That distinction by itself, however, is not enough for this Court to completely disregard the two cases. It is, however, enough to show that Plaintiffs' position is too extreme. The Court discusses each case below.

//

//

In *Mendoza*, the plaintiff's causes of action included a claim under the CLRA, which he asserted on behalf of himself and a putative class. 90 Cal. App. 4th at 5. AOL moved to stay or dismiss the action. *Id.* at 6. It relied on the forum selection clause in its customer contract, providing for resolution of disputes in the "courts of Virginia." *Id.* The agreement also contained a choice of law provision specifying that Virginia law would govern disputes. *Id.* The trial court denied the motion, and AOL filed a petition for a writ of mandamus. *Id.* at 7. The California Court of Appeal denied the writ, holding:

> First, one of the causes of action seeks class action relief under the California Consumers Legal Remedies Act (CLRA) (Civ. Code, § 1750 et seq.). This act contains a provision that voids any purported waiver of rights under the CLRA as being contrary to California public policy. Enforcement of the contractual forum selection and choice of law clauses would be the functional equivalent of a contractual waiver of the consumer protections under the CLRA and, thus, is prohibited under California law.
>
> Second, we conclude that Virginia law does not allow consumer lawsuits to be brought as class actions and the available remedies are more limited than those afforded by California law. Accordingly, the rights of Mendoza and the California consumer class members would be substantially diminished if they are required to litigate their dispute in Virginia, thereby violating an important public policy underlying California's consumer protection law. For this independent reason, the forum selection clause is unenforceable.

*Id.* at 4-5.

In *Doe 1*, plaintiffs brought a putative class action against AOL, asserting federal and state law causes of action, including a claim under the CLRA. 552 F.3d at 1079-80. AOL moved to dismiss the action for improper venue, or alternatively, to transfer venue, based on the same forum selection clause at issue in *Mendoza*. *Id.* at 1080, 1083. The plaintiffs argued that the clause limited them to Virginia state court, where a class action would be unavailable. *Id.* at 1078-79. On that basis, the plaintiffs contended that the clause was unenforceable because it violated California public policy against waivers of class action remedies and of rights under the CLRA. *Id.* at 1079, 1083. The district court concluded that the clause permitted suit in Virginia state or federal courts and granted AOL's motion. *Id.* at 1080-81.

The Ninth Circuit reversed and remanded, holding that "the forum selection clause in the [AOL] member agreement [wa]s unenforceable as to California resident plaintiffs bringing class

action claims under California consumer law." *Id.* at 1084. The Ninth Circuit made clear: "*Mendoza* found a California public policy against consumer class action waivers and waivers of consumer rights under the CLRA that California public policy applies to California residents bringing class action claims under California consumer law. *Id.*

One case decided since *Doe 1* and *Mendoza* is instructive where, as here, a forum selection clause is not as limited. In *Bayol v. Zipcar, Inc.*,[3] the plaintiffs brought a putative class action challenging Zipcar's fees under California consumer protection statutes, including the CLRA. *See* No. 14-CV-02483-TEH, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25, 2014) (collecting cases). Zipcar moved to transfer venue based on the forum selection clause in its membership agreement, which designated Massachusetts state or federal courts as the designated fora for disputes. *Id.* The agreement also contained a choice of law provision specifying that Massachusetts state law would apply to any disputes, without reference to its conflicts of laws or choice of law rules. *Id.*

Before turning to the enforceability of the forum selection clause, the *Bayol* court addressed "the threshold question of whether it can and should consider the likely effect of the Membership Agreement's choice of law clause." *Id.* at *2. That court framed the significance of that question as follows:

> If the Court cannot or should not consider the choice of law clause at this time, as [Defendant] argues, then it cannot determine whether enforcement of the forum selection clause would contravene California policy—the questions would be independent, because in theory, Plaintiffs could bring their California claims in federal court in Massachusetts. However, if the Court can and should consider the choice of law clause now, the questions become inseparably entwined—if transferring venue would also likely lead to the application of Massachusetts law, there would be a greater chance that enforcement of the forum selection clause will contravene California policy.

*Id.* The court found it "clear that [it] *can* consider the combined effect of forum selection and choice of law clauses." *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985) (commenting, in an international antitrust dispute that, "in the event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's

---

[3] Plaintiffs cite *Bayol* in their papers, but Amazon does not address it. *See* ECF 24 at 14; *see generally* ECF 30.

1   right to pursue statutory remedies for antitrust violations, we would have little hesitation in

2   condemning the agreement as against public policy.")).

3         As to whether it *should* do so, the court noted a split among the in-district decisions on the

4   issue, one "best explained by looking to whether the right at issue was waivable, and where it was

5   not, by further evaluating the likelihood that the unwaivable right would be upheld in the

6   transferee forum." *Id.* at *3 (collecting cases). The court found "both that certain of the rights at

7   issue" were not waiveable, specifically noting that the case implicated the same CLRA anti-waiver

8   provision at issue in *Doe 1*. *Id.* The court further found "that a federal court in Massachusetts

9   would likely not enforce these unwaivable rights." *Id.* The court specifically "[c]onsider[ed] the

10  First Circuit law identified by Plaintiffs" in reaching the conclusion "that the District of

11  Massachusetts would be unlikely to apply California state law, including the unwaivable

12  provisions of the CLRA." *Id.* at *4. The court concluded that the application of Massachusetts

13  law would thus contravene "California's strong public policies, namely, the consumer protections

14  and remedies of the CLRA." *Id.* at *4-*5. The court denied the motion to transfer and found that

15  the forum selection clause, "taken together with the choice of law clause and the choice of law

16  rules of the District of Massachusetts" was unenforceable. *Id.* at *5.

17        Though Amazon argues that considering the forum selection clause together with the

18  choice of law clause is "flawed," *see* ECF 30 at 3, *Bayol* is persuasive. There, as here, Plaintiffs

19  assert claims under the CLRA, which contains "the same anti-waiver provision at issue in *Doe 1*."[4]

---

[4] Because the CLRA's anti-waiver provision is at issue, the majority of the in-district cases Amazon cites in reply, ECF 30 at 5-7, are distinguishable. *See, e.g.*, *Rowen v. Soundview Commc'ns, Inc.*, No. 14-cv-05530-WHO, 2015 WL 899294, at *6 n.4 (N.D. Cal. Mar. 2, 2015) (distinguishing *Bayol* because unlike with the CLRA, "[t]he California legislature has not declared that the protections of [California Business and Professions Code § 16600] are not waiveable"); *East Bay Women's Health, Inc. v. gloStream, Inc.*, No. 14-00712 WHA, 2014 WL 1618382 (N.D. Cal. Apr. 21, 2014) (granting motion to transfer venue and distinguishing *Doe 1* and *Mendoza*, expressly noting that "[h]ere, plaintiffs are not pursuing a class action under the CLRA."); *Madanat v. First Data Corp.*, No. 10-04100 SI, 2011 WL 208062, at *4 (N.D. Cal. Jan. 21, 2011) (declining to apply *Doe 1* because, among other things, the UCL, unlike the CLRA, does not contain an anti-waiver provision); *Besag v. Custom Decorators, Inc.*, No. 08-05463 JSW, 2009 WL 330934, at *1, *4 (N.D. Cal. Feb. 10, 2009) (granting motion to transfer venue where plaintiff asserted claims under the California Labor Code and the UCL). The one case supporting Amazon's position—*Gamayo v. Match.com LLC*, Nos. 11-00762 SBA, 11-1076 SBA, 11-1206

1  *Bayol*, 2014 WL 4793935 at *3 (citing *Doe 1*, 552 F.3d at 1084)).  Unlike the plaintiffs in *Bayol*,
2  however, Plaintiffs here have made no showing that "that a federal court in [Washington] would
3  likely not enforce these unwaivable rights."  *See Bayol*, 2014 WL 4793935, at *3-*4.  Plaintiffs
4  suggest that the Court allocate that burden to Amazon, citing *Mendoza* for the proposition that "if
5  a strong public policy is established, ***the burden of proof shifts*** from the persons challenging the
6  venue clause to those seeking to enforce it."  *See* ECF 24 at 8 (emphasis in original).  But that
7  position is at odds with the federal authority that binds this Court.  *See Doe 1*, 552 F.3d at 1083
8  ("[T]he party seeking to avoid a forum selection clause bears a "heavy burden" to establish a
9  ground upon which we will conclude the clause is unenforceable[.]") (citing *Bremen*, 407 U.S. at
10 17); *Perry v. AT & T Mobility LLC*, No. C 11-01488 SI, 2011 WL 4080625, at *7 (N.D. Cal. Sept.
11 12, 2011) (denying motion to transfer where the plaintiff met the heavy burden of proving that the
12 enforcement of the forum selection clause would contravene California public policy).  *But see*
13 *Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1038 (N.D. Cal. 2010) (applying *AOL* in
14 shifting burden of proving enforceability to defendant without addressing *Doe 1*).

15  Plaintiffs fail to meet this burden, which is rightly theirs.  Plaintiffs merely assert, without
16 authority, that "[i]nsofar as this Court were to transfer the litigation to Washington by upholding
17 the [conditions of use], a Washington court *would almost certainly* follow its lead and also enforce
18 the [conditions of use] by applying Washington law."  *Id.* at 10 (emphasis added).  This assertion
19 is insufficient to convince the Court that the transferee court will not uphold Plaintiffs' non-
20 waiveable CLRA rights.[5]  *See Bayol*, 2014 WL 4793935, at *4 ("Considering the First Circuit law
21 identified by Plaintiffs, the Court concludes that the District of Massachusetts would be unlikely to

---

SBA, 2011 WL 3739542 (N.D. Cal. Aug. 24, 2011)—is distinguishable for a different reason.  There, the Court noted the transferee state's deceptive trade practice's act as a counterpart to the CLRA.  *Id.* at *6 n.5.  Here, Amazon has not pointed to a comparable statute.  Nor have Plaintiffs shown that resorting to one is necessary because the transferee court will not apply California law.

[5] For this reason, the Court need not reach Plaintiffs' additional arguments, *see* ECF 24 at 9-15, about how the "[a]pplication of Washington law to Plaintiffs' claims . . . would lead to a profound depreciation of rights and remedies afforded Plaintiffs under California laws" other than the CLRA.

apply California state law, including the unwaivable provisions of the CLRA."). In light of this, the Court finds that the Plaintiffs have failed to demonstrate any exceptional circumstance that would justify not enforcing the forum selection clause.

2. Application of the Forum Selection Clause to Transactions that Pre-Date May 3, 2021

A final point in dispute is whether the forum selection clause can apply to transactions that predate its May 3, 2021 effective date. *See* ECF 24 at 15-17; ECF 30 at 9-11. Plaintiffs purchased some of the challenged products on June 14, 2019, June 9, 2020, and November 2020. *See* ECF 17-2 ¶ 3.

On this issue, Plaintiffs argue that Amazon has "failed to specify what 'notice' of the [conditions of use] was provided to Plaintiffs at the time of each purchase." ECF 24 at 15. They also fault Amazon for failing "to cite a single authority wherein a replacement choice of law or venue provision was successfully applied to California CLRA claims retroactively[.]" *Id.* Plaintiffs assert that they "cannot even evaluate, let alone defend against, application of such a clause without knowing what its notice contents and/or format were." *Id.* at 16.

Amazon counters that the notice Plaintiffs received when making those purchases[6] "is irrelevant since the exclusive venue clause . . . did not go into effect until May 3, 2021," and the clause applies retroactively. ECF 30 at 9-10. Amazon notes that Plaintiffs do not argue that they "did not receive reasonable notice of and assent[ed] to the exclusive venue clause"[7] or that the disputes they raise in this lawsuit are outside the scope of the clause. *See* ECF 30 at 9. Amazon contends that the sole relevant issue is thus whether the forum selection clause, as implemented on May 3, 2021, can apply to product purchases Plaintiffs made prior to that date. *Id.*

---

[6] Though Amazon does not provide a copy of the conditions of use in effect at the time of the three purchases relevant here, the declaration of one of its paralegals states that the conditions of use pre-dating May 3, 2021 required mandatory arbitration. *See* ECF 17-2 ¶ 9.

[7] Plaintiffs do, however, appear to dispute the manner in which notice was provided. Plaintiffs challenge Amazon's proffer that a user must acknowledge the conditions of use every time they sign into their account when that user stays automatically logged-in by default, though they do not contest whether they would otherwise have notice of the conditions of use when placing an order or that they had notice of the conditions of use when they created their Amazon accounts. *See* ECF 24 at 16-17; ECF 24-1 ¶ 3.

10

1    Here, it is undisputed that since May 31, 2021, Plaintiff Medal placed 237 orders and
2 Plaintiff Li placed 170 orders. ECF 17-2 ¶ 14. It is also undisputed that each time, Plaintiffs
3 would have clicked the mandatory "Place your order" button, which is accompanied by text
4 stating "By placing your order, you agree to Amazon's privacy notice and conditions of use." *Id.*
5 ¶ 15; ECF 17-8. The "[p]rivacy notice" and "conditions of use" then appear in blue, hyperlinked
6 text. ECF 17-8. "Courts have repeatedly held that Amazon's layout of its checkout page provides
7 constructive notice to its users of the [conditions of use]." *See Greenberg v. Amazon.com, Inc.*,
8 No. 20-CV-02782-JSW, 2021 WL 7448530, at *5 (N.D. Cal. May 7, 2021) (finding that the
9 plaintiffs received constructive notice of Amazon's revised conditions of use, including the
10 arbitration provision contained there, when making purchases).
11   On this basis, the Court finds that it is appropriate to enforce the forum selection clause
12 against Plaintiffs. Plaintiffs have cited no authority that would require the Court not to enforce the
13 clause because a prior version of Amazon's conditions of use may have compelled them to
14 arbitration instead of litigation in Washington courts. *See* ECF 24 at 15-17. Plaintiffs also do not
15 dispute that that they had notice of the conditions of use from May 3, 2021 on. *See id.* Nor do
16 they dispute that they made hundreds of purchases governed by those terms. *See id.* The Court
17 thus need not reach the issue of whether those terms applied to three purchases made prior to May
18 3, 2021. *See Greenberg*, 2021 WL 7448530, at *5 n.5 ("In light of the Court's ruling, the Court
19 need not determine whether Plaintiffs received reasonable notice and assented to Amazon's
20 revised [conditions of use] for their remaining purchases."); *Ekin v. Amazon Servs., LLC*, 84 F.
21 Supp. 3d 1172, 1178 (W.D. Wash. 2014) (applying post-August 2011 arbitration agreement to
22 transactions occurring prior to August 2011 consistent with "prevailing law") (collecting cases).
23 //
24 //
25 //
26 //
27 //
28 //

## IV. CONCLUSION

For the reasons set forth above, Amazon's motion to transfer is granted. This case is hereby transferred to the United States District Court for Western District of Washington.

**IT IS SO ORDERED.**

Dated: December 18, 2023

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**