UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC LI, ANITA MEDAI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | No. 2:23-cv-01975-JHC<br><br>JOINT STATUS REPORT |

1. **Plaintiffs' Position.** This is an action under the various California consumer protection laws alleging that Defendant Amazon.com Services, LLC ("Amazon") advertises numerous products that purport to be lawful dietary supplements having therapeutic properties, without providing the labeling disclaimers required by the Federal Food, Drug and Cosmetics Act and California state law. Specifically, federal law, as incorporated into California law, requires that every dietary supplement, in order to be exempt from the arduous efficacy and safety pre-market approval process for drugs required by federal and state law, must bear a prominent disclaimer on each label bearing structure-function claims that reads:

> This statement has not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.

Absent requisite disclaimers, such products are not exempt from the laws governing drugs and must be approved before entering the market. If they are not approved by the FDA prior to entering

the marketplace—and the products at issue here are not—they constitute illegal unapproved drugs that may not be introduced into interstate commerce, sold, or purchased.

Plaintiff claims that requisite disclaimers were not prominently displayed on product panels making claims relating to the structure or function of the body. The Court has already addressed many of the issues raised in the Complaint in its decision issued on September 27, 2024 granting in part and denying in part the Motion to Dismiss. Therefore, Plaintiffs do not believe that the case creates complex legal issues. Plaintiffs believe the focus of the litigation will be on ascertaining the size of the class and the identity of its members.

**Defendant's Position.** Amazon operates the Amazon.com online store where Plaintiffs allegedly purchased dietary supplements for personal use. The product detail pages for the for dietary supplements available for purchase on Amazon.com bear the disclaimer referenced above. Amazon does not create nor control the labeling of the dietary supplements allegedly purchased by Plaintiffs. Among the matters at issues are Plaintiffs' and consumers' understanding of the nature of the dietary supplement products at issue; the appearance and frequency of appearance of the referenced disclaimer; the extent to which Plaintiffs or putative class members reviewed and relied on the disclaimers present on the labels; the extent to which this creates individualized issues among class members; and the extent to which Amazon can be held liable for the product labeling content created by third-parties.

2. The parties propose a deadline for the joining of additional parties of May 1, 2025.

3. The parties propose a deadline for the filing of the motion for class certification of July 1, 2025.  Responsive papers opposing the motion shall be filed by August 1, 2025.  Reply papers shall be filed by August 22, 2025.

4.  The parties do not consent to the assignment of this case to a full-time Magistrate Judge.

5.  A.  The parties have exchanged initial disclosures. **Plaintiffs' Position**. Defendant's January 17, 2025 disclosures are inadequate as they fail to identify any individual(s) or potential evidentiary source(s) relevant to the claims beyond the generic term "representatives of Amazon." **Defendant's Position.** Amazon's initial disclosures identify five individuals (including suppliers of the products at issue), and five categories of potentially relevant documents Amazon reserves the right to supplement its disclosures during the course of discovery pursuant to Rule 26(e).

B.  The parties propose that both merits and class discovery begin immediately upon the filing of this Report and that all fact discovery be completed by October 1, 2025.

C.  The parties will enter the Stipulation with regard to the continued treatment of electronically stored information and a stipulated protective order for the treatment of confidential information. Pursuant to Docket No. 33 ¶ 8, the parties have been and continue to be under an obligation to preserve all relevant information in their possession and adopt proper protocols to ensure that no destruction of relevant documents occurs.

D.  The parties will exchange timely privilege logs during the course of discovery.

E.  The parties do not propose any particular limitations on discovery beyond those set forth in the Rules of Civil Procedure, except that Plaintiffs' position is that they anticipate the need for serving additional interrogatories given Defendant's Initial Disclosures.

F.  The parties do not seek any specific discovery-related orders at this time.

6.  A.  The parties will endeavor to work in a cooperative manner in order to bring the case to a stage of trial readiness within the one-year timeframe expected by the Court.

B.  The parties anticipate that, at the appropriate stage, they will seek private mediation. The parties currently anticipate that the most appropriate time for such mediation will be at the close of fact discovery.

C.  There are no related cases.

  D. No limits on the number of depositions are proposed at this time. The parties may meet and confer as to depositions as informed by document discovery. The parties agree to utilize the expedited procedures for presenting discovery disputes as set forth in Local Civil Rule 37(a)(2).

  E. Plaintiff will seek discovery of the nature and extent of Amazon's webpages and banner advertisements related to the subject products; the names of the individuals who purchased the subject dietary supplements; the nature and extent of Amazon's marketing and other "control" practices under its FBA, Business Solutions Agreement, and Industry-Leading Safety and Compliance Program; the nature and extent of Amazon's control over the products themselves, sales transactions, and transportation generally, and products sales data; communications and documentation relating to Amazon's proprietary brand of dietary products and internal Amazon communications and documentation concerning related practices at issue here. Plaintiff intends to take the deposition of all Amazon individuals having knowledge of the practices relating to the above.

  Amazon anticipates discovery as to Plaintiffs' alleged dietary supplement purchases, their understanding of the nature of such products, the labeling of the products as created by third-parties, Plaintiffs' and consumers' understanding of or reliance on the labeling of such products including the language of the disclaimer at issue. Amazon anticipates it will also seek any relevant documents in the possession of the named Plaintiffs and will take the depositions of the named Plaintiffs, as well as discovery regarding the labeling of the disputed products from relevant suppliers.

  F. Plaintiff will make a motion for class certification by July 1, 2025, provided discovery proceeds properly. Either or both parties may move for summary judgment prior to or concurrent with the motion for class certification as informed by the progress of discovery in the matter.

  G. The parties do not anticipate any issues with regard to privilege. The parties will delineate the documents subject to privilege in appropriate privilege logs.

H.     The Parties will confer upon the service of discovery as to whether any modification of the Model Protocol for Discovery ESI is needed.

7.     The parties anticipate that fact discovery will be completed by October 1, 2025.

8.     The parties do not anticipate any bifurcation of issues at trial.

9.     The parties do not request that the requirements for Pretrial Statements and Pretrial Order be dispensed with.

10.    The parties do not intend to use the individual trial program set forth in Local Rule 39.2 and will seek mediation through private ADR.

11.    The parties have no particular suggestions for shortening or simplification of the case.

12.    The case should be ready for trial within one year of the entry of this report providing discovery proceeds reasonably and in good faith.

13.    The trial will be by jury.

14.    The parties anticipate the trial will last five days.

15.    The names, addresses and telephone numbers of all Trial Counsel are set forth below:

**Plaintiffs:** George Carpinello (gcarpinello@bsfllp.com), Boies Schiller Flexner LLP, 30 South Pearl Street, 12th Fl, Albany, NY 1220, ph. 518.434.0600.

**Defendant Amazon:** Charles C. Sipos (csipos@perkinscoie.com), Perkins Coie LLP, Suite 4800, Seattle, WA, 98101; ph. 206-359-3983.

16.    The parties do not anticipate any complications with regard to setting the trial date at this time.

17.    All parties have been served.

18.    The parties do not believe that a Pretrial Conference is necessary at this time.

19.    Amazon has filed its corporate disclosure statement as of April 23, 2023 (Dkt. No. 22).

Dated: __January 21, 2025__

By: __s/ Maia Kats__

Maia C. Kats (*pro hac vice*)
**JUST FOOD LAW, PLLC**
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: +1 202.243.7910
maiakats@justfoodlaw.com

George Caprinello (*pro hac vice*)
Adam Shaw (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
30 South Pearl Street, 12th Fl
Albany, NY 12207
Telephone: +1 518.434.0600
gcarpinello@bsfllp.com
ashaw@bsfllp.com

Todd Maybrown, Bar No. 18557
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Ste. 320
Seattle, WA 98101
Telephone: +1.206.447.9681

*Counsel for Plaintiffs and the Proposed Class*

Dated: __January 21, 2025__

By: __s/ Charles Sipos__

**PERKINS COIE LLP**
Charles C. Sipos, Bar No. 32825
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
CSipos@perkinscoie.com

Jasmine W. Wetherell, Bar No. 288835
Natalie K. Sanders, Bar No. 329916
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
JWetherell@perkinscoie.com
NSanders@perkinscoie.com

Julie L. Hussey, Bar No. 237711
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
JHussey@perkinscoie.com

*Counsel for Defendant Amazon.com Services, LLC*

JOINT STATUS REPORT
CASE NO.: 2:23-cv-01975-JHC