UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANITA MEDAL, ESTHER YOO, GAYLE HAYES, and ANTOINETEE STANIEWICZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | CASE NO. 2:23-cv-01975-JHC<br><br>ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR PROTECTIVE ORDER |

# I

## INTRODUCTION

This matter comes before the Court on the parties' Local Rule 37 Joint Submission Regarding Amazon Services LLC's Request for a Protective Order. Dkt. # 79. The Court has considered the joint submission, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS in part and DENIES in part the request.

//

//

//

ORDER GRANTING IN PART AND DENYING IN
PART REQUEST FOR PROTECTIVE ORDER - 1

## II

### BACKGROUND

Amazon operates an e-commerce marketplace and lists various products online for consumers to purchase, including dietary supplements. Dkt. # 77 at 2 ¶ 2. Plaintiffs allege that they purchased an array of dietary supplements on Amazon. *Id.* at 2–6 ¶¶ 5, 12, 19, 26. They contend that they viewed the structure function claims on the product labels on Amazon's site and believed that the supplements "harbored therapeutic value, and/or they and the marketing claims were reviewed and approved by the FDA." *Id.* at 3–7 ¶¶ 6, 13, 20, 27. Plaintiffs allege that Amazon "systematically omit[s] and/or promote[s] and sell[s]" dietary supplements in its online marketplace with structure function claims that "lack[] . . . mandatory disclaimers from [p]roduct labels." *Id.* at 16 ¶ 78. They say that the dietary supplements sold on Amazon "follow the identical labeling and advertising protocol – that is they systematically lack label and package requisite disclaimers despite lack of government review and approval with respect to their efficacy and safety." *Id.* at 20 ¶ 84.

In February 2025, Plaintiffs served discovery requests on Amazon seeking information related to, among other things, (1) unpurchased dietary supplements, (2) the health, safety, and efficacy of the supplements, and (3) Amazon's process for document storage and retention. *See generally* Dkt. # 79-1 (App'x A). The parties met and conferred on these discovery items and did not resolve their issues. *See* Dkt. # 79-2 at 5–9. Amazon now requests a protective order limiting the discovery Plaintiffs are seeking. *Id.* at 2.

# III

## DISCUSSION

A.   Legal Standards

Even if a discovery request seeks relevant, proportional information it may be restricted or prohibited if necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). A court may "forbid[ ] inquiry into certain matters, or limit[ ] the scope of disclosure or discovery to certain matters..." Fed. R. Civ. P. 26(c)(1)(D). The party seeking a protective order under Rule 26(c) must establish "'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). They bear the burden of "show[ing] discovery should not be allowed, and . . . of clarifying, explaining, and supporting [their] objections." *DNA Genotek Inc. v. Spectrum Sols. L.L.C.*, No. 21CV516-DMS-LL, 2021 WL 5908985, at *1 (S.D. Cal. Dec. 14, 2021) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

B.   Discovery Regarding Unpurchased Products

Amazon contends that Plaintiffs' request for discovery about unpurchased products violates Rule 26. Dkt. # 79 at 10. The company asserts that requiring it to produce documents about "products purporting to be dietary supplements" would impose an undue burden. *Id.* It says that about 1.6 million products fall into the dietary supplement category. *Id.* Amazon

explains that the burden of producing documents and information about millions of products would be enormous, and request that the Court limit discovery to the dietary supplements Plaintiffs identified in their Amended Complaint. *Id.* at 10–11.[1] The company also says that the 1.6 million number is underinclusive because Plaintiffs are requesting discovery about supplements listed for sale since 2019 and this figure covers only products currently offered for sale on Amazon. *Id.* at 10.

Plaintiffs respond that Amazon knows which products are implicated by the discovery requests—about 1.6. million products—because the company has an internal dietary supplement category. Dkt. # 79 at 19. They say that "[t]here is no categorizing, filtering, or any other classifying required of Amazon beyond what it has already done." *Id.* Plaintiffs also contend that they will undertake, after reviewing the documents that are within Amazon's sole control and possession, which products give rise to class claims. *Id.*

Amazon's Senior Manager on the World Wide Product and Food Safety Team stated that "to determine an approximate number of dietary supplements that are available on the website, a member of [their] team ran a classification over the catalog on March 13, 2025. The classification returned an estimate of 1,658,971 unique ASINs in the US market that fall in the dietary supplement category." Dkt. # 79-3 at 2. In response to Amazon's arguments, Plaintiffs underscore that they are requesting information related "*to these already identified [p]roducts.*" Dkt. # 79 at 19 (emphasis added). Thus, Plaintiffs are not seeking information as to data that is not already within Amazon's possession and control. And Amazon has not shown that the requested discovery is disproportionate to the claims and damages at issue. The company has

---

[1] Amazon also makes several standing-related arguments. Dkt. # 79 at 7–10. The Court resolved these issues in its order resolving Amazon's Rule 12(b)(1) motion to dismiss. *See* Dkt. # 90. As the Court determined, Plaintiffs have standing to assert claims as to the unpurchased dietary supplements. *Id.*

ORDER GRANTING IN PART AND DENYING IN
PART REQUEST FOR PROTECTIVE ORDER - 4

not provided any information about how long it would take or how much it would cost to download and collect the data on the already-identified products. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997) ("[J]ust because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome."); *Raya v. Barka*, No. 3:19-CV-2295-WQH-AHG, 2022 WL 686460, at *7 (S.D. Cal. Mar. 8, 2022) ("Though [the] [d]efendant include[d] allegations regarding burden in its portion of the motion, the information [was] not specific enough to persuade the Court. For example, [the] [d]efendant d[id] not sufficiently explain how many pages of documents there [were], how long redactions would take, or how costly it would be."); *see also Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003) (determining that the defendant's "mere conclusory statement that it would cost tens or hundreds of thousands of dollars to complete this task does not satisfy [the] [d]efendant's burden to make 'a particular and specific demonstration of fact' in support of its request for protective order.") (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). Thus, the Court cannot conclude that Plaintiffs' discovery requests place an undue burden on Amazon.

C.      Discovery Regarding Product Safety

Amazon contends that Plaintiffs are not entitled to discovery about product safety because their claims are limited to economic harm. Dkt. # 79 at 11. The company says that this discovery should not be allowed because this case is about product labeling and nothing more. *Id.* In response to Plaintiffs' argument that the safety-related discovery is relevant to the issue of punitive damages, Amazon says that Plaintiffs' purported contention that they would purchase the dietary supplements again if they were properly labeled undercuts this argument. *Id.* at 25 (citation omitted).

Plaintiffs counter that Amazon has placed at issue consumer expectation and product safety because Amazon advertises its "Industry-Leading Safety and Compliance Program" and "deriv[es] significant good will from that Program and Amazon's reputation with respect to safety and legality." Dkt. # 79 at 20.  They say that Amazon's knowledge about the safety, efficacy, and compliance of the dietary supplements is relevant for purposes of punitive damages.  *Id.*  They contend that if Amazon knew if any supplements were ineffective or dangerous and were being sold without disclaimers, the company could be subject to punitive damages.  *Id.*

In the Amended Complaint, Plaintiffs allege that if they "knew that Amazon's marketing and sale was lawful, truthful and non-misleading in the future, [they] would purchase dietary supplements from it. At present, however, [they] will not purchase dietary supplements because [they] cannot be confident that the marketing and sale of the [dietary supplements] [are], or will be, legal, and truthful and non-misleading." Dkt. # 77 at 3–4, 6–7 ¶¶ 10, 17 24, 31.  Plaintiffs also request that the Court award punitive damages.  *Id.* at 39.  Amazon only cursorily asserts that Plaintiffs' contention that they would purchase dietary supplements from Amazon in the future if the company's "marketing and sale was lawful, truthful and non-misleading" somehow prevents Plaintiffs from seeking discovery to support their claim for punitive damages.  Although Amazon appears to construe this allegation to mean that Plaintiffs would buy the supplements again if the products were simply "relabeled," the Court reads it as saying that Plaintiffs currently lack confidence in the marketing and sale of supplements on Amazon, but would purchase supplements from Amazon in the future if they knew the marketing was not misleading.  And this allegation does not relate to Amazon's knowledge of the effectiveness or safety of the dietary supplements being sold in the marketplace.  *See, e.g.*, Cal. Civ. Code § 3294(a) ("In an action for the breach of an obligation not arising from contract, where it is

ORDER GRANTING IN PART AND DENYING IN
PART REQUEST FOR PROTECTIVE ORDER - 6

proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."); *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020).  Thus, the company has not shown good cause that the discovery should not be allowed.  *Soler v. Cnty. of San Diego*, No. 14CV2470-MMA (RBB), 2016 WL 11621299, at *7 (S.D. Cal. July 18, 2016) ("Unsupported assertions that discovery requests are overbroad, burdensome, or disproportionate are insufficient.").

D.      Documents Regarding Document Storage & Retention

Amazon contends that Plaintiffs are improperly seeking "discovery into discovery."  Dkt. # 79 at 12.  It says that courts allow such discovery when there is some indication that a party's discovery is insufficient or otherwise deficient.  *Id.* (citations omitted).  The company also argues that the party requesting this type of discovery bears the burden of producing evidence of a material failure of the producing party's discovery obligations.  *Id.* (citation omitted).

Plaintiffs counter that Amazon's lack of cooperation during the discovery process thus far shows why Plaintiffs are entitled to information about the company's document storage and retention policies.  Dkt. # 79 at 22.  They say that Amazon has refused to timely proffer its initial disclosures and refused to provide nearly all the discovery they have requested.  *Id.*  Plaintiffs contend that they should be allowed to determine "the universe of responsive documents and craft[ ] targeted discovery requests to efficiently obtain information."  *Id.* at 21.  Plaintiffs request information related to, among other things, "all persons having knowledge of Amazon's Document Retention Policies" and "whether Amazon has destroyed or disposed of any Documents or records Relating to any of the allegations in Plaintiffs' complaint filed in this action."  Dkt. # 79-1 at 7, 19.

"District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Courts in this Circuit have found that information related to document retention policies may be relevant under Rule 26. *See, e.g.*, *McMorrow v. Mondelez Int'l, Inc.*, No. 17CV02327BASJLB, 2019 WL 3852498, at *3 (S.D. Cal. Apr. 19, 2019); *Cholakyan v. Mercedes-Benz USA, LLC*, No. CV 10-5944 MMM (JC), 2011 WL 7575379, at *15 (C.D. Cal. Dec. 20, 2011); *DNA Genotek Inc.*, 2021 WL 5908985, at *5. District courts that have decided that document retention policies may be relevant have taken different approaches in determining when it is appropriate to order production of the documents. "On one end of the spectrum, some courts permit discovery of document retention policies without any preliminary showing by the moving party of spoliation or discovery misconduct." *In re Takata Airbag Prods. Liab. Litig.*, No. 15-02599-MD-MORENO, 2017 WL 8812734, at *3 (S.D. Fla. July 5, 2017), *report and recommendation adopted*, No. 14-24009-CV, 2018 WL 1859338 (S.D. Fla. Feb. 6, 2018) (citing *Sharma v. BMW of N. Am., LLC*, No. 13-cv-02274-MMC (KAW), 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016); *Burd v. Ford Motor Co.*, No. 3:13–cv–20976, 2015 WL 4137915, at *9 (S.D. W. Va. July 8, 2015)). "On the opposite end of the spectrum, some courts refuse to allow discovery of document retention policies unless the movant first establishes that spoliation is a legitimate issue in the case." *Id.* (citing *Cableview Comm'n of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, No. 3:13-cv-306-J-34JRK, 2015 WL 12838175, at *6 (M.D. Fla. May 4, 2015); *In re Jemsek Clinic, P.A.*, No. 06-31766, 2013 WL 3994666, at *9 (Bankr. W.D.N.C. Aug. 2, 2013); *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 364 (N.D. Tex. 2013); *In re Agent Orange Prod. Liab. Litig.*, 98 F.R.D. at 559 (E.D.N.Y. 1983)). "In the middle of the spectrum, some courts permit discovery of document retention policies without a showing of spoliation or discovery misconduct, but only in circumstances where the non-moving party has claimed that requested

discovery documents are unavailable, or when there are indicia that the discovery process was not thorough, reliable, or transparent." *Id.* (citing *Montgomery v. Wal-Mart Stores, Inc.*, No. 12CV3057-JLS (DHB), 2015 WL 11233390, at *2 (S.D. Cal. Sept. 4, 2015); *Bakhtiari Corp. v. Reg. Tapes Unlimited Inc.*, No. 12-5183 LHK PSG, 2013 WL 2253182, at *3 (N.D. Cal. May 22, 2013); *Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 WL 4137915, at *9 (S.D.W. Va. July 8, 2015)). The Court follows the middle path, which has been taken by other courts in this Circuit.

At this stage, Plaintiffs have not established that discovery into Amazon's document storage and retention is relevant. Plaintiffs do not allege that Amazon has claimed that requested documents are unavailable. And Plaintiffs do not claim that spoliation is an issue, or that Amazon destroyed responsive documents in accordance with a document retention policy. Nor is there any indicia that the discovery process thus far has not been thorough, reliable, or transparent.

Furthermore, the cases Plaintiffs cite are distinguishable. For example, in *Sharma v. BMW of North America LLC*, the court, in granting the plaintiffs' request for documents related to the defendant's document retention policies, at the close of discovery, noted that, due to concerns regarding spoliation, the plaintiffs requested documents related to the company's current document retention policies and its policies in 2008 and 2013 "to determine whether any spoliation has occurred, whether any relevant documents and information have been withheld or otherwise lost, as well as what information is available to support their claims regarding the alleged defects in the class vehicles." 2016 WL 1019668, at *2. In *Hawkins v. Kroger Company*, the court reasoned that "[w]hile there [were] no allegations of spoliation or responsive documents destroyed in accordance with a document retention policy, [the] [d]efendant ha[d] produced few responsive documents and indicated that it d[id] not have certain types of

documents." No. 15CV2320-JM(BLM), 2019 WL 4416132, at *12 (S.D. Cal. Sept. 16, 2019). And in *McMorrow v. Mondelez International, Inc.*, the court granted the plaintiffs' request for discovery related to the defendant's document retention policies because the plaintiffs showed that documents were "missing" from the defendant's "purportedly complete production." No. 17CV02327BASJLB, 2019 WL 3852498, at *2 (S.D. Cal. Apr. 19, 2019). Here, unlike in the above motioned cases, the parties are in the initial phases of discovery and Plaintiffs have not alleged that Amazon engaged in spoliation or otherwise wrongfully withheld or lost documents. And Plaintiffs are broadly seeking Amazon's document retention policies for the past ten years (from 2015 to present). *See* Dkt. # 79-1 at 19.

Thus, the Court grants the request as to discovery about Amazon's document storage and retention.

## IV
### Conclusion

Based on the above, the Court GRANTS in part and DENIES in part Amazon's request for a protective order as follows:

- The request is DENIED as to discovery regarding unpurchased products;
- The request is DENIED as to discovery regarding product safety; and
- The request is GRANTED as to discovery concerning Amazon's document storage and retention.

Dated this 11th day of June, 2025.

John H. Chun
United States District Judge