UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANITA MEDAL, ESTHER YOO, GAYLE HAYES, and ANTOINETEE STANIEWICZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | CASE NO. 2:23-cv-01975-JHC<br><br>ORDER RE: PARTIES' LOCAL RULE 37 JOINT SUBMISSION |

# I

## INTRODUCTION

This matter comes before the Court on the parties' Local Rule 37 Joint Submission for an Order to Compel Production. Dkt. # 95. The Court has considered the joint submission, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS in part and DENIES in part the Plaintiffs' motion.

ORDER RE: PARTIES' LOCAL RULE 37 JOINT SUBMISSION - 1

## II
### BACKGROUND

Amazon operates an e-commerce marketplace and lists various products online for consumers to purchase, including dietary supplements. Dkt. # 77 at 2 ¶ 2. Plaintiffs allege that they purchased an array of dietary supplements on Amazon. *Id.* at 2–6 ¶¶ 5, 12, 19, 26. They contend that they viewed the structure/function claims on the product labels on Amazon's site and believed that the supplements "harbored therapeutic value, and/or they and the marketing claims were reviewed and approved by the FDA." *Id.* at 3–7 ¶¶ 6, 13, 20, 27. Plaintiffs allege that Amazon "systematically omit[s] and/or promote[s] and sell[s]" dietary supplements in its online marketplace with structure/function claims that "lack[] . . . mandatory disclaimers from [p]roduct labels." *Id.* at 16 ¶ 78. They say that dietary supplements sold on Amazon "follow the identical labeling and advertising protocol – that is they systematically lack label and package requisite disclaimers despite lack of government review and approval with respect to their efficacy and safety." *Id.* at 20 ¶ 84.

In February 2025, Plaintiffs served discovery requests on Amazon seeking information related to, among other things, (1) unpurchased dietary supplements, (2) the health, safety, and efficacy of the supplements, (3) Amazon's process for document storage and retention, and (4) identification of putative class members. *See generally* Dkt. # 79-1 (App'x A). The parties met and conferred and did not resolve their issues. *See* Dkt. # 79-2 at 5–9. Amazon requested a protective order regarding the first three topics listed above. *Id.* at 2. On June 11, 2025, the Court granted in part and denied in part Amazon's request. Dkt. # 93.

On April 11, 2025, the parties filed a Local Rule 37 Joint Submission regarding Disputes as to Rule 26(a)(1)(A)(i) Disclosures and Plaintiffs' Requests for Production, Interrogatories, and Rule 30(b)(6) Topics. Dkt. # 78. On June 16, 2025, in light of the Court's ruling on Amazon's

ORDER RE: PARTIES' LOCAL RULE 37 JOINT
SUBMISSION - 2

request for a protective order, the Court directed the parties to meet and confer and file a joint submission addressing the remaining discovery disputes. Dkt. ## 94, 95. The parties did so.

## III

### DISCUSSION

A.    Disputes Concerning Plaintiffs' Second Set of Requests for Production and Second Set of Interrogatories

In the Joint Submission, Plaintiffs raise issues concerning Requests for Production Nos. 24–28 and Interrogatory No. 20. Dkt. # 95 at 35–39, 62. Amazon says that the parties have not conferred about these discovery requests and asks the Court to deny the motion to allow the parties time to discuss their issues. *See id.* at 10, 35. Plaintiffs do not dispute that the parties have not yet conferred about these issues; instead, they say that the Court's June 11, 2025 Order concerning Amazon's request for a protective order resolves these issues. *Id.* at 2.

The Local Rules' meet-and-confer requirement is not a "formalistic prerequisite" for judicial resolution. *See Navarrete v. City of Kent*, No. 2:22-CV-01431, 2023 WL 11921325, at *1 (W.D. Wash. Dec. 7, 2023) (quoting *Selim v. Fivos, Inc.*, No. C22-1227-JCC, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023)); *see also* LCR 1(c)(6) (defining meet and confer as "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement"). As another court in this district noted, "[e]ven if the parties can't reach a compromise, satisfying the meet and confer requirement will narrow and crystallize what is in dispute and ultimately presented to the Court for resolution." *See Navarrete*, 2023 WL 11921325, at *2. Thus, the Court denies without prejudice Plaintiffs' motion as to these discovery requests.

ORDER RE: PARTIES' LOCAL RULE 37 JOINT
SUBMISSION - 3

B.      Discovery Concerning Putative Class Members

Plaintiffs contend that they are entitled to discovery about potential class members. Dkt. ## 78, 95. They assert that such discovery is relevant to the class certification requirements of numerosity, predominance, commonality, and typicality. Dkt. # 78 at 2, 17. They also contend that this information is relevant to show materiality of the misrepresentation at issue and, more generally, Amazon's advertising, labeling, and marketing practices. *Id.* at 17–18. They say that Amazon's burden is minimal because the company only needs to provide to Plaintiffs the data it already has in its possession. *Id.* at 18.

Amazon responds that the information is sensitive, private and irrelevant to class certification. *Id.* at 13. The company also says that compliance with Plaintiffs' request would be unduly burdensome—i.e., filtering through billions of rows of transactional data. *Id.*

Precertification discovery falls within a court's discretion. *See* Fed. R. Civ. P. 23. As other courts in this Circuit, including in this District, have noted, "The Supreme Court has recognized the importance of permitting class counsel to communicate with potential class members for the purpose of gathering information, even prior to class certification." *Guzman v. Chipotle Mexican Grill, Inc.*, Case No. 17-cv-02606-HSG (KAW), 2018 WL 6092730, at *2 (N.D. Cal. Nov. 21, 2018) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981)); *Pizana v. Sanmedica Int'l, LLC*, No. 1:18-CV-00644-DAD-SKO, 2020 WL 6075846, at *4 (E.D. Cal. Oct. 15, 2020) (same). The Ninth Circuit has observed that "the better and more advisable practice" for district courts on precertification discovery is "to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citations omitted). For these reasons,

courts routinely allow discovery into the contact information of putative class members. *See Pizana*, 2020 WL 6075846, at *4; *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context."); *Mendis v. Schneider Nat'l Carriers Inc.*, No. C15-0144 JCC, 2016 WL 11261497, at *2 (W.D. Wash. May 11, 2016) (same).

The Court agrees with Plaintiffs that the discovery they seek is relevant to developing evidence in support of their class certification motion. *See Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) ("[I]t seems to the Court that contact with [class members] could well be useful for [the] plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23.")

The parties' dispute the burden involved in Amazon's providing Plaintiffs with the information about putative class members. But Amazon has not provided the Court with any information about how long it would take to or how much it would cost to download and collect the customer information that Amazon possesses. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997) ("[J]ust because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome."); *Raya v. Barka*, No. 3:19-CV-2295-WQH-AHG, 2022 WL 686460, at *7 (S.D. Cal. Mar. 8, 2022) ("Though [the] [d]efendant include[d] allegations regarding burden in its portion of the motion, the information [was] not specific enough to persuade the Court. For example, [the] [d]efendant d[id] not sufficiently explain how many pages of documents there [were], how long redactions would take, or how costly it would be."); *see also Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003) (determining that the defendant's "mere conclusory statement that it would cost tens or hundreds of thousands of dollars to complete this task does not satisfy [the]

ORDER RE: PARTIES' LOCAL RULE 37 JOINT
SUBMISSION - 5

[d]efendant's burden to make 'a particular and specific demonstration of fact' in support of its request for protective order.") (quoting *Gulf Oil Co.*, 452 U.S. at 102 n.16).

And, as to Amazon's privacy-related arguments, a protective order can protect the privacy rights of putative class members. *See Pizana,* 2020 WL 6075846, at *5 (in a class-action lawsuit challenging the advertising and efficacy of a purported Human Growth Hormone supplement, the court permitted pre-certification discovery into the identification of putative class members because "any privacy concerns implicated in producing putative class contact information, including telephone numbers and email addresses, are adequately addressed by the parties' stipulated protective order"); *Salgado v. O'Lakes*, No. 1:13-CV-0798-LJO-SMS, 2014 WL 7272784, at *11 (E.D. Cal. Dec. 18, 2014) (noting that "[n]umerous courts in this circuit have . . . allowed precertification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members") (quotation and citation omitted); *Bottom v. Sallie Mae, Inc.*, No. 10–03602 LB, 2012 WL 8304347 (N.D. Cal. June 1, 2012) (recognizing that "ordinarily, protective orders are enough," absent "special privacy concerns"); *Putnam*, 508 F. Supp. 2d at 814 ("[A] protective order can strike the appropriate balance between the need for the information and the privacy concerns.").

Thus, the Court grants this part of the motion, subject to an appropriate protective order.

C.      Remaining Discovery Requests

As to Plaintiffs' discovery requests concerning document storage and retention, they have withdrawn their requests without waiving their right to request such information later in the discovery process. Dkt. # 95 at 2 n.1. As to Plaintiffs' discovery requests concerning unpurchased dietary supplements and product safety, Amazon has represented that it intends to comply with the Court's June 11th Order and will provide Plaintiffs with amended, supplemental

ORDER RE: PARTIES' LOCAL RULE 37 JOINT
SUBMISSION - 6

discovery responses. *Id.* at 6–7.[1] Given that the parties are in accord and there is no live controversy as to these issues, the Court denies the motion as moot as to these discovery requests.

## IV
### CONCLUSION

Based on the above, the Court GRANTS in part and DENIES in part Plaintiffs' motion as follows:

- The motion is DENIED as moot as to the discovery requests outlined in the parties' Joint Submission, Dkt. # 95 at 12, concerning unpurchased products.

- The motion is DENIED as moot as to the discovery requests outlined in the parties' Joint Submission, Dkt. # 95 at 13, concerning safety and efficacy.

- The motion is DENIED as moot as to the discovery requests outlined in the parties' Joint Submission, Dkt. # 95 at 13, concerning Amazon's document storage and retention.

- The motion is DENIED without prejudice as to Requests for Production Nos. 24, 25, 26, 27, 28 and Interrogatory No. 20.

- The motion is GRANTED as to the discovery requests related to information concerning putative class members (Requests for Production Nos. 3, 10 and Interrogatory No. 1), subject to an appropriate protective order.

---

[1] In the Joint Submission, and in response to many of Plaintiffs' discovery requests, Amazon says that it intends to preserve "its ability to present further argument and evidence on burden as discovery progresses." *See generally* Dkt. # 92. Although Plaintiffs say that the Court did not grant Amazon leave to present new arguments, Amazon may preserve its objection.

Dated this 2nd day of July, 2025.

*John H. Chun*
John H. Chun
United States District Judge