THE HONORABLE JUDGE JOHN H. CHUN

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   ANITA MEDAL, ESTHER YOO, GAYLE
     HAYES, and ANTOINETTE STANIEWICZ,
10   individually, and on behalf of all others
     similarly situated,

11                                                        No. 2:23-cv-01975-JHC

12                    Plaintiffs,                         **DEFENDANT'S OPPOSITION TO
                                                          PLAINTIFFS' MOTION FOR
13          v.                                            SPOLIATION SANCTIONS**

14   AMAZON.COM SERVICES, LLC,                            *ORAL ARGUMENT REQUESTED*

15                    Defendant.

16

17

18

19

20

21

22

23

24

25

26

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - i

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-5123

THE HONORABLE JUDGE JOHN H. CHUN

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.    FACTUAL BACKGROUND ........................................................................................... 2

    A.    Amazon's Preservation of Underlying PDP Data and Layouts ............................ 2

    B.    Amazon Does Not Maintain PDPs in Plaintiffs' Preferred Format ...................... 3

    C.    Amazon's PDP Data Can Be Used to Render PDP Layouts ................................. 4

    D.    The Parties' Meet-and-Confer Process ................................................................. 5

    E.    Plaintiffs' Motion for Spoliation Sanctions ......................................................... 7

III.   LEGAL STANDARD ..................................................................................................... 9

IV.   ARGUMENT .................................................................................................................. 10

    A.    Amazon Did Not Spoliate Evidence .................................................................. 10

        1.    Amazon Complied with Its Duty to Preserve Relevant ESI as It Is
            Kept in the Ordinary Course .................................................................. 10

        2.    Amazon Does Not Have a Duty to Create Evidence for Plaintiffs in
            Their Preferred Format ........................................................................... 11

    B.    Plaintiffs' Request for Sanctions Is Baseless ..................................................... 12

        1.    Plaintiffs Have Not Been Prejudiced ..................................................... 13

        2.    Amazon Has Not Deprived Plaintiffs of Any Information's Use ........... 15

    C.    Plaintiffs' Motion Is Premature and Improper ................................................... 16

V.    CONCLUSION ............................................................................................................... 16

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-5123

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agne* v. *Papa John's Int'l, Inc.*,
2012 WL 12882905 (W.D. Wash. Sept. 12, 2012)............................................................. 16

*Anheuser-Busch, Inc.* v. *Nat. Beverage Distribs.*,
69 F.3d 337 (9th Cir. 1995).............................................................................................. 13

*Apple Incorporated* v. *Samsung Electronics Company, Limited*,
881 F. Supp. 2d 1132 (N.D. Cal. 2012)............................................................................ 15

*Bashkin* v. *San Diego Cnty.*,
2011 WL 1486313 (S.D. Cal. Apr. 19, 2011).................................................................... 14

*Bogutz* v. *Arizona*,
2009 WL 10707075 (D. Ariz. Apr. 15, 2009)........................................................ 9, 11, 13

*Bungie, Inc.* v. *AimJunkies.com*,
2023 WL 7184427 (W.D. Wash. Nov. 1, 2023)................................................................ 15

*Dig. Mentor, Inc.* v. *Ovivo USA, LLC*,
2020 WL 550746 (W.D. Wash. Feb. 4, 2020) .................................................................. 16

*Fast* v. *GoDaddy.com LLC*,
340 F.R.D. 326 (D. Ariz. 2022)............................................................................ 13, 15, 16

*Garcia* v. *Vitus Energy, LLC*,
600 F. Supp. 3d 975 (D. Alaska 2022).............................................................................. 12

*Ghorbanian* v. *Guardian Life Ins. Co. of Am.*,
2017 WL 1543140 (W.D. Wash. Apr. 28, 2017) .............................................................. 12

*Gilbert* v. *Fernald*,
2022 WL 16860279 (C.D. Cal. Sept. 1, 2022)................................................................... 11

*Hahn* v. *Massage Envy Franchising, LLC*,
2014 WL 12899290 (S.D. Cal. July 24, 2014)............................................................ 11, 12

*Hunters Cap., LLC* v. *City of Seattle*,
2023 WL 184208 (W.D. Wash. Jan. 13, 2023).................................................................. 15

*Kakowski* v. *Allison*,
2022 WL 17652776 (S.D. Cal. Dec. 13, 2022) .................................................................. 9

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

*Kearney* v. *Foley & Lardner, LLP*,
  590 F.3d 638 (9th Cir. 2009) ................................................................. 9, 11

*Knickerbocker* v. *Corinthian Colleges*,
  298 F.R.D. 670 (W.D. Wash. 2014) ............................................................ 15

*Leon* v. *IDX Sys. Corp.*,
  464 F.3d 951 (9th Cir. 2006) .................................................................. 13

*Lieberman* v. *Unum Grp.*,
  2021 WL 8154889 (C.D. Cal. Oct. 14, 2021) .................................................. 16

*Oppenheimer Fund, Inc.* v. *Sanders*,
  437 U.S. 340 (1978) ........................................................................... 14

*Reinsdorf* v. *Skechers U.S.A., Inc.*,
  296 F.R.D. 604 (C. D. Cal. 2013) ............................................................. 13

*Shackelford* v. *W. Coast Freightline, LLC*,
  2021 WL 3886836 (W.D. Wash. Aug. 31, 2021) ............................................. 9, 14

*Sudre* v. *The Port of Seattle*,
  2016 WL 7035062 (W.D. Wash. Dec. 2, 2016) .................................................. 9

*Van Wijk* v. *W. Nat'l Assurance Co.*,
  No. 2:11-cv-00166-MJP (W.D. Wash. Oct. 7, 2011), Dkt. No. 32 ............................... 10

*Zubulake* v. *UBS Warburg LLC*,
  220 F.R.D. 212 (S.D.N.Y. 2003) .............................................................. 16

**Other Authorities**

Cal. State Bar Standing Comm. on Prof'l Resp. & Conduct, Formal Op. No.
  2015-193 (June 30, 2015) ..................................................................... 14

Fed. R. Civ. P. 34 ........................................................................ 11, 12

Fed. R. Civ. P. 34(b)(2)(e) ................................................................. 9, 11

Fed. R. Civ. P. 34(b)(2)(3) ................................................................... 10

Fed. R. Civ. P 37(e) ................................................................. 9, 10, 12, 16

Fed. R. Civ. P 37(e)(1) .................................................................. 10, 13

Fed. R. Civ. P. 37(e)(2) ................................................................... 3, 15

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - iv

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

The Sedona Principles, Third Edition, 19 Sedona Conf. J. 1, cmt. 5.g, 112 (2018)................. 12

Wash. Rules Prof'l Conduct 1.1, cmt. 8.................................................................. 14

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - v

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

## I.   PRELIMINARY STATEMENT

Plaintiffs' motion rests on the fundamentally flawed premise that product detail pages ("PDPs")—where customers go to view a specific product listing on Amazon.com—are static documents akin to pages in a printed catalog. They are not. First, PDPs are generated in real-time by combining computer code with content (images, text, and data) when a customer clicks on a product. Second, PDPs are dynamic webpages, with the ability to change from minute to minute and customer to customer. Amazon has preserved the underlying data and content that populate these PDPs—including product names, descriptions, images, dosing information, ingredients, and disclaimers. Far from being destroyed, Amazon has already begun producing the information to Plaintiffs, albeit not in their preferred format of a PDF screenshot, a format which has never been kept by Amazon in the ordinary course of business. The law is clear: Amazon is not required to create new records it does not generate in the ordinary course, much less to manufacture records in Plaintiffs' preferred format.

Another inescapable problem with Plaintiffs' motion is timing. Plaintiffs rushed to file this motion too soon without the benefit of a fully developed record. Indeed, after Amazon explained that the preserved PDP data is all that exists (and has ever existed), and demonstrated to Plaintiffs how it can be used to approximate the customer-facing appearance of the PDPs, Plaintiffs sent a dozen detailed questions about the data and rendering process. As Amazon told Plaintiffs in response, that is precisely the type of dialogue that should have occurred *before* Plaintiffs filed this case-dispositive sanctions motion.[1] Rather than attempt to conserve judicial resources, Plaintiffs refused Amazon's subsequent offer to meet and confer regarding their questions.

---

[1]   Amazon has suggested the parties revisit the discussion of appointing a special master in order to resolve the parties' discovery disputes. Plaintiffs summarily rejected Amazon's suggestion without explanation. Ex. 7, at 3. Amazon maintains that appointing a special master would assist the parties in efficiently resolving discovery disputes and preserve judicial resources.

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 1

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

1    For all these reasons, Plaintiffs' request for Rule 37(e) sanctions is baseless and should

2    be rejected.  Amazon has not deprived Plaintiffs of relevant information, and Plaintiffs are not

3    prejudiced because they can still pursue their claims.  The extraordinary relief they seek—an

4    "irrebuttable" adverse inference that would relieve them of their obligation to prove their case on

5    the merits—has no basis in the facts or law.  The Court should deny Plaintiffs' motion in full.

6    ## II.    FACTUAL BACKGROUND

7    ### A.    Amazon's Preservation of Underlying PDP Data and Layouts

8    The Amazon.com online store ("Amazon.com") offers for sale millions of products,

9    including dietary supplements.  *See* Duncan Decl. ¶ 2.  For any product, customers can view a

10   PDP on Amazon.com by clicking on a product through, for example: (i) another webpage on

11   Amazon.com; (ii) an affiliate link from non-Amazon websites, social media posts, or other

12   locations; or (iii) product advertisements that link to the product on Amazon.com.  *Id.*  The PDP

13   a customer sees after clicking on a product is customer-specific and transient.  *Id.* ¶¶ 7, 9–10.

14   The resulting webpage is rendered by pulling together and organizing hundreds of features[2] using

15   multiple data sources into a pre-set webpage layout.  *Id.* ¶¶ 9–10.

16   Each time a customer views a product's PDP, the layout, features, and content are

17   generated for that page visit.  *Id.* ¶ 10.  There are set layouts for PDPs, and within the PDP layout,

18   there are various features that contain specific content.  *Id.*  PDP features may include, but are

19   not limited to, the product price, product name, "About this product" bullet points, product

20   images, safety warnings, and legal disclaimers.  *Id.* ¶ 5.  The information that populates each

21   feature is derived from multiple data sources.  *Id.* ¶ 9.  Some features on the PDP and the content

22   within them—like the product availability or option to join Amazon Prime—are dynamic and

23

24

25   [2]    For third-party products—products sold on Amazon.com by third-party sellers—the sellers are responsible for
26   the product-specific content that appears on the PDP webpage, including seller-created disclaimers.  Duncan
     Decl. ¶ 6.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

1   may vary by customer, even within the course of a single day (the "Variable PDP Content"). *Id.*
2   ¶ 7.

3        Of particular relevance here are the static seller-provided product information, such as
4   product descriptions, product images, safety warnings, and disclaimers, which do not change on
5   a per-customer basis (the "Non-Variable PDP Content"). *Id.* ¶¶ 5–6, 8.  The Non-Variable PDP
6   Content feeds into the fixed layout contained on the PDP webpage. *Id.* ¶¶ 8–10.  The ***Non-***
7   ***Variable PDP Content*** is what matters here, as those features are most relevant to whether or not
8   a customer would have viewed the relevant disclaimers.  Amazon stores the Non-Variable PDP
9   Content associated with dietary supplement products in data repositories in the ordinary course
10   of business. *Id.* ¶ 15.  Amazon has preserved this Non-Variable PDP Content, including for the
11   time period  between January 31, 2019 and January 31, 2023 ("Relevant Time Period"). *Id.*  And
12   Amazon made its first production of Non-Variable PDP Content to Plaintiffs.  Hill Decl. ¶ 10;
13   *infra* Section II.C.

14        The PDP layout a customer sees or the manner in which features are organized on the
15   PDP is in part determined by the product's assigned website display group ("WDG").  Duncan
16   Decl. ¶ 4.  The PDP layout is the same for products assigned to the same WDG. *Id.*  Different
17   WDGs may have different layouts. *Id.*  Amazon has preserved the historic layouts associated
18   with each WDG and the source code that deposits the Non-Variable PDP Content into the PDP
19   layout. *Id.* ¶¶ 13–14.

20      **B.**    **Amazon Does Not Maintain PDPs in Plaintiffs' Preferred Format**

21        Amazon has no business reason to maintain, and therefore does not maintain, static
22   "snapshots" of each customer-specific PDP rendering for products on Amazon.com in the
23   ordinary course of business. *Id.* ¶ 12.  PDPs on Amazon can receive an estimated 63,000 views
24   per second, and dietary supplements alone receive 135,472,526 clicks per month. *Id.* ¶ 11.  To
25   retain copies, snapshots, or PDFs of the PDP rendered just for dietary supplement products that
26   each customer clicks on Amazon.com daily would require millions of gigabytes of data storage

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 3

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

1  and cost hundreds of millions of dollars per year.  *Id.*  While Amazon does not maintain a static

2  "snapshot" of each customer-specific PDP rendering, Amazon agreed to provide Plaintiffs the

3  underlying information from which PDPs are rendered.[3]  Hill Decl. ¶ 8; *see* Duncan Decl. ¶ 13.

4  **C.    Amazon's PDP Data Can Be Used to Render PDP Layouts**

5  Contrary to Plaintiffs' assertions, the preserved Non-Variable PDP Content can be used

6  to render a PDP nearly identical to how it appears in the PDP screenshots embedded in the

7  Amended Complaint.  Stevenson Decl. ¶ 3; *see* Dkt. No. 75-1 ¶ 85.  Amazon produced to

8  Plaintiffs the Non-Variable PDP Content for the period of September 9, 2024 to August 28, 2025

9  for one of the products referenced in the Amended Complaint—ASIN B07XGD2BNZ (a

10  turmeric product) to illustrate the type of underlying data it preserves.  Hill Decl. ¶ 10; *see* Dkt.

11  No. 75-1 at ¶ 5.  This exemplar Non-Variable PDP Content included product images and seller-

12  provided descriptions.  Hill Decl. ¶¶ 8–10.

13  To create this illustration, Amazon explained to Plaintiffs that it shared this same Non-

14  Variable PDP Content with a third-party vendor, Impact Trial Consulting, LLC ("Impact").  *Id.*

15  ¶¶ 9, 14; *see* Ex. 8.  Using the Non-Variable PDP Content, HTML code publicly available on

16  Amazon.com, and publicly available developer tools, Impact rendered a live and PDF-

17  convertible version of a PDP webpage, which could be filtered by date.  Stevenson Decl. ¶¶ 5–9.

18  No Amazon proprietary code, internal tooling, or non-public resources were required to convert

19  the data to reconstruct the PDP.[4]  *Id.* ¶ 10.  The demonstrative PDP containing the Non-Variable

20  PDP Content appears as follows:

21

22

23

24

---

[3]  As a courtesy, Amazon's attorneys did print the then-current webpages of the PDPs for the products identified in the original and amended complaints as the person printing the page saw it on the day and at the time it was printed.  Sipos Decl. ¶¶ 3–4.

25

[4]  The demonstrative PDP was an illustration and not intended to reflect a complete or final rendering.  Amazon intends to produce additional data as it is collected, which Amazon attempted to convey during the parties'

26  September 29, 2025 meet-and-confer and which Amazon is prepared to continue to discuss with Plaintiffs through the meet-and-confer process.  Ex. 8, at 2.

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 4

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000



As pictured above, sections of the layout that would have contained Variable PDP Content, such as pricing information, are grayed out. *See also* Ex. 5; Ex. 6. The result is a faithful rendering of the Non-Variable PDP Content in the PDP layout. *Id.* ¶¶ 6–8.

### D.    The Parties' Meet-and-Confer Process

Plaintiffs originally demanded that Amazon produce PDF copies of PDP renderings for all dietary supplements on Amazon.com. Sipos Decl. ¶ 6. Amazon explained on at least five separate occasions that Amazon does not vhmaintain PDPs as PDFs in the ordinary course nor does it maintain customer-specific static snapshots of PDPs in the ordinary course. *Id.* ¶ 5–6; Hill Decl. ¶ 5; *see* Duncan Decl. ¶ 11. Amazon has simultaneously and repeatedly informed Plaintiffs about how PDPs are rendered, and that the Non-Variable PDP Content associated with

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 5

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

1    dietary supplement products and source code *is* maintained in the ordinary course and has at all

2    times relevant to this litigation been preserved.  Hill Decl. ¶ 7.

3            In the parties' joint submission to the Court concerning outstanding discovery issues,

4    Amazon stated, and Plaintiffs referenced in their own portion of the submission, that: (1) Amazon

5    has maintained PDP data as it is stored in the ordinary course; and (2) Amazon does not maintain,

6    in the ordinary course, static "snapshots" of PDPs.  Dkt. No. 95 at p. 3–4, 8.  Amazon stated

7    definitively that it would produce the Non-Variable PDP Content associated with dietary

8    supplement products that it maintains in the ordinary course, i.e., "records reflecting the content

9    of information displayed on the product detail pages for the supplements at issue," including

10   images.  *Id.* at 8.

11          Following the August 20 meet-and-confer, the parties agreed Amazon would produce an

12   exemplar of the PDP data for a single product.  Hill Decl. ¶ 6.  On September 12, 2025, Amazon

13   produced the exemplar data for ASIN B07XGD2BNZ, and Amazon explained that similar

14   productions for additional products would follow.  Ex. 4, at 2.  Because Amazon produced the

15   PDP data it has kept in the ordinary course, the data included the content for 102 attributes in

16   nine different languages, reflecting the geographies in which the product is sold.  Hill Decl. ¶ 10.

17   Plaintiffs' counsel did not meet and confer with Amazon about the data Amazon produced on

18   September 12, 2025 before Plaintiffs moved for spoliation sanctions (the "Motion").  *Id.*; Dkt.

19   No. 106.

20          Instead, at Amazon's request, the parties met and conferred on September 29.  *Id.* ¶ 12.

21   At the end of this discussion, Plaintiffs' counsel, Mr. Carpinello, raised the subject of the

22   additional data Amazon stated it would produce.  *Id.*; *see* Ex. 7 , at 3.  But just as Mr. Carpinello

23   began to inquire further, his co-counsel, Ms. Kats, quickly intervened, interrupting Mr.

24   Carpinello's inquiry.  Hill Decl. ¶ 12; *see* Ex. 7, at 3.  Despite this interruption, Amazon began to

25   discuss the details of the ongoing data collection, including information detailed in this

26   Opposition.  Hill Decl. ¶ 12.  Ms. Kats ***refused*** to listen or receive any further information, to the

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 6

1  point of audibly interrupting Amazon's attempts at further dialogue.  *Id.*  Plaintiffs then went

2  silent in their communications thereafter.  *Id.* ¶¶ 12–14.

3

4      **E.    Plaintiffs' Motion for Spoliation Sanctions**

5      Eight days after the September 29 meet-and-confer, Plaintiffs moved for spoliation

6  sanctions. Dkt. No. 106.  After the Motion was filed, Amazon asked Plaintiffs to meet and confer

7  to demonstrate how a PDP could be recreated using the produced data and Amazon's publicly

8  available open-source code.  Amazon also provided a link to an example of a demonstrative PDP

9  for ASIN B07XGD2BNZ.  Ex. 8, at 2.  Again, the demonstrative PDP appears as follows:



24     It includes a "Version" feature in the upper right-hand corner that permits the viewer to

25  select a version based on particular date and time, which corresponds to the content a customer

26

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 7

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

would have seen on a specific date and time. The demonstrative PDP is nearly identical to one

of the screenshots embedded in the Amended Complaint (¶ 73):



Amazon urged Plaintiffs to withdraw the Motion on the ground that the demonstrative

PDP refutes their contention that the data Amazon produced "provides no information

whatsoever on how the data was visually presented." Dkt. No. 106 at p. 7; Ex. 8, at 2. Despite

this outreach and Amazon's prior efforts to educate Plaintiffs and work collaboratively to produce

information responsive to their request, Plaintiffs refused to withdraw their Motion. Hill Decl. ¶

15. Instead, Plaintiffs sent a letter with a dozen questions, some of which were hyper-technical,

regarding the demonstrative PDP, the underlying source code, and other matters. *Id.*; Ex. 9.

Amazon responded that this is the type of exchange that Amazon expected to have **before**

Plaintiffs abruptly terminated meet-and-confer discussions and filed this Motion, but, in any

event, Amazon invited Plaintiffs to meet and confer. Hill Decl. ¶ 17; Ex. 10, at 1. Plaintiffs

declined to withdraw this Motion and refused Amazon's offer to further meet and confer. Hill

Decl. ¶ 18; Ex.10, at 1.

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 8

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

1

## III.  LEGAL STANDARD

2      The duty to preserve applies to evidence that a person "knows or reasonably should know

3 is relevant to the action" and attaches when "litigation is pending or reasonably anticipated."

4 *Sudre* v. *The Port of Seattle*, 2016 WL 7035062, at *24 (W.D. Wash. Dec. 2, 2016).  Rule 34

5 requires parties to "produce documents as they are kept in the usual course of business."  Fed. R.

6 Civ. P. 34(b)(2)(e).  There is no duty to preserve evidence in a format that never existed.  *See,*

7 *e.g.*, *Kearney* v. *Foley & Lardner, LLP*, 590 F.3d 638, 650 (9th Cir. 2009) (affirming decision to

8 strike a claim for spoliation of evidence where appellee "[did] not allege the destruction of or

9 failure to preserve evidence, but instead contend[s] that Appellants delayed in creating a written

10 version of the evidence"); *Bogutz* v. *Arizona*, 2009 WL 10707075, at *4 (D. Ariz. Apr. 15, 2009)

11 ("Nor does the Plaintiff state that the Defendants failed to preserve evidence, only that a report

12 does not exist that should exist, but probably was never made.  Therefore, the Plaintiff is not

13 entitled to an inference of spoliation since documents were not destroyed."); *Shackelford* v. *W.*

14 *Coast Freightline, LLC*, 2021 WL 3886836, at *2 (W.D. Wash. Aug. 31, 2021) ("Defendants

15 could not have destroyed, altered, or failed to preserve evidence that never existed.");

16 *Kakowski* v. *Allison*, 2022 WL 17652776, at *4 (S.D. Cal. Dec. 13, 2022) ("Rule 34 only requires

17 a party to produce documents that are already in existence, and a district court cannot compel the

18 production of documents that do not exist.").

19      Spoliation "is the destruction or alteration of evidence or the failure to preserve evidence."

20 *Shackelford*, 2021 WL 3886836, at *2; *see also* Fed. R. Civ. P. 37(e).  A court may order

21 sanctions for spoliation only where (i) "electronically stored information that should have been

22 preserved in the anticipation or conduct of litigation is lost because a party failed to take

23 reasonable steps to preserve it, and it cannot be restored or replaced through additional

24 discovery," and there is an additional finding of: (ii) "prejudice to another party from loss of the

25 information" or (iii) "intent to deprive another party of the information's use in the litigation."

26

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 9

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

1  Fed. R. Civ. P. 37(e). Even then, a court should "order measures no greater than necessary to

2  cure the prejudice." *Id*. 37(e)(1).

3  **IV.  ARGUMENT**

4          It is unclear what exactly Plaintiffs seek from Amazon that they have not already been

5  promised or provided. To the extent they seek a document containing the relevant information a

6  customer would have seen on a PDP for dietary supplements, Amazon has preserved the Non-

7  Variable PDP Content associated with dietary supplement products necessary to provide

8  Plaintiffs with this information. If, on the other hand, Plaintiffs seek "snapshots" of PDPs for

9  each of the millions of monthly clicks on dietary supplements, those snapshots have never existed

10 and would not be feasible to keep, in any event. Only the individual Plaintiffs could have

11 captured the exact PDP they viewed at a specific time. Either way, there has been no loss or

12 destruction of relevant ESI and thus no spoliation.

13         **A.    Amazon Did Not Spoliate Evidence**

14         Amazon has preserved the Non-Variable PDP Content. This data was not destroyed. The

15 Court should deny Plaintiffs' Motion because they identify no relevant Amazon data that was

16 destroyed or not preserved. Amazon is not required to create customer-specific "snapshots" at

17 scale across a dynamic website—materials that Amazon does not create in the ordinary course.

18 Dkt. No. 106 at p. 4. Rule 37(e) addresses loss of existing ESI; it does not compel parties to

19 create records that never existed.

20         **1.    Amazon Complied with Its Duty to Preserve Relevant ESI as It Is
                    Kept in the Ordinary Course**

21

22         Rule 34(b)(2)(3) requires parties to "produce documents as they are kept in the usual

23 course of business." *See also* Order on Parties' Cross-Motions to Compel and for a Protective

24 Order at 2, *Van Wijk* v. *W. Nat'l Assurance Co.*, No. 2:11-cv-00166-MJP (W.D. Wash. Oct. 7,

25 2011), Dkt. No. 32 ("[Defendant] need only provide discovery materials in the format in which

26 the documents were stored during its ordinary course of business.").

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 10

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Consistent with that rule, Amazon maintains and has preserved the Non-Variable PDP Content.  Amazon has maintained this data for the Relevant Time Period and produced an exemplar for review, with additional productions forthcoming.  Duncan Decl. ¶ 15; *see supra* Sections II.A, C.  Rule 34 does not obligate Amazon to generate new artifacts that it does not keep in the ordinary course. Fed. R. Civ. P. 34(b)(2)(e); s*ee Hahn* v. *Massage Envy Franchising, LLC*, 2014 WL 12899290, at *8 (S.D. Cal. July 24, 2014) (denying a request for sanctions where plaintiff "conveniently ignores the fact Defendant [preserved] the ESI in the form in which it is ordinarily maintained").

### 2.    Amazon Does Not Have a Duty to Create Evidence for Plaintiffs in Their Preferred Format

Plaintiffs contend Amazon should have "preserved the product detail pages" themselves. Dkt. No. 106 at p. 1, 4.  But PDPs are rendered dynamically and are not stored as documents in Amazon's systems in the ordinary course.  Rather, Amazon preserves the data inputs, such as the Non-Variable PDP Content, that render a PDP.  Duncan Decl. ¶ 15.  Amazon has no duty to preserve evidence in a format that never existed, and courts routinely reject spoliation claims premised on a failure to create such records. *See, e.g.*, *Kearney*, 590 F.3d at 650; *Bogutz*, 2009 WL 10707075, at *4 .

Not only does the law not require Amazon to have created snapshots of PDPs that never existed, as Plaintiffs suggest, but it would have not been feasible to retain a snapshot of the customer-specific PDP as viewed by each of the millions of customers for the hundreds of thousands of products *per day* on Amazon.com, let alone across the Relevant Time Period. Duncan Decl. ¶¶ 11; *see Kearney*, 590 F.3d at 650; *see also Gilbert* v. *Fernald*, 2022 WL 16860279, at *8 (C.D. Cal. Sept. 1, 2022) (stating "Plaintiff may not compel him to *create* evidence, but only to provide information when it exists and is available to Defendant" (emphasis in original)).  Retaining the snapshots that Plaintiffs request just for dietary supplements alone would require millions of gigabytes of data storage and cost hundreds of millions of dollars per

1   year.  Duncan Decl. ¶ 11.  The reality of Plaintiffs' requested production format—aside from

2   being counter to the law—is infeasible.  *See* The Sedona Principles, Third Edition*, 19 Sedona

3   Conf. J. 1, cmt. 5.g, 112 (2018) ("Computer systems manage data dynamically . . . imposing an

4   absolute requirement to preserve all ESI" would mean the "[c]osts of litigation would routinely

5   approach or exceed the amount in controversy").

6         Amazon also has no duty to preserve or produce evidence in Plaintiffs' preferred format,

7   even if that preference is based on what they believe "[p]laintiff's expert could reasonably use."

8   *Hahn*, 2014 WL 12899290, at \*8 (denying spoliation sanctions because "Rule 34 does not

9   demand that a responding party produce ESI in the format the requesting party believes is a

10   reasonably usable form").  Rule 34 permits production "as maintained in the usual course of

11   business OR in a reasonably useable form."  *Id.* (emphasis in original) (cleaned up).  Amazon

12   preserved—and will produce—the Non-Variable PDP Content in the form in which it is kept,

13   and that data is "reasonably usable."  Plaintiffs can use publicly available code, as Amazon's

14   vendor has demonstrated, to render PDPs that match the screenshots embedded in Plaintiffs'

15   complaint.  *See supra* Section II.C.

16      **B.**    **Plaintiffs' Request for Sanctions Is Baseless**

17         Sanctions are not warranted because Amazon has not destroyed or failed to preserve

18   evidence.  *See Ghorbanian* v. *Guardian Life Ins. Co. of Am.*, 2017 WL 1543140, at \*2 (W.D.

19   Wash. Apr. 28, 2017) (declining to address "whether sanctions are warranted" where defendants

20   had not demonstrated any destruction); *Garcia* v. *Vitus Energy, LLC*, 600 F. Supp. 3d 975, 981–

21   83 (D. Alaska 2022) (denying spoliation sanctions where plaintiff failed to establish that the

22   moving party destroyed or failed to preserve evidence).  The Court's inquiry could end here.

23         And even if Rule 37(e)'s threshold requirements were met (they are not), sanctions are

24   unsupported by law because Plaintiffs show neither prejudice nor an intent to deprive.  Moreover,

25   the extraordinary "irrebuttable" adverse inference that Plaintiffs' seek would effectively end-run

26   their obligation to prove the merits of their case.  Plaintiffs' request is contrary to Rule 37(e)'s

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 12

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

limiting principle to provide only that relief which is "no greater than necessary to cure prejudice." Fed. R. Civ. P 37(e)(1); *see Bogutz*, 2009 WL 10707075, at *4 ("Plaintiff is not entitled to an inference of spoliation since documents were not destroyed.").

Rule 37(e) establishes three prerequisites to the imposition of sanctions: "the ESI should have been preserved in the anticipation or conduct of litigation, it is lost through a failure to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." *Fast* v. *GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022); Fed. R. Civ. P. 37(e). "If these requirements are satisfied, the rule authorizes two levels of sanctions. Section (e)(1) permits a court, upon finding prejudice to another party from the loss of ESI, to order measures no greater than necessary to cure the prejudice." *Fast*, 340 F.R.D. at 335. "Section (e)(2) permits a court to impose more severe sanctions such as adverse inference jury instructions . . . but only if it finds that the spoliating party 'acted with the intent to deprive another party of the information's use in the litigation.'" *Id*. (quoting Fed. R. Civ. P. 37(e)(2)).

### 1.    Plaintiffs Have Not Been Prejudiced.

Plaintiffs are not prejudiced because the Non-Variable PDP Content is preserved and can be used to render PDPs that match Plaintiffs' own examples, using tools available to Plaintiffs and the public. "The prejudice inquiry looks to whether the [spoliating party's] actions impaired [the non-spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the case." *Leon* v. *IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). For example, a party's ability to go to trial may be threatened when the destruction of evidence "forces" the opposing party "to rely on incomplete and spotty evidence." *Anheuser-Busch, Inc.* v. *Nat. Beverage Distribs.*, 69 F.3d 337, 354 (9th Cir. 1995). Here, Plaintiffs' ability to go to trial has not been impaired. There is no need to speculate about what the evidence "might have been" because the relevant data for the hundreds of thousands of products in this litigation has been preserved and can be used to render demonstrative PDPs. *Fast*, 340 F.R.D. at 339; *Reinsdorf* v. *Skechers U.S.A., Inc.*, 296 F.R.D. 604, 631 (C. D. Cal. 2013) (finding no prejudice where "identical or better

evidence" was produced); *Shackelford*, 2021 WL 3886836, at *2 (finding plaintiff was not prejudiced and denying sanctions where plaintiffs' requested evidence was produced through a reliable third party).  A preference for a different format does not establish prejudice.  *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340 (1978) ("[W]e do not think a defendant should be penalized for not maintaining his records in the form most convenient to some potential future litigants whose identity and perceived needs could not have been anticipated.").

Plaintiffs are not prejudiced because they purport to lack the technical sophistication to analyze the voluminous Non-Variable PDP Content that Amazon produced.  *See* Dkt. No. 106 at p. 7 (alleging the data Amazon produced is "difficult (if not impossible) to comprehend with tens-of-thousands of rows of data"); *see also* Wash. Rules Prof'l Conduct 1.1, cmt. 8 ("To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, including the benefits and risks associated with relevant technology[.]"); *cf.* Cal. State Bar Standing Comm. on Prof'l Resp. & Conduct, Formal Op. No. 2015-193 (June 30, 2015) ("the duty of competence requires an attorney to assess his or her own E-Discovery skills and resources as part of the attorney's duty to provide the client with competent representation").  To the extent Plaintiffs need technical assistance to analyze the Non-Variable PDP Content or render their own demonstrative PDPs, that is a discovery management issue, not a basis for sanctions.  And it is not Amazon's responsibility to ensure Plaintiffs can analyze the data in the format they want, especially where it is readily analyzable using publicly available tools.  *See Bashkin* v. *San Diego Cnty.*, 2011 WL 1486313, at *7 (S.D. Cal. Apr. 19, 2011) ("Defendants are not responsible for Plaintiff's inability to access [ESI] that are produced in a common format that makes such files accessible through widely-available computer programs.").

The demonstrative Amazon shared with Plaintiffs demonstrates that Plaintiffs' purported concern that they "are not able to prove their case" because they cannot analyze the PDPs "in context" has no merit.  Dkt. No. 106 at p. 13.  There will be other reasons why Plaintiffs cannot prove their case.

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 14

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

### 2. Amazon Has Not Deprived Plaintiffs of Any Information's Use

Additionally, sanctions are inappropriate because Amazon has not deprived Plaintiffs of any information's use at all, much less with bad intent as the legal standard requires.

Severe sanctions such as adverse-inference instructions require proof that the party "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). "Intent may be inferred if a party is on notice that documents were potentially relevant and fail[s] to take measures to preserve relevant evidence." *Hunters Cap., LLC* v. *City of Seattle*, 2023 WL 184208, at *6 (W.D. Wash. Jan. 13, 2023) (cleaned up); s*ee Bungie, Inc.* v. *AimJunkies.com*, 2023 WL 7184427, at *8 (W.D. Wash. Nov. 1, 2023) (finding defendants acted with requisite intent to support sanctions when they "intentionally took steps to delete . . . relevant evidence after their duty to preserve evidence was triggered."). Absent a finding of intent, severe sanctions are not appropriate. *Fast*, 340 F.R.D. at 335.

Amazon has not exhibited any intent to deprive Plaintiffs of any evidence's use in the litigation. This case bears none of the hallmarks where courts have found the requisite intent. There is no evidence that Amazon intentionally deleted or destroyed any PDP data after litigation became reasonably foreseeable. *See Hunters Cap.*, 2023 WL 184208, at *6. To the contrary, Amazon preserved the Non-Variable PDP Content in the ordinary course and hired a third-party vendor to render a demonstrative PDP webpage. Duncan Decl. ¶ 15; Hill Decl. ¶¶ 9, 11; *see* Stevenson Decl. ¶¶ 4–8 .

Plaintiffs cite *Apple Incorporated* v. *Samsung Electronics Company, Limited*, 881 F. Supp. 2d 1132, 1137, 1150–51 (N.D. Cal. 2012), and *Knickerbocker* v. *Corinthian Colleges*, 298 F.R.D. 670, 678, 682 (W.D. Wash. 2014), but those cases involved failures to suspend auto-delete policies and resulting destruction of relevant emails (*Samsung*) and failures to implement litigation holds (*Knickerbocker*); neither circumstance is at issue here. Plaintiffs' argument implies that Amazon should have newly created, and then maintained, customer-specific PDP snapshots across the vast product universe, which it has never done in the ordinary course—a

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 15

1  proposition the Rules do not require, and whose absence cannot support an inference of intent to

2  deprive.  *See* Fed. R. Civ. P. 37(e).

3      As such, Plaintiffs' request for the "extreme sanction" of an "adverse inference

4  instruction" is inappropriate and should denied.  *Zubulake* v. *UBS Warburg LLC*, 220 F.R.D. 212,

5  220 (S.D.N.Y. 2003); *see Fast*, 340 F.R.D. at 335.

6      **C.    Plaintiffs' Motion Is Premature and Improper**

7      As a separate ground for denial, Plaintiffs' Motion is premature.  A spoliation motion is

8  premature where the movant cannot "make any definitive claims about what has been lost or

9  destroyed."  *See Agne* v. *Papa John's Int'l, Inc.*, 2012 WL 12882905, at *1–2 (W.D. Wash. Sept.

10  12, 2012); *Dig. Mentor, Inc.* v. *Ovivo USA, LLC*, 2020 WL 550746, at *2 (W.D. Wash. Feb. 4,

11  2020) (observing that "without evidence about what was purportedly destroyed," the spoliation

12  motion was premature).  Spoliation motions should not be brought—let alone granted—before

13  the parties have met-and-conferred and developed a factual record of what exists, what has been

14  produced, and what, if anything, is irretrievably unavailable.  And district courts in this circuit

15  regularly deny premature spoliation motions for these reasons.  *See, e.g.*, *Lieberman* v. *Unum*

16  *Grp.*, 2021 WL 8154889, at *3 (C.D. Cal. Oct. 14, 2021) (dismissing spoliation motion as

17  premature when "[t]here is no indication the parties have met and conferred fully about potential

18  spoliation of evidence"); *Agne*, 2012 WL 12882905, at *2.  Plaintiffs filed this Motion—which

19  seeks relief that would effectively end this case—less than two weeks after truncating a meet-

20  and-confer in which Amazon sought to explain the significance and usability of the preserved

21  content and pending forthcoming productions.  Hill Decl. ¶ 12.  Plaintiffs recently refused

22  Amazon's offer to further meet and confer.  *Id.* ¶ 18.  The Motion should be denied as premature.

23  **V.    CONCLUSION**

24      For the reasons above, Amazon respectfully requests the Court deny Plaintiffs' motion

25  for spoliation sanctions.

26

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 16

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Dated: November 12, 2025

*I certify that this brief contains 5,039 words, in compliance with LCR 7(e)(4).*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By */s/ Joshua Hill*
Joshua Hill (Pro Hac Vice)
Ariane Rockoff-Kirk (Pro Hac Vice)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-mail: jhill@paulweiss.com
        arockoff-kirk@paulweiss.com

Roberto J. Gonzalez (Pro Hac Vice)
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7316
Facsimile: (202) 223-7420
Email: rgonzalez@paulweiss.com

Walt Brown (Pro Hac Vice)
535 Mission Street, 25th Floor
San Francisco, CA 94105-3347
Phone: (628) 432-5111
Facsimile: (202) 204-7379
Email: wbrown@paulweiss.com

**PERKINS COIE LLP**

By */s/ Eric J. Weiss*
Eric J. Weiss, WSBA #44807
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
E-mail: eweiss@perkinscoie.com

*Attorneys for Defendant Amazon.com Services, LLC*

DEF.'S OPP. TO PLS.' MOT. FOR
SPOLIATION SANCTIONS
(2:23-cv-01975-JHC) - 17

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000