# EXHIBIT 7

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Joshua Hill**
**Direct Dial:** +1 628 432 5123
**Email:** jhill@paulweiss.com

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

October 7, 2025

**By Email**

Maia Kats
Just Food Law
5355 Wisconsin Avenue, NY, Ste. 440
Washington, DC 20015
maiakats@justfoodlaw.com

George Carpinello
Adam Shaw
Boies Schiller Flexner LLP
30 South Pearl Street, 12th Floor
Albany, NY 12207
gcarpinello@bsfllp.com
ashaw@bsfllp.com

Re:   *Medal, et al.* v. *Amazon.com Services, LLC* (No. 2:23-cv-01975-JHC)

Dear Counsel:

We write on behalf of Amazon.com Services, LLC ("Amazon") regarding the September 29, 2025 meet-and-confer, during which we attempted to discuss the issues raised in Amazon's August 18, 2025 letter to you regarding Plaintiffs' responses to Amazon's First Requests for Production of Documents (the "Requests" or "RFPs") and First Set of Interrogatories (the "Interrogatories"). Unfortunately, you repeatedly stymied Amazon's efforts to engage in good faith dialogue. We write to confirm your position and address the topics and issues raised during the meet-and-confer below.

Plaintiffs' Responses to Amazon's Discovery Requests

At the outset of the meet-and-confer, Ms. Kats stated that Plaintiffs had sent an April 16, 2025 letter memorializing Plaintiffs' "final" positions on the RFPs and Interrogatories. Ms. Kats also stated that Plaintiffs' positions remain unchanged from those purportedly set

forth in that letter, so further discussions would be "pointless."[1] But Plaintiffs were aware for more than a month that the purpose of the meet-and-confer was to address Amazon's Requests and Interrogatories. Your unwillingness to engage in a substantive discussion regarding Amazon's discovery requests was unproductive and has needlessly delayed resolution of the disputes through judicial intervention, if necessary. Notwithstanding your refusal to discuss the various categories of RFPs and Interrogatories described in our August 18 letter, this letter memorializes our September 29 discussion.

<u>Plaintiffs' Purchase History for Products and Other Dietary Supplements (RFPs 1 and 2)</u>. We explained that there are certain documents that Amazon would not have access to (for instance, credit card slips or other receipts) that would show Plaintiffs' purchases of the Products or other dietary supplements. Plaintiffs maintained that they will not produce other documents beyond those already produced, including any credit card statements. As stated in our August 18 letter, Plaintiffs' objection that "Defendant has a full and complete record of all the requested documents" is not a valid basis upon which a party can refuse to produce documents. *See* Aug. 18 Letter.

<u>Statements Relied Upon in Purchasing the Products and Other Dietary Supplements (RFPs 3, 4, 5, Interrogatory 5)</u>. You represented that Plaintiffs produced "whatever [they] had," but Plaintiffs did not produce *any* ads upon which they may have relied in deciding to purchase the Products or other dietary supplements. Please confirm this means that Plaintiffs did not rely on any advertisements when deciding to purchase the Products or other dietary supplements and amend your Interrogatory responses accordingly.

<u>Physical Packages (RFP 6).</u> Plaintiffs did not produce any documents in response to this Request. You represented that they produced what they did have. When asked whether Plaintiffs had preserved any physical packaging, Mr. Carpinello confirmed that, as soon as named Plaintiffs became clients, they were advised of their duty to preserve, and that spoliation was not applicable to the extent that any relevant evidence was not preserved prior to named Plaintiffs joining this lawsuit. Please confirm that Plaintiffs preserved all relevant documents at the time they knew they intended to join this lawsuit.

<u>Reasons for Purchasing the Products and other dietary supplements (RFPs 15-17)</u>. As in our August 18 letter, we explained that these documents go to the heart of the case, as Plaintiffs will need to prove reliance on the purportedly misleading labels. Plaintiffs represented that there were no documents in their possession that spoke to these issues. With respect to RFP 17, Plaintiffs confirmed that they would not be producing any medical information in response to these Requests, notwithstanding our explanations as to the

---

[1] To confirm that we are aligned on Plaintiffs' "final" positions, please provide a copy of the April 16, 2025 letter to which Ms. Kats was referring.

relevance of these documents.  For example, it would be relevant if Plaintiffs consumed pharmaceutical products for an off-label use contrary to the FDA indicated use.

<u>Lack of FDA Approval (Interrogatory 3)</u>.  We reiterated the deficiencies with Plaintiffs' responses to this Interrogatory, as set forth in our August 18 letter, including that Plaintiffs did not answer the Interrogatory as propounded.  Plaintiffs confirmed that they are standing on their response.

<u>ESI Protocol and Protective Order</u>

On August 12, 2025, we sent proposed edits to the ESI Protocol and Protective Order to Plaintiffs, detailing our reasoning.  Plaintiffs sent back additional proposed edits on August 27, 2025, rejecting nearly all of our proposed edits without explanation.  On September 12, 2025, we sent further edits to these documents, noting that we believed that at least with respect to the Protective Order, the parties appeared to be at an impasse, and suggesting that the parties revisit the discussion of appointing a special master to promptly resolve the parties' discovery disputes.  We did not receive any response to our edits or to our suggestion.  During the meet-and-confer, Plaintiffs confirmed that we are at an impasse with respect to these two documents and rejected without explanation our proposal that the parties seek appointment of a special master to assist with discovery disputes.

<u>Amazon's Data Production</u>

On September 12, 2025, Amazon produced content appearing on the product detail page (PDP) for ASIN B07XGD2BNZ (Nature's Nutrition Turmeric Curcumin) from September 9, 2024, to August 28, 2025, in response to Request for Production No. 2.  As agreed during the parties' meet-and-confer discussions, we produced, as an exemplar, PDP content for a single ASIN, which consisted of over 14,000 rows of content.  We also noted in the production cover letter that we are in the process of identifying and processing additional content used to render the PDPs for ASIN B07XGD2BNZ, which will cover additional time periods and may include additional text and images, videos, branded content, manufacturer-supplied content, product information, safety information, and legal disclaimers.  During the meet-and-confer, Plaintiffs confirmed that they received the data.  Mr. Carpinello noted that, when this data was produced, we indicated that there would be a follow-up production.  As Mr. Carpinello was preparing to ask about the additional data, Ms. Kats attempted to intervene in the question.  As we began to discuss the additional data collection currently in progress, Ms. Kats refused to hear or receive any information, to the point of audibly interrupting our attempts at further dialogue.  As a result, Ms. Kats (for unknown reasons) successfully thwarted the conversation.

***

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                                                                         4

We are compelled to remind you that the "judges of this district expect a high degree of professionalism from the lawyers practicing before them . . . . There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case." *See* W.D. Wash. Local Civil Rules, "Introduction to the Civil Rules." The conduct of Plaintiffs' counsel during the meet-and-confer fell below this expected standard. We hope this remains an isolated incident and that the parties can engage in productive discussions going forward on discovery and other matters. As to issues immediately at hand, we understand that the parties are at an impasse with respect to the RFPs and Interrogatories, the ESI Protocol, and Protective Order, and we will plan accordingly.

Sincerely,

*/s/ Joshua Hill*

Joshua Hill