THE HONORABLE JUDGE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ANITA MEDAL, ESTHER YOO, GAYLE HAYES, and ANTOINETTE STANIEWICZ, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM SERVICES, LLC,

Defendant.

No. 2:23-cv-01975-JHC

**DEFENDANT AMAZON.COM SERVICES, LLC'S MOTION TO STAY PENDING COMPLETION OF FDA RULEMAKING**

NOTE ON MOTION CALENDAR: January 27, 2026

ORAL ARGUMENT REQUESTED



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. Plaintiffs' Claims Are Premised on Alleged Violation of § 101.93(d) ..... 2

B. FDA Has Initiated Regulatory Activity to Revise § 101.93(d) ..... 3

III. ARGUMENT ..... 5

A. Legal Standard ..... 5

B. The Court Should Stay the Litigation Under the Primary Jurisdiction Doctrine Pending the Completion of the FDA's Rulemaking Process ..... 6

1. This litigation presents a "need to resolve" the effect of § 101.93(d). ..... 6

2. Supplement labeling is within FDA's expert authority pursuant to a statute that establishes a comprehensive regulatory scheme. ..... 8

3. The effect of § 101.93(d) requires FDA's expertise and uniformity in administration. ..... 9

IV. CONCLUSION ..... 12




**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Astiana* v. *Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th Cir. 2015) ....................6, 10

*Brinkerhoff* v. *L'Oreal USA, Inc.*, 417 F. Supp. 3d 1308 (S.D. Cal. 2019) ....................10

*Bubak* v. *Golo*, 2025 WL 2860044 (9th Cir. Oct. 9, 2025) ....................7

*Clark* v. *Time Warner Cable*, 523 F.3d 1110 (9th Cir. 2008) ....................5

*Davel Comm'ns, Inc.* v. *Qwest Corp.*, 460 F.3d 1075 (9th Cir. 2006) ....................1, 5, 9

*Davidson* v. *Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. 2024) ....................7

*Figy* v. *Amy's Kitchen, Inc.*, 2014 WL 3362178 (N.D. Cal. July 7, 2014) ....................10

*Figy* v. *Lifeway Foods, Inc.*, 2014 WL 1779251 (N.D. Cal. May 5, 2014) ....................9, 10, 11

*Franz* v. *Beiersdorf, Inc.*, 2015 WL 4659104 (S.D. Cal. Aug. 5, 2015) ....................7

*Free Conferencing Corp.* v. *T-Mobile US, Inc.*, 2014 WL 7404600 (C.D. Cal. Dec. 30, 2014) ....................7

*Gitson* v. *Clover Stornetta Farms, Inc.*, 2014 WL 2638203 (N.D. Cal. June 9, 2014) ....................10

*Glass* v. *Glob. Widget, LLC*, 2020 WL 3174688 (E.D. Cal. June 15, 2020) ....................7

*Greene* v. *T-Mobile, USA, Inc.*, 2008 WL 351017 (W.D. Wash. Feb. 7, 2008) ....................8, 9

*Grimm* v. *APN, Inc.*, 2018 WL 4793088 (C.D. Cal. Jan. 8, 2018) ....................11



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

*Kane* v. *Chobani, LLC*, 645 F. App'x 593 (9th Cir. 2016) .......... 10, 11

*Luman* v. *NAC Mktg. Co., LLC*, 2017 WL 3394117 (E.D. Cal. Aug. 8, 2017) .......... 10

*Nexus Pharm., Inc.* v. *Ctrl. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040 (9th Cir. 2022) .......... 7

*Ochoa* v. *Church & Dwight Co.*, 2018 WL 4998293 (C.D. Cal. Jan. 29, 2018) .......... 8, 10

*Reese* v. *Odwalla, Inc.*, 30 F. Supp. 3d 935 (N.D. Cal. 2014) .......... 8

*Swearingen* v. *Late July Snacks LLC*, 2014 WL 2215878 (N.D. Cal. May 29, 2014) .......... 6

*Syntek Semiconductor Co.* v. *Microchip Tech. Inc.*, 307 F.3d 775 (9th Cir. 2002) .......... 5, 6, 8

*United States* v. *Western Pacific R.R.*, 352 U.S. 59 (1956) .......... 5

**Statutes**

21 U.S.C. § 337(a) .......... 7

21 U.S.C. § 343(r)(6) .......... 2, 8

21 U.S.C. § 343(s) .......... 8

21 U.S.C. § 371(a) .......... 8

21 U.S.C. § 403(r)(6) .......... 2

Dietary Supplement Health and Education Act .......... *passim*

Federal Food, Drug, and Cosmetic Act .......... 6, 7, 8

**Other Authorities**

21 C.F.R. § 101.93 .......... *passim*

21 C.F.R. § 101.93(d) .......... *passim*



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Consumer Healthcare Products Association, Comment Letter on Request for Information: Ensuring Lawful Regulation and Unleashing Innovation To Make America Healthy Again at 4–5 (July 14, 2025), https://www.regulations.gov/comment/AHRQ-2025-0001-0960 ........................................4

Council for Resp. Nutr., Comment Letter on Request for Information (RFI): Ensuring Lawful Regulation and Unleashing Innovation To Make America Healthy Again at 28-29 (July 14, 2025), https://www.regulations.gov/comment/AHRQ-2025-0001-0874 ........................................4

FDA, Letter to the Dietary Supplement Industry on the DSHEA Disclaimer (Dec. 11, 2025), https://www.fda.gov/food/information-industry-dietary-supplements/letter-dietary-supplement-industry-dshea-disclaimer ............................... *passim*

Natural Products Association, Comment Letter on Request for Information: Ensuring Lawful Regulation and Unleashing Innovation To Make America Healthy Again at 2 (July 11, 2025), https://www.regulations.gov/comment/AHRQ-2025-0001-0547 ........................................4

*Request for Information (RFI): Ensuring Lawful Regulation and Unleashing Innovation to Make America Healthy Again*, 90 Fed. Reg. 20478 (May 14, 2025) ........................................3



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

## I. INTRODUCTION

The Court should stay this action under the primary jurisdiction doctrine because the regulation at the center of Plaintiffs' case is poised to be revised by FDA. This case turns on a single FDA regulation, 21 C.F.R. § 101.93, including § 101.93(d)'s so-called "each panel" requirement for structure/function disclaimers. Plaintiffs allege that product listings on amazon.com violate the Dietary Supplement Health and Education Act ("DSHEA") because the required disclaimer does not appear on "each panel" of a dietary supplement label bearing structure/function claims, and that, according to FDA, the "repetition of the disclaimer on every panel or page" is necessary for consumer understanding. *See* First Amended Complaint ("FAC") ¶¶ 57–58, Dkt. 77. But, on December 11, 2025, FDA acknowledged that this interpretation is misguided and does not accord with how it actually enforces the regulation and announced imminent rulemaking to *revoke* the "each panel" requirement as counterproductive "label clutter." Ex. 1 at 1, FDA, "Letter to the Dietary Supplement Industry on the DSHEA Disclaimer" ("Letter").[1] FDA's Letter explains that the agency has "rarely, if ever" enforced the "each panel" requirement of § 101.93(d) and, pending the rulemaking process, will exercise enforcement discretion to not enforce it. *Id.* FDA's announcement was prompted in part by class litigation, like the present action, that seeks to enforce an overbroad and burdensome interpretation of the regulation that contradicts FDA's settled approach.

The primary jurisdiction doctrine strongly favors a stay in this circumstance. Absent a stay, the Court would be required to construe and enforce a regulation that FDA, the expert agency charged with administering the regulatory scheme, is in the process of revising—a situation that, at a minimum, presents a "possibility of conflict[]" between judicial and agency determinations. *See Davel Comm'ns, Inc.* v. *Qwest Corp.*, 460 F.3d 1075, 1090 (9th Cir. 2006) (goal of primary jurisdiction doctrine is to "avoid the possibility of conflicting rulings by courts and agencies concerning issues within the agency's special competence"). Allowing FDA's rulemaking process

[1] https://www.fda.gov/food/information-industry-dietary-supplements/letter-dietary-supplement-industry-dshea-disclaimer.



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

to conclude would also inform this Court's resolution of Amazon's affirmative defense that Plaintiffs' claims are impliedly preempted given FDA's exclusive authority to enforce DSHEA. *See* Amazon's Answer to FAC Affirmative Defenses ¶ 7, Dkt. No. 83.

Amazon respectfully requests that the Court stay this action under the primary jurisdiction doctrine pending completion of FDA's rulemaking process.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Claims Are Premised on an Alleged Violation of § 101.93(d)

Much of Plaintiffs' case rises and falls on the theory that the dietary supplements sold on amazon.com do not include the redundant disclaimers they claim are required by DSHEA, thus rendering the products "illegal" and "unapproved" drugs. *See, e.g.*, FAC ¶¶ 6–7, 13–14, 20–21, 27–28, 78, 81–82, 84–85, 87, 94–95, 113, 120, 147. The appearance and placement of DSHEA disclaimers on dietary supplement labels is addressed by an FDA-promulgated regulation, 21 C.F.R. § 101.93. Section 101.93(d) states that the DSHEA disclaimer must appear on "each panel or page" of a product label that also contains a structure/function claim, which is a claim that describes the role of a nutrient or dietary ingredient in the structure or function of the human body. *See* 21 U.S.C. § 343(r)(6).

Plaintiffs emphasize the "each panel" requirement, *see, e.g.*, FAC ¶ 57 (alleging DSHEA disclaimer must appear on "***each*** panel or page") (citing § 101.93(d)) (emphasis in original), and rely on (now outdated) FDA commentary from nearly three decades ago in which the agency indicated that "'repetition of the disclaimer on every panel or page where a statement made in accordance with section 403(r)(6) of the act'" was "'[n]ecessary.'" FAC ¶ 58 (quoting Food Labeling; Requirements for Nutrient Content Claims, Health Claims, and Statements of Nutritional Support for Dietary Supplements, 62 Fed. Reg. 49,859, 49,864–65 (Sept. 23, 1997)). Accordingly, Plaintiffs allege that Amazon engaged in "unlawful" business acts and practices under the UCL by violating the requirement that "dietary supplements include a disclaimer on each package or label panel stating a structure/function claim . . . ." FAC ¶ 120(a). Plaintiffs seek broad injunctive and



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

monetary relief. *See id.* ¶ 152.

Plaintiffs have relied on § 101.93(d) and its "each panel" requirement in other filings in this litigation. For example, in their recent spoliation motion, Plaintiffs argue that PDPs "are integral, because Plaintiffs need to determine for which products the product detail pages do not comply with the law, *i.e.*, which products lack a 'prominent' disclaimer '***on each panel or page***' of a label or package" under § 101.93(d). Dkt. No. 106 at 13 (emphasis added).

Similarly, in their opposition to Amazon's motion to dismiss, Plaintiffs cited § 101.93(d) and argued that the "[d]isclaimers appearing elsewhere on products do not suffice to cure [the] omission" of disclaimers, which "***shall appear on each panel or page***." Dkt. No. 25 at 11 (emphasis in original); *see also* Order on Motion to Dismiss, Dkt. No. 58 ("Plaintiffs assert that to be legally compliant, the disclaimer must: (1) appear on '***each*** panel or page' of a supplement ***label or package*** that bears a health-related claim; and (2) be prominent.") (citation modified) (emphases in original).[2] Plaintiffs have correspondingly insisted that FDA's views are relevant to their claims that dietary supplement labels lacking redundant disclaimers are inherently deceptive. *See* Dkt. No. 25 at 16 ("Plaintiffs' allegations of deception, moreover, ***dovetail precisely with the stated concerns of the FDA*** and others about the deception risk if health claims are unaccompanied by the prescribed disclaimers[.]") (emphasis added).

**B. FDA Has Initiated Regulatory Activity to Revise § 101.93(d)**

In May 2025, the Department of Health and Human Services issued a Request for Information stating that it was "planning the largest deregulatory effort in the history of the Department." *See* Ex. 2 at 20478, *Request for Information (RFI): Ensuring Lawful Regulation and Unleashing Innovation to Make America Healthy Again*, 90 Fed. Reg. 20478, 20478–481 (May 14, 2025) ("RFI"). The Department stated that its goal is to address "regulations that are unnecessary, inconsistent with the law, overly burdensome, outdated, out of alignment with current Executive orders, or otherwise unsound." *Id.* at 20480. It sought feedback on regulations that,

[2] Amazon reserves its right to argue that certain provisions of DSHEA and its implementing regulations do not apply to Amazon's conduct at issue in this litigation.



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

among other things, are "based on anything other than the best reading of the underlying statutory authority or prohibition," and that "impose significant costs upon private parties that are not outweighed by public benefits." *Id.* at 20479.

In response, industry stakeholders urged FDA to amend § 101.93(d) to eliminate the "each panel" language as unnecessary and counterproductive. Stakeholders noted that including a disclaimer on each panel is "unnecessary" and that the use of one disclaimer "effectively communicates the disclaimer to consumers" and "minimizes redundant text."[3] Stakeholders also commented that § 101.93(d) is "not based on the best reading of the underlying statutory authority or prohibition"[4] and that a single disclaimer "meets the statutory requirements."[5]

These stakeholders likewise cited costly class action litigation that has exploited alleged non-compliance with § 101.93(d). *See* Ex. 3 at 29, CRN Comment ("Class action plaintiffs have taken advantage of the unnecessary burdens imposed by the current regulation…"); Ex. 4 at 4, NPA Comment ("plaintiff's attorneys have cited [§ 101.93(d)] in support of arguments that structure/function statements are false and misleading"); Ex. 5 at 3, CHPA Comment (the "each panel" requirement "expose[s] manufacturers to litigation over minor formatting issues, despite good-faith compliance efforts").

Referring to these requests to modify and amend § 101.93(d), on December 11, 2025, FDA issued a "Letter to the Dietary Supplement Industry on the DSHEA Disclaimer." Ex. 1 at 1 and n.1. The Letter explains that FDA intends to initiate rulemaking to amend § 101.93, and that it is likely to withdraw the "each panel" requirement altogether: "***Based on FDA's initial review, we expect that revising this regulation to remove the requirement for the DSHEA disclaimer to***

---

[3] Ex. 3 at 28–29, Council for Resp. Nutr., Comment Letter on Request for Information (RFI): Ensuring Lawful Regulation and Unleashing Innovation To Make America Healthy Again (July 14, 2025), https://www.regulations.gov/comment/AHRQ-2025-0001-0874 ("CRN Comment").

[4] *Id.* at 24.

[5] Ex. 4 at 2, Natural Products Association, Comment Letter on Request for Information: Ensuring Lawful Regulation and Unleashing Innovation To Make America Healthy Again (July 11, 2025), https://www.regulations.gov/comment/AHRQ-2025-0001-0547 ("NPA Comment"); *see also* Ex. 5 at 2–3, Consumer Healthcare Products Association, Comment Letter on Request for Information: Ensuring Lawful Regulation and Unleashing Innovation To Make America Healthy Again (July 14, 2025), https://www.regulations.gov/comment/AHRQ-2025-0001-0960 ("CHPA Comment").



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

***appear on each panel of a product label where there is a [structure/function claim] would be consistent [with DSHEA] while reducing label clutter and unnecessary costs.***" *Id.* (emphasis added).

In the Letter, FDA also recognizes that it has "rarely, if ever, enforced" the "each panel" requirement. *Id.* And, pending the completion of the rulemaking, FDA will "exercise enforcement discretion" regarding this requirement.[6] *Id.* As such, Plaintiffs presently demand that this Court enforce § 101.93(d) in a fashion that FDA itself has "rarely, *if ever*" done, and that the agency has stated *it will not do* during the rulemaking process. *Id.* (emphasis added).

## III. ARGUMENT

### A. Legal Standard

Under the primary jurisdiction doctrine, courts may stay or dismiss claims that implicate issues committed to an agency's expertise and uniform administration, particularly to avoid inconsistent rulings with ongoing agency processes. *See United States* v. *Western Pacific R.R.*, 352 U.S. 59, 64 (1956). The doctrine permits courts to dismiss or stay an action pending resolution of "an issue within the special competence of an administrative agency." *Clark* v. *Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). "Courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." *Davel*, 460 F.3d at 1086 (9th Cir. 2006) (quoting *Syntek Semiconductor Co.* v. *Microchip Tech. Inc.*, 307 F.3d 775, 780–81 (9th Cir. 2002)). The goal is "to avoid the possibility of conflicting rulings by courts and agencies concerning issues within the agency's special competence." *Davel*, 460 F.3d at 1090.

In applying the primary jurisdiction doctrine, the Ninth Circuit traditionally considers four factors: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that

[6] The Letter notes that FDA does not intend to exercise enforcement discretion with respect to the "requirement to include the DSHEA disclaimer on the product label and link the disclaimer to each 403(r)(6) claim, along with other requirements of 21 CFR 101.93." Ex. 1 at 1.



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek*, 307 F.3d at 781. And in the Ninth Circuit, "efficiency" is the "deciding factor." *Astiana* v. *Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015). Thus, when FDA initiates proceedings to modify guidance pertinent to a plaintiff's claims, courts regularly apply the doctrine to stay or dismiss those claims. *See, e.g.*, *Swearingen* v. *Late July Snacks LLC*, 2014 WL 2215878, at *1, *3 (N.D. Cal. May 29, 2014) (applying primary jurisdiction where FDA opened comments on a draft guidance concerning the ingredient at issue in the litigation).

**B. The Court Should Stay the Litigation Under the Primary Jurisdiction Doctrine Pending the Completion of the FDA's Rulemaking Process**

All four *Syntek* factors strongly favor staying this case pending completion of the FDA's rulemaking to revise § 101.93(d).

**1. This litigation presents a "need to resolve" the effect of § 101.93(d)**

The first *Syntek* factor—whether the litigation presents the "need to resolve" an issue otherwise falling within the authority of a regulatory body—weighs heavily in favor of a stay. *Syntek,* 307 F.3d at 781.

Here, Plaintiffs' theory of liability is squarely premised on Amazon's alleged violation of § 101.93(d): Plaintiffs claim that Amazon committed "unlawful" acts and practices under the UCL because the dietary supplements sold on its website violate § 101.93(d) and its "each panel" requirement. *See supra* Part II.A. Plaintiffs have repeatedly pressed this claim, including most recently in their pending spoliation motion where they maintain that it is "integral" to obtain PDF versions of PDPs to inform an assessment of the "each panel" requirement. Dkt. No. 106 at 13. Accordingly, the Court would indisputably "need to resolve" the interpretation and application of § 101.93(d) to adjudicate Plaintiffs' claims, which is the very regulation that FDA has announced it will imminently revise.

In these circumstances, courts regularly stay or dismiss litigation to allow the expert agency



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

to resolve the issue in the first instance. *See, e.g.*, *Swearingen*, 2014 WL 2215878, at *1, *3 (staying case involving UCL and other consumer protection claims alleging food labeling violations under the FDCA where FDA opened comments on a draft guidance concerning the ingredient at issue); *Franz* v. *Beiersdorf, Inc.*, 2015 WL 4659104, at *5 (S.D. Cal. Aug. 5, 2015) (staying UCL claim because determining whether a product is a "drug" implicates FDA expertise and "fine distinctions" under FDA guidelines); *Glass* v. *Glob. Widget, LLC*, 2020 WL 3174688, at *2, *4 (E.D. Cal. June 15, 2020) (staying case involving consumer protection claims against manufacturer of hemp cannabidiol ("CBD") products where FDA was working on regulations to address classification and status of CBD). In fact, Plaintiffs repeatedly assert that FDA's views are relevant to their claims, including by relying on FDA's (now outdated) commentary on § 101.93(d). *See* FAC ¶ 58.

FDA's rulemaking process will also inform the Court's evaluation of Amazon's affirmative defense that Plaintiffs' claims should all be dismissed because they turn on whether Amazon complied with DSHEA and its implementing regulations and are therefore preempted by the FDCA's requirement that "proceedings for the enforcement, or to restrain violations . . . shall be by and in the name of the United States." 21 U.S.C. § 337(a). *See* Amazon's Amended Answer ¶ 7.[7] FDA's rulemaking—which will likely revoke the "each panel" requirement and explain its long-standing practice of not enforcing this requirement in the overbroad manner that Plaintiffs insist—would provide a powerful illustration of how private enforcement of DSHEA regulations undermines the agency's authority to administer the regulatory scheme in a calibrated and uniform manner. *See, e.g.*, *Free Conferencing Corp.* v. *T-Mobile US, Inc.*, 2014 WL 7404600, at *8–9

---

[7] *See Nexus Pharm., Inc.* v. *Ctrl. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040, 1049–50 (9th Cir. 2022) (holding that UCL claims were impliedly preempted because the plaintiff's theory of harm existed "solely by virtue of the FDCA"); *Bubak* v. *Golo*, 2025 WL 2860044, at *2 (9th Cir. Oct. 9, 2025) (holding that UCL claims were impliedly preempted by the FDCA because whether a dietary supplement made an impermissible disease claim requires analysis within FDA's expertise, and distinguishing *Davidson* v. *Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. 2024)). Amazon intends to brief its preemption defense at the appropriate time and is not seeking a determination on the merits of that defense for purposes of the instant motion. Rather, it is sufficient that the FDA's regulatory process will likely provide relevant information that would advance the Court's resolution of this defense.



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

(C.D. Cal. Dec. 30, 2014) (granting stay under the primary jurisdiction doctrine where agency action could inform an affirmative defense).

Accordingly, the first *Syntek* factor strongly favors a stay.

**2. Supplement labeling is within FDA's expert authority pursuant to a statute that establishes a comprehensive regulatory scheme**

The second and third *Syntek* factors are incontestable here.

Congress vested FDA with authority and expertise over dietary supplement labeling, which is a form of food labeling, with the purpose of creating a uniform national regulatory scheme. *See* 21 U.S.C. §§ 371(a), 343(r)(6); *Reese* v. *Odwalla, Inc.*, 30 F. Supp. 3d 935, 941 (N.D. Cal. 2014) ("Congress has vested the FDA with regulatory authority over food labeling, charging the agency with creating a uniform national scheme of regulation to ensure that food is labeled in a manner that does not mislead consumers."). Thus, the second *Syntek* factor—whether dietary supplement labeling falls within FDA's authority granted by Congress—is fully satisfied. *Greene* v. *T-Mobile USA, Inc.*, 2008 WL 351017, at *4 (W.D. Wash. Feb. 7, 2008) (second *Syntek* factor satisfied where Congress vested agency with statutory authority to regulate under accompanying federal statute).

It is also indisputable that dietary supplement labeling is governed by statutes, DSHEA and the FDCA, that are subject to and implemented by FDA's "comprehensive regulatory authority." *Syntek*, 307 F.3d at 781. This specifically includes DSHEA disclaimer requirements for dietary supplement labeling. *See* 21 U.S.C. § 343(r)(6); 21 C.F.R. § 101.93; 21 U.S.C. § 343(s) (FDCA vesting FDA with labeling authority over dietary supplements); *see also Ochoa* v. *Church & Dwight Co.*, 2018 WL 4998293, at *7 (C.D. Cal. Jan. 29, 2018) ("Congress has enacted a comprehensive scheme to maintain uniformity in food labeling (including dietary supplements) and has delegated the authority of administering it to the FDA."). Indeed, Plaintiffs' FAC admits that FDA exercises extensive statutory and regulatory authority over dietary supplement labeling and the DSHEA disclaimer specifically. *See* FAC ¶¶ 55–60, 67.



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Accordingly, the second and third *Syntek* factors weigh heavily towards a stay as well.

**3. The effect of § 101.93(d) requires FDA's expertise and uniformity in administration**

Finally, the fourth *Syntek* factor, which looks to whether the relevant issue requires "uniformity in administration," or agency "expertise," also overwhelmingly supports a stay. 307 F.3d at 781.

***First***, the "uniformity in administration" component of primary jurisdiction is necessarily satisfied when a plaintiff demands that a court adopt a position that may contradict one taken by the governing agency. *Greene*, 2008 WL 351017, at *4 ("uniformity in administration is of particular relevance" if agency proceedings could produce conflict between the court and the agency). That is because the Ninth Circuit has held that primary jurisdiction's purpose is to ensure that courts and agencies do not conflict on matters within the agency's expertise. *Id.* ("As the Ninth Circuit has stated, 'it is precisely the purpose of the primary jurisdiction doctrine to avoid the possibility of conflicting rulings by courts and agencies concerning issues within the agency's special competence.'") (quoting *Davel*, 460 F.3d at 1090).

FDA's recent statements regarding its intent to eliminate the "each panel" requirement as unnecessary "label clutter" directly contradict Plaintiffs' positions in this litigation. Ex. 1 at 1. Plaintiffs insist that this Court require redundant disclaimers under § 101.93(d) based on their assertion that FDA would support this application of the regulation. FAC ¶¶ 57, 58, 120(a). Yet, FDA has now indicated that this interpretation is misguided, that it has rarely if ever enforced § 101.93(d) in this fashion, that *it will not do so* pending the completion of the rulemaking, and that its present intention *is to withdraw the "each panel" requirement* in full. *See* Ex. 1 at 1. Thus, a conflict between FDA and this Court is not merely a "possibility," which is all the Ninth Circuit requires, *Davel*, 460 F.3d at 1090, but is instead probable.

Moreover, FDA was prompted to articulate its views on § 101.93(d) because affected stakeholders brought to the agency's attention class lawsuits like this one. *See, e.g.*, Ex. 3 at 29,



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

CRN Comment; Ex. 4 at 4, NPA Comment; Ex. 5 at 3, CHPA Comment. It is particularly important to await the benefit of FDA's regulatory proceedings, when those proceedings were initiated, in part, to address burdensome litigation premised on a reading of § 101.93(d) that FDA, to our knowledge, has never enforced and intends to explicitly disavow. *See* Ex. 1 at 1.

And, more broadly, a consistent body of primary jurisdiction authority favors imposition of a stay during active FDA proceedings. *See, e.g.*, *Figy* v. *Lifeway Foods, Inc.*, 2014 WL 1779251, at *4–5 (N.D. Cal. May 5, 2014) (staying action under the primary jurisdiction doctrine because doing so would "assure uniform application of regulatory law by preventing the Court from potentially issuing a decision contrary to the FDA's formal position"); *Figy* v. *Amy's Kitchen, Inc.*, 2014 WL 3362178, at *4 (N.D. Cal. July 7, 2014) (similar).

***Second***, the scope and effect of § 101.93(d)—and the underlying substantive issue of whether redundant DSHEA disclaimers are necessary or are "label clutter"—is an issue within FDA's expertise. Ex. 1 at 1. Courts in the Ninth Circuit routinely stay, or dismiss, actions where, as here, the claims implicate regulations within the "competence" or "expertise" of FDA, particularly when the issues are subject to "ongoing FDA proceedings." *See, e.g.*, *Figy* v. *Lifeway Foods, Inc.*, 2014 WL 1779251, at *2, *5; *Gitson* v. *Clover Stornetta Farms, Inc.*, 2014 WL 2638203, at *3, *5, *7, *9 (N.D. Cal. June 9, 2014); *Ochoa*, 2018 WL 4998293, at *6–9; *Kane* v. *Chobani, LLC*, 645 F. App'x 593, 594 (9th Cir. 2016). And, as noted, Plaintiffs have already conceded that this Court should consider FDA's expert views when it determines whether and how the DSHEA disclaimer labeling requirements ought to be implemented. *See* FAC ¶ 58 (indicating that FDA's guidance should be considered regarding the DSHEA disclaimer).

Moreover, according to Plaintiffs, the alleged consequence of incomplete disclaimers under § 101.93(d) is that otherwise lawful dietary supplements must be categorized as "unapproved" and "unlawful" "new drug[s]." *See* FAC ¶¶ 61–63. But this is *also* an issue within FDA's specific expertise, as several courts have observed. *See, e.g.*, *Luman* v. *NAC Mktg. Co., LLC*, 2017 WL 3394117, at *4–5 (E.D. Cal. Aug. 8, 2017) (dismissing case pursuant to the



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

primary jurisdiction doctrine because "[d]etermining whether a product is properly characterized as a 'new drug' requires the FDA's expertise" where plaintiff alleged that a product "is properly characterized as a 'new drug' rather than a dietary supplement"); *Brinkerhoff* v. *L'Oreal USA, Inc.*, 417 F. Supp. 3d 1308, 1318 (S.D. Cal. 2019) (dismissing case pursuant to primary jurisdiction doctrine because the "FDA has primary jurisdiction" over whether a product is a "new drug").

***Finally***, efficiency—the Ninth Circuit's "deciding factor"—strongly favors a stay. *Astiana*, 783 F.3d at 760. In the course of revoking or amending the "each panel" requirement in the rulemaking process, FDA will explain its interpretation of that requirement, whether FDA views that requirement as consistent with the underlying statute, and the policy or technical considerations informing FDA's judgments—all of which will materially guide this Court's analysis of the parties' claims and defenses.[8] It would thus be inefficient to allow this case to proceed when FDA is poised to revise and clarify the regulation central to Plaintiffs' claims. *See Figy*, 2014 WL 1779251, at *4 ("FDA's position . . . will enhance the Court's decision-making efficiency by allowing the Court to benefit from the FDA's definitive guidance . . . ."). As a result, awaiting FDA resolution of this issue would best promote judicial efficiency. *See Kane*, 645 F. App'x at 594 (remanding case with instructions to stay where "judicial resources will be conserved" by a stay). Additionally, as previously discussed (*see supra* Section III.B.1), the completion of FDA's rulemaking process would advance the Court's resolution of Amazon's preemption defense. FDA's decision would also impact other aspects of the litigation tied to the interpretation of the "each panel" requirement, such as whether, if there is a class, the scope of such a class. *See* FAC ¶¶ 102, 107, 140, 143–144; *Grimm* v. *APN, Inc.*, 2018 WL 4793088, at *4 (C.D. Cal. Jan. 8, 2018) (staying case where "at a minimum . . . [the] new rulemaking would cut off the relevant class period.").

Thus, the fourth *Syntek* factor strongly favors a stay.

[8] Moreover, in the course of the rulemaking, FDA will respond to comments it receives and may express views on other aspects of the DSHEA regulatory requirements, some of which may also be relevant to the issues in the litigation.



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

## IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests the entry of a stay pending the completion of FDA's rulemaking process, with the parties to file a joint status update every 90 days.



**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

Dated: January 6, 2026

*I certify that this brief contains 4,008 words, in compliance with LCR 7(e)(4).*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By */s/ Joshua Hill*
Joshua Hill (*pro hac vice*)
Ariane Rockoff-Kirk (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: jhill@paulweiss.com
arockoff-kirk@paulweiss.com

Roberto J. Gonzalez (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7316
Facsimile: (202) 223-7420
Email: rgonzalez@paulweiss.com

Walter Brown (*pro hac vice*)
535 Mission Street, 25th Floor
San Francisco, CA 94105-3347
Phone: (628) 432-5111
Facsimile: (202) 204-7379
Email: wbrown@paulweiss.com

**PERKINS COIE LLP**

By */s/ Charles C. Sipos*
Charles C. Sipos, WSBA No. 32825
Eric J. Weiss, WSBA No. 44807
Juliana L. Bennington, WSBA No. 60357
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email: CSipos@perkinscoie.com
EWeiss@perkinscoie.com
JBennington@perkinscoie.com

*Attorneys for Defendant Amazon.com Services, LLC*