THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANITA MEDAL, ESTHER YOO, GAYLE HAYES and ANTOINETTE STANIEWICZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | No. 2:23-cv-01975-JHC<br><br>**AMAZON.COM SERVICES LLC'S MOTION FOR ORDER TO SHOW CAUSE**<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 17, 2026 |

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.  INTRODUCTION

Judges nationwide have expressed deep concern about misuse of generative artificial intelligence ("AI") in court filings. Chief among those concerns is the potential for generative AI to spit out "hallucinated" material, including false machine-invented law. As one judge in this District recently explained, hallucinated legal authority "prejudices clients, undermines faith in attorneys and the justice system, and compels diversion of public resources from pending cases." Order at 19, *Parker v. Costco Wholesale Corp.*, No. 25-cv-0519-SKV (W.D. Wash. Nov. 7, 2025) (Vaughan, J.), Dkt. No. 60 ("*Parker* Order").

Defendant Amazon.com Services LLC ("Amazon") therefore files this motion to inform this Court that there are strong indicia of hallucinated content in Plaintiffs' Opposition to Defendant's Motion to Stay (Dkt. No. 122) (Jan. 21, 2026) ("Opposition").

Plaintiffs' Opposition repeatedly quotes a portion of the United States Code, yet the proffered language does not exist, nor does the statutory subsection. The Opposition, purporting to quote 21 U.S.C. § 343(r)(6)(D) of the Food Drug and Cosmetic Act ("FDCA"), advances a statutory-language argument that dietary supplements sold via Amazon do not comply with federal law because those products fail to carry a disclaimer "juxtaposed with the information" the disclaimer qualifies. Opp. at 2 (purporting to quote § 343(r)(6)(D)). But that quoted language does not appear anywhere in Section 343, and subsection (D) does not exist. This nonexistent statutory language is quoted three times in Plaintiffs' Opposition, and the nonexistent statutory subsection is cited four times. Opp. at 2, 4, 7, and 9. Seeking to diminish the significance of FDA's imminent rulemaking, Plaintiffs claim this nonexistent statutory provision forms part of a "bedrock" federal standard that governs dietary supplement labeling. *Id.* at 2.

Because courts consistently hold that hallucinated AI content affects the integrity of the judicial process, Amazon respectfully asks this Court to enter an order to show cause, requiring Plaintiffs' counsel to explain the origin of this nonexistent authority and to address whether it is the product of generative AI. Such an order is particularly appropriate here, as one of Plaintiffs'

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC) – 1

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

law firms recently admitted to the improper use of generative AI in a court filing and represented that the firm would institute protective measures to prevent repeat conduct. If the Court determines that generative AI produced the hallucinated content, the Court can then take any action it deems appropriate. Amazon seeks no such relief in this motion on its own behalf.

## II.     FACTUAL BACKGROUND

### A.     Plaintiffs' Opposition Contains Nonexistent Statutory Authority

On January 6, 2026, Amazon filed its Motion to Stay Pending Completion of FDA Rulemaking ("Stay Motion") based on FDA's announcement of pending changes to an agency-promulgated regulation codified at 21 C.F.R. § 101.93(d). *See generally* Dkt. No. 121.

Plaintiffs filed their Opposition fifteen days later, on January 21, 2026. Dkt. No. 122. The Opposition argues that impending changes to FDA regulations are of diminished importance because a provision in the underlying FDCA, 21 U.S.C. § 343(r)(6), imposes other disclosure requirements that will remain unchanged. *Id.* at 2. Plaintiffs describe § 343(r)(6) as a legal "bedrock." *Id.* The Opposition then claims that § 343(r)(6) imposes two distinct requirements, codified in subsections (C) and (D), respectively. *Id.* The Opposition states that subsection (D) requires that certain disclaiming language appear on labels of dietary supplements "juxtaposed with the information" the disclaimer qualifies. *Id.* (purporting to quote 21 U.S.C. § 343(r)(6)(D)). The Opposition quotes this "juxtaposed" language three times and cites § 343(r)(6)(D) four times. *Id.* at 2, 4, 7, 8, and 9.

Upon review of Plaintiffs' Opposition, counsel identified this "juxtaposed with the information" statutory language as unfamiliar and conducted confirmatory research that quickly corroborated its nonexistence. *See* Declaration of Charles C. Sipos ("Sipos Decl.") ¶ 3. Similarly, while there is a § 343(r)(6) in the United States Code, there is no subsection (D) as claimed. *Id.* ¶ 4, Ex. A.

As an additional measure, Amazon's counsel conducted research via Westlaw and Lexis Nexis and confirmed that the phrase "juxtaposed with the information" does not appear anywhere

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC) – 2

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

in the United States Code or the Code of Federal Regulations. *Id.* ¶¶ 5–6. Thus, it appears impossible that the Opposition's assertion that federal statutory law contains this "juxtaposed with the information" language was merely the product of a miscitation.

B.  **One of Plaintiffs' Law Firms Has Claimed to Abide by Responsible Generative AI Usage Standards**

Last September, Boies Schiller Flexner LLP—the firm of one of the Opposition's three signatories—acknowledged the submission of a brief in another matter containing hallucinated authority produced by generative AI. As reported by Law360, a brief submitted by the firm in the California Court of Appeals contained multiple miscitations and a nonexistent case citation. *Id.* ¶ 7, Ex. B (D. Atkins, Law 360, "Boies Schiller Partner Admits AI Errors In Scientology Case" (Sept. 24, 2025)). In a September 19, 2025, filing in the California Court of Appeals that admitted the error, one of Boies Schiller's partners represented that the firm maintains controls to prevent misuse of generative AI. *Id.* ¶ 8, Ex. C at ¶ 4.[1] The partner also claimed Boies Schiller would conduct an internal investigation to prevent any repeat conduct: "The Firm is undertaking an investigation to determine why its controls failed and to ensure appropriate corrective action is taken." *Id.*, Ex. C at ¶ 5.

### III.   ARGUMENT

A.  **Federal Courts Issue Orders to Show Cause When Briefs Contain Legal Errors Consistent With the Improper Use of Generative AI**

Although improper use of generative AI is a relatively recent phenomenon, because of the seriousness of the issue, district courts in the Ninth Circuit have already coalesced around a practice that calls for an order to show cause when a filing contains erroneous legal authority consistent with a generative AI hallucination. *See Parker v. Costco Corp.*, No. 25-CV-519-SKV, 2025 WL 2481280, at *1 (W.D. Wash. Aug. 28, 2025) (issuing order to show cause where brief contained "legal errors consistent with unverified generative artificial intelligence . . . outputs"

---

[1] The declaration was submitted in support of a motion for leave, opposed by appellants, to file a corrected brief addressing the hallucinated content. The California Court of Appeals denied the motion. Sipos Decl. ¶ 9, Ex. D.

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC) – 3

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

(Vaughn, J.)); *Hernandez v. Lopez*, No. 22-CV-6673-RAO, 2025 WL 2885479, at *3 (C.D. Cal. July 8, 2025) (issuing order to show cause where brief contained "cases [that] do not appear to exist and were likely hallucinated by . . . generative artificial intelligence"); *Gibralter, LLC v. DMS Flowers, LLC*, No. 24-CV-00174-CDB, 2025 WL 3006809, at *2 (E.D. Cal. Sept. 11, 2025) (issuing order to show cause where citation of non-existent case prompted "suspected improper and undisclosed use of AI"); *United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025) (issuing order to show cause where brief cited authority that was "not a real case" and thus had "all the markings of a hallucinated case created by generative [AI]"), *reconsideration denied*, No. 24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025); *N.Z. v. Fenix Int'l Ltd.*, No. 24-CV-01655-FWS, 2025 WL 3626155, at *1 (C.D. Cal. Dec. 12, 2025) (same).[2]

When a court determines that generative AI has resulted in the submission of false authority, courts then take appropriate action. *See*, *e.g.*, *Parker* Order, *supra*, at 22 (imposing sanctions for improper AI generated hallucinated authority). This Court, too, has commented on the inappropriateness of hallucinated legal authority. *See Benshoof v. Chin*, No. 24-CV-00808-JHC, 2025 WL 1414055, at *4 n.3 (W.D. Wash. May 15, 2025) (Chun, J.) (admonishing party about inappropriateness of hallucinated content). The consistent thread is clear: When briefing presents invented law, courts act to safeguard the integrity of the judicial process.

**B.   The Opposition's Reliance on Invented Language and a Nonexistent Statutory Subsection Is Consistent With the Improper Use of Generative AI**

The Opposition's reliance on nonexistent statutory language from a fictitious statutory subsection is overwhelmingly "consistent with" the improper use of generative AI and warrants an order to show cause. *Parker*, 2025 WL 2481280, at *1.

---

[2] Amazon acknowledges that ordinarily courts issue show cause orders *sua sponte* after independent identification of the potentially hallucinated content. Amazon brings the issue to the Court's attention by way of motion because of the overwhelmingly strong indicia that the content is hallucinated, and to avoid the Court having to divert its own resources to detect the issue and then perform the associated confirmatory research as to the statutory language's nonexistence. This motion does not seek any specific relief beyond the issuance of the order to show cause.

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC) – 4

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

    *First*, the Opposition presents the phrase "juxtaposed with the information" in quotation marks, it asserts that this statutory language exists, and it encourages this Court to rely on it. Opp. at 2; *id.* at 8 (placing "juxtaposed" in quotes and claiming it is a "statutory requirement"); *id.* at 9 (placing "juxtaposed with the information" in quotes and claiming it is statutory language "Congress itself has supplied" as the "governing line"). Yet, this statutory language does not exist. *See supra* Section II.A. The language was identified as unfamiliar and erroneous, which basic research easily corroborated. Sipos Decl. ¶¶ 3, 5–6.[3] A brief that quotes made-up language is a strong indicator of a generative AI hallucination. *See*, *e.g.*, *Sunvilla Corp. v Weiss*, No. 25-CV-1165, 2025 WL 2684278, at *3 (C.D. Cal. Aug. 21, 2025) (issuing order to show cause where opposition brief contained "two cases that do not contain the quotations attributed to them").

    *Second*, the specific subsection to which Plaintiffs attribute this false language, 21 U.S.C. § 343(r)(6)(D), does not exist. *See supra* Section II.A. There is no subsection (D) in this portion of the FDCA, *id.*, as a review of Westlaw and Lexis Nexis readily demonstrates. This is another overwhelmingly strong indicator of a hallucination. *Gibralter, LLC*, 2025 WL 3006809, at *1 ("[T]he Court attempted to locate the *Pitts* case cited in Plaintiffs' brief in opposition to the motion to dismiss but was unable to find any record despite the Court's extensive research efforts on both Westlaw and LEXIS."). Yet the Opposition repeatedly postures this subsection as real, citing it four separate times. Opp. at 2, 4, 7, & 9.

    *Third*, because hallucinated AI content impedes the judicial process, even minimal citation to a hallucinated authority is sufficient to trigger a court's inquiry. *Gibralter, LLC*, 2025 WL 3006809, at *1 (single false case citation sufficient to justify order to show cause). In this case, the Opposition presents this false authority seven times. *See supra* Section II.A. Thus, while there is

---

[3] The word "juxtaposed" is illogical in this context, as it is defined to mean placing in contrast two unrelated items. *See* Online Cambridge Dictionary, "juxtaposed" (v.) ("to put things that are not similar next to each other"), *available at* https://dictionary.cambridge.org/us/dictionary/english/juxtaposed (last visited Jan. 27, 2026). This would mean Congress nonsensically enacted a statute dictating that the required disclaimer is unrelated to the content it disclaims.

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC) – 5

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

never justification for citation to false authority, here the apparently hallucinated content was presented to the Court as a forming part of a supposed "bedrock" statute to support repeated argument. Opp. at 2.[4]

### C. The Court Should Issue an Order to Show Cause

Amazon respectfully asks this Court to issue an order to show cause requiring Plaintiffs' counsel to explain: (1) each signatory's role in the use of the "juxtaposed" language and accompanying false citation; (2) whether and how the drafting or research for the Opposition was aided by the use of generative AI; and (3) what verification mechanisms and controls were in place for generative AI's use. Further, because Plaintiffs' counsel Boies Schiller publicly represented in another matter that it adheres to responsible use of generative AI and would work to guard against repeat instances of misuse, Sipos Decl. ¶ 8, Ex. C, the response to the order should address this issue. If compliance with the order to show cause confirms that the hallucinated content was the product of misused generative AI, the Court may in its discretion take any action it deems appropriate. *See Parker* Order, *supra*, at 25–26.[5]

### IV.   CONCLUSION

For the foregoing reasons, this Court should issue an order to show cause requiring Plaintiffs' counsel to explain the origin of nonexistent authority and whether that authority is hallucinated generative AI content.

---

[4] The regulation, 21 C.F.R. § 101.93(d), states that the disclaimer should be "adjacent to" the regulated claim *or* "linked to the statement." *Id.* But § 101.93(d) imposes no "juxtaposed with the information" requirement and does not contain that language.

[5] Courts have observed that the filing of a "corrected" brief does not fully remediate the issue. *See N.Z.*, 2025 WL 3626155, at *2.

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC) – 6

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | |
|---|---|---|
| 1 | Dated: January 27, 2026 | *I certify that this brief contains 2,099 words, in compliance with LCR 7(e)(3)* |

By: /s/ *Charles C. Sipos*
**PERKINS COIE LLP**

Charles C. Sipos, Bar No. 32825
Lauren J. Tsuji, Bar No. 55839
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Email: CSipos@perkinscoie.com
　　　　LJTsuji@perkinscoie.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By /s/ *Joshua Hill*
Joshua Hill (*pro hac vice*)
Ariane Rockoff-Kirk (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: jhill@paulweiss.com
　　　　arockoff-kirk@paulweiss.com

Roberto J. Gonzalez (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7316
Facsimile: (202) 223-7420
Email: rgonzalez@paulweiss.com

Walter Brown (*pro hac vice*)
535 Mission Street, 25th Floor
San Francisco, CA 94105-3347
Telephone: (628) 432-5111
Facsimile: (202) 204-7379
Email: wbrown@paulweiss.com


Attorneys for Defendant
AMAZON.COM SERVICES, LLC

AMAZON'S MOTION FOR ORDER TO SHOW CAUSE
(No. 2:23-cv-01975-JHC) – 7

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000