# Exhibit B

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ANITA MEDAL, ESTHER YOO, GAYLE HAYES, ANTOINETTE STANIEWICZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM SERVICES, LLC,

Defendant.

Case No. 2:23-cv-01975-JHC

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A STAY**

NOTE ON MOTION CALENDAR: January 27, 2026

ORAL ARGUMENT REQUESTED

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A STAY
CASE NO.: 2:23-cv-01975-JHC

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

## TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. BEDROCK FEDERAL STANDARDS, LONG IN FORCE AND INCORPORATED INTO CALIFORNIA LAW, HAVE ALREADY GIVEN RISE TO ACCRUED CLAIMS .......... 1

A. These long-standing standards created accrued claims that later FDA rulemaking cannot retroactively erase .......... 3

B. Retroactivity principles protect Plaintiffs' accrued rights .......... 3

II. PRIMARY JURISDICTION DOES NOT JUSTIFY A STAY .......... 5

A. The doctrine is narrow and efficiency-driven .......... 6

Factor One: No need for FDA to decide first; the Court can apply existing law .......... 6

Factor Two: There is no need to defer to agency expertise .......... 7

Factors Three and Four: FDA has already spoken; any future rulemaking will be prospective .......... 8

B. Amazon's cases involved unsettled standards or threshold classifications .......... 8

C. A stay would undermine, not promote, efficiency .......... 9

III. THE CLAIMS HERE ARE NOT PREEMPTED .......... 10

IV. CONCLUSION .......... 11

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Allergan USA, Inc. v. Imprimis Pharm., Inc.*, No. SA-CV-17-1551-DOC-JDEX, 2017 WL 10526121 (C.D. Cal. Nov. 14, 2017)....7

*Arora v. GNC Holdings, Inc.*, No. 19-CV-02414-LB, 2019 WL 6050750 (N.D. Cal. Nov. 15, 2019) ....7

*Astiana v. Hain Celestial Group*, 783 F.3d 753 (9th Cir. 2015) ....2, 6

*Bowen v. Georgetown Univ. Hospital*, 488 U.S. 204 (1988)....4

*Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947 (N.D. Cal. 2013) ....3, 7

*Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166 (9th Cir. 2002) ....6

*Bubak v. Golo*, No. 24-492, 2025 WL 2860044 (9th Cir. Oct. 9, 2025)....11

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) ....6

*Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111 (N.D. Cal. 2010) ....7

*Clark v. Time Warner Cable*, 523 F.3d 1110 (9th Cir. 2008) ....6

*Davidson v. Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. 2024) ....2, 6, 9, 10, 11

*De Keczer v. Tetley USA, Inc.*, No. 5:12-CV-02409-EJD, 2014 WL 4288547 (N.D. Cal. Aug. 28, 2014) ....7

*Delacruz v. Cytosport, Inc.*, No. C-11-3532-CW, 2012 WL 2563857 (N.D. Cal. June 28, 2012)....7

*Evangelatos v. Superior Court*, 44 Cal. 3d 1188 (1988) ....4

*Figy v. Amy's Kitchen, Inc.*, No. C-13-03816-SI, 2014 WL 3362178 (N.D. Cal. July 7, 2014)....8

*Figy v. Lifeway Foods, Inc.*, No. 13-CV-04828-THE, 2014 WL 1779251 (N.D. Cal. May 5, 2014)....8, 9

*Forrett v. W. Thomas Partners LLC*, 746 F. Supp. 3d 780 (N.D. Cal. 2024) ....11

*Franz v. Beiersdorf, Inc.*, No. 14-CV-2241-LAB-EBB, 2015 WL 4659104 (S.D. Cal. Aug. 5, 2015) ....9

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

*Gitson v. Clover-Stornetta Farms, Inc.*, No. C-13-01517-EDL, 2014 WL 2638203 (N.D. Cal. June 9, 2014) ..........8, 9

*Glass v. Global Widget, LLC*, No. 2:19-CV-01906-MCE-KJN, 2020 WL 3174688 (E.D. Cal. June 15, 2020) ..........9

*Henning v. Luxury Brand Partners, LLC*, No. 22-CV-07011-TLT, 2023 WL 3555998 (N.D. Cal. May 10, 2023) ..........10

*In re Nurture Baby Food Litig.*, No. 1:21-CV-01217-MKV, 2025 WL 918927 (S.D.N.Y. Mar. 26, 2025) ..........7

*In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074 (C.D. Cal. 2017) ..........10

*Inst. for Fisheries Res. v. Cont'l Tire the Americas*, No. 3:23 cv 05748 JD, 2024 WL 3381032 (N.D. Cal. July 10, 2024)..........7, 8

*Kane v. Chobani, LLC*, 645 F. App'x 593 (9th Cir. 2016) ..........9

*Kroessler v. CVS Health Corp.*, 977 F.3d 803 (9th Cir. 2020) ..........10

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994)..........4, 5

*League of California Cities v. FCC*, 118 F.4th 995 (9th Cir. 2024) ..........4

*Li v. Amazon.com Servs., LLC*, 751 F. Supp. 3d 1138 (W.D. Wash. 2024)..........1, 6

*Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)..........7

*Medal v. Amazon.com Servs., LLC*, No. 2:23-CV-01975-JHC, 2025 WL 1635233 (W.D. Wash. June 9, 2025)..........6

*Medal v. Amazon.com Servs., LLC*, No. 2:23-CV-01975-JHC, 2025 WL 1656117 (W.D. Wash. June 11, 2025)..........10

*Medal v. Amazon.com Servs., LLC*, No. 2:23-CV-01975-JHC, 2025 WL 1827735 (W.D. Wash. July 2, 2025) ..........10

*Nat. Prods. Ass'n v. FDA*, No. 8:21-cv-3112-GLS (D. Md. Dec. 6, 2021)..........5

*Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040 (9th Cir. 2022) ..........11

*Ochoa v. Church & Dwight Co.*, No. 5:17-CV-02019-ODW-SP, 2018 WL 4998293 (C.D. Cal. Jan. 29, 2018) ..........9

*Palmer v. Amazon.com, Inc.*, 51 F.4th 491 (2d Cir. 2022) ..........10

*Paschoal v. Campbell Soup Co.*, No. 21-CV-07029-HSG, 2022 WL 4280645 (N.D. Cal. Sept. 15, 2022) ..........6

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

*Reese v. Odwalla, Inc.*, 30 F. Supp. 3d 935 (N.D. Cal. 2014) ....................8, 9

*Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151 (9th Cir. 2007) ....................6

*Segedie v. Hain Celestial Grp.,* No. 14-CV-5029 NSR, 2015 WL 2168374 (S.D.N.Y. May 7, 2015) ....................4

*Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775 (9th Cir. 2002) ....................6

*White v. Beech-Nut Nutrition Co.*, No. 23-220-CV, 2024 WL 194699 (2d Cir. Jan. 18, 2024) ....................10

**Regulations**

21 C.F.R. § 101.93(d) .................... *passim*

**Statutes**

21 U.S.C. § 343(r)(6) ....................2, 3, 4, 7, 9

Cal. Health & Safety Code § 110100(a) ....................2, 3, 4, 9

Dietary Supplement Health and Education Act .................... *passim*

FDCA § 201(ff)(3)(B)(i)....................5

**Other Authorities**

Cindy Crawford et al., *Analysis of Select Dietary Supplement Products Marketed to Support or Boost the Immune System*, 5 JAMA Network Open 8 (Aug. 10, 2022) https://jamanetwork.com/journals/jamanetworkopen/fullarticle/2794987 ....................5

CRN Citizen Petition (June 1, 2021), https://www.crnusa.org/sites/default/files/pdfs/comments-pdfs/CRN-NAC-CitizenPetition0621.pdf ....................5

Pieter A. Cohen et al., *Recalls, Availability, and Content of Dietary Supplements Following FDA Warning Letters*, 328 JAMA 4 (July 26, 2022) https://jamanetwork.com/journals/jama/fullarticle/2794578 ....................5

Reagan-Udall Foundation, Operational Evaluation of the FDA Human Foods Program (Dec. 2022), https://reaganudall.org/sites/default/files/2022-12/Human%20Foods%20Program%20Independent%20Expert%20Panel%20Final%20Report%20120622.pdf....................5

Statement of Commissioner Rebecca Kelly Slaughter Joined by Chair Lina Khan and Commissioner Alvaro M. Bedoya Regarding the Issuance of a Notice of Penalty Offenses on Substantiation of Product Claims (F.T.C. March 31, 2023) https://www.ftc.gov/system/files/ftc_gov/pdf/rks_substantiation_pno_statement_lk_ab_final.pdf....................1

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

U.S. Food & Drug Admin., *Dietary Supplement Labeling Guide* (Apr. 2005) https://www.fda.gov/food/dietary-supplements-guidance-documents-regulatory-information/dietary-supplement-labeling-guide. ....................................................2

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A STAY
CASE NO.: 2:23-cv-01975-JHC — v

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

**INTRODUCTION**

Plaintiffs Anita Medal, Esther Yoo, Gayle Hayes, and Antoinette Staniewicz (hereinafter "Plaintiffs") respectfully submit this memorandum of law in opposition to Defendant Amazon.com Services, LLC's motion to stay this action pending completion of Food and Drug Administration ("FDA") rulemaking.

The motion should be denied. Plaintiffs' state-law claims already accrued under now-existing California law and cannot be retroactively extinguished by supposed future FDA rulemaking. Moreover, any hoped-for changes to 21 C.F.R. § 101.93(d) would, by FDA's own admission, at most affect only a narrow slice of the labeling requirements at issue here—the "each panel" clause—and would leave untouched the core requirements of the Dietary Supplement Health and Education Act ("DSHEA") that the disclaimer be prominently displayed, in boldface, and clearly linked to the structure function claims it qualifies. Nor does the prudential doctrine of primary jurisdiction justify halting this three-year-old case based on familiar consumer-protection standards that guard against real economic and health harms that the Court is fully capable of applying. *See Li v. Amazon.com Servs., LLC*, 751 F. Supp. 3d 1138, 1149–1151, 1156–1158 (W.D. Wash. 2024); Dkt. #77 ¶¶ 44–84; *see also* Statement of Commissioner Rebecca Kelly Slaughter Joined by Chair Lina Khan and Commissioner Alvaro M. Bedoya Regarding the Issuance of a Notice of Penalty Offenses on Substantiation of Product Claims, at 2 (F.T.C. March 31, 2023), https://www.ftc.gov/system/files/ftc_gov/pdf/rks_substantiation_pno_statement_lk_ab_final.pdf ("People suffer real physical, financial, and emotional harm when purported cures and treatments do not live up to their marketing promises.").

**ARGUMENT**

**I. BEDROCK FEDERAL STANDARDS, LONG IN FORCE AND INCORPORATED INTO CALIFORNIA LAW, HAVE ALREADY GIVEN RISE TO ACCRUED CLAIMS.**

Amazon's stay request assumes that a potential, future change to a single clause in one FDA regulation could alter the governing standards for this case and retroactively defeat Plaintiffs' claims. That premise is incompatible with *decades* of settled federal standards that have governed structure

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

function disclaimers, with California's incorporation of those standards into the Sherman Law, and with basic principles protecting already-accrued claims.

DSHEA does not just authorize FDA to regulate disclaimers; it embeds the disclaimer obligation in the statute itself. A product bearing a structure function statement is misbranded unless "the statement contains, prominently displayed and in boldface type," the DSHEA disclaimer. 21 U.S.C. § 343(r)(6)(C). Those statutory conditions precedent are the bedrock federal standard for when structure function claims may lawfully be made.

FDA then implemented that statutory mandate by promulgating 21 C.F.R. § 101.93(d), which has, since the late 1990s, specified the placement mechanics: the disclaimer must be "placed adjacent to the statement with no intervening material or linked to the statement with a symbol (e.g., an asterisk)," and must "appear on each panel or page of the label" that bears a structure function claim. 21 C.F.R. § 101.93(d). For decades, that unified federal standard—statutory content and prominence plus placement—has remained in force and unchanged as applied to the conduct at issue. *See* U.S. Food & Drug Admin., *Dietary Supplement Labeling Guide* (Apr. 2005), https://www.fda.gov/food/dietary-supplements-guidance-documents-regulatory-information/dietary-supplement-labeling-guide.

California has chosen to adopt that same federal standard as its own. The Sherman Law provides that "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state." Cal. Health & Safety Code § 110100(a). As the Ninth Circuit explained in *Davidson v. Sprout Foods, Inc.*, California "amended the Sherman Law to incorporate all federal standards, thereby ensuring that California standards will be the same as the federal standards and not be preempted." 106 F.4th 842, 845 (9th Cir. 2024). The same understanding animates *Astiana v. Hain Celestial Group*, which holds that the FDCA does not preempt state laws allowing consumers to sue when labels violate "federal standards" and instructs courts to apply those standards "as well as any regulations that add content to those standards." 783 F.3d 753, 757–58 (9th Cir. 2015). *Brazil v. Dole Food Co.* likewise recognizes that state causes of action may enforce state requirements that

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

"mirror FDCA requirements," *i.e.*, parallel federal labeling standards, without being preempted. 935 F. Supp. 2d 947, 957–58 (N.D. Cal. 2013).

**A. These long-standing standards created accrued claims that later FDA rulemaking cannot retroactively erase.**

To implement DSHEA's disclaimer requirement, FDA promulgated § 101.93(d) in the late 1990s and has left its placement rule unchanged ever since: throughout the class period, the DSHEA disclaimer has had to be (1) adjacent to or clearly linked with each structure function claim, and (2) appear on each panel or page bearing such a claim. FDA's December 2025 letter confirms that this is how the federal standard has operated for decades: the letter recites that § 101.93(d) "states the DSHEA disclaimer shall be placed adjacent to the statement with no intervening material or linked to the statement with a symbol" and "goes on to state 'the disclaimer shall appear on each panel' of a product label where there is a 403(r)(6) claim," and then announces that FDA is "currently considering" industry requests to amend § 101.93(d) and, pending rulemaking, intends to exercise enforcement discretion as to ***only*** the "each panel" clause. Dkt. #121-2, at 2. In other words, FDA's own description confirms that the same placement rule has been layered on top of DSHEA's statutory prominence requirement since the late 1990s, and that any contemplated change would be prospective and partial.

Because California prospectively incorporates food-labeling regulations "adopted pursuant to the federal act," when FDA adopted § 101.93(d), California automatically adopted it as part of its own law. Cal. Health & Safety Code § 110100(a). Throughout the class period, therefore, an Amazon product detail page ("PDP") that lacked a prominently displayed, boldface DSHEA disclaimer adjacent to or clearly linked with each structure function claim violated California's food-labeling standards under the Sherman Law that incorporated the federal standard set by 21 U.S.C. § 343(r)(6) and 21 C.F.R. § 101.93(d). Each such violation gave rise to an accrued claim under California law at the time of sale, long before FDA's December 2025 letter or any potential, future rulemaking.

**B. Retroactivity principles protect Plaintiffs' accrued rights.**

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

Absent a clear statement, statutes are presumed not to apply retroactively to completed conduct. *See Landgraf v. USI Film Prods*., 511 U.S. 244, 270 (1994) ("[W]e have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent."). That presumption is "deeply rooted in our jurisprudence" and is particularly important where vested property rights and reliance interests are at stake. *Id.* at 265, 271–73. The same principle applies to agency rules: absent a clear congressional expression of retroactive intent, new rules operate only prospectively. *Bowen v. Georgetown Univ. Hospital*, 488 U.S. 204, 208–09 (1988) ("[A]dministrative rules will not be construed to have retroactive effect unless their language requires this result . . . [and] courts should be reluctant to find such authority absent an express statutory grant."); *League of California Cities v. FCC*, 118 F.4th 995, 1028–29 (9th Cir. 2024) (same); *Segedie v. Hain Celestial Grp.,* No. 14-CV-5029 NSR, 2015 WL 2168374, at *13 (S.D.N.Y. May 7, 2015) (holding that primary jurisdiction did not bar the plaintiffs' claims because application of existing regulations is a judicial function, "the USDA cannot retroactively amend the . . . regulations," and plaintiffs' claims rested on "existing regulations, not proposed regulations").

California follows a parallel rule. "Statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent." *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1207 (1988). Once a cause of action has accrued under existing law, later statutory or regulatory changes ordinarily do not extinguish it. *See id*. at 1211–12, 1218–21.

Here, Plaintiffs' California-law and parallel consumer fraud claims accrued when Amazon sold misbranded "supplement" products whose PDPs lacked a prominent DSHEA disclaimer that was repeated on each panel or page bearing structure function claims, in violation of 21 U.S.C. § 343(r)(6)(C)–(D) and 21 C.F.R. § 101.93(d), as incorporated by California Health & Safety Code § 110100(a). Those sales created valid legal claims under California law, and later FDA rulemaking cannot retroactively alter the legal consequences of that past conduct absent a clear congressional command.[1]

[1] These anti-retroactivity principles are the same ones that Amazon's allies have invoked when their own interests were threatened. In 2021, the Natural Products Association ("NPA") sued FDA over its attempt to exclude a product, "NAC," from the supplement market under DSHEA's drug-preclusion

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

Amazon's reliance on FDA's statement that it has "rarely, if ever, enforced" the "each panel" requirement, and will exercise enforcement discretion pending rulemaking, is misplaced. An agency's decision not to bring, or inability to bring, its own enforcement actions does not alter the meaning of the statute, invalidate a duly-promulgated regulation, or extinguish parallel state-law remedies that incorporate and mirror those federal requirements.[2]

### II. PRIMARY JURISDICTION DOES NOT JUSTIFY A STAY.

clause, alleging "there is … nothing in the relevant statute that allows for retroactive application" and asking the court to order FDA to "cease its unlawful retroactive application" of the FDCA as amended by DSHEA. Complaint (Dkt. #1) ¶¶ 1–2, 27–29, 55–65, *Nat. Prods. Ass'n v. FDA*, No. 8:21-cv-3112-GLS (D. Md. Dec. 6, 2021) (relying on *Landgraf*). Similarly, in a 2021 NAC citizen petition, the Council for Responsible Nutrition ("CRN") argued that interpreting FDCA § 201(ff)(3)(B)(i) to bar NAC supplements "violates the well-established presumption against statutory retroactivity," because DSHEA took effect in 1994 and Congress "did not express a clear, unambiguous intent for this provision to have a retroactive effect." CRN Citizen Petition at 6–7 (June 1, 2021) (citing *Landgraf*), https://www.crnusa.org/sites/default/files/pdfs/comments-pdfs/CRN-NAC-CitizenPetition0621.pdf. In other words, the very trade groups Amazon relies on have themselves recognized that DSHEA is subject to *Landgraf*'s presumption, that congressional silence cannot support retroactive application of new regulatory interpretations, and that once legal claims arise under prior law, FDA cannot retroactively strip them away.

[2] FDA's own overseers have repeatedly criticized the agency for chronic under-enforcement of its human-foods authorities, including dietary-supplement oversight, but those critiques assume the underlying statutory and regulatory requirements remain binding. External commentators similarly describe ineffective regulation of dietary supplements not because DSHEA's requirements lack legal force, but because FDA has failed to use its tools; they treat non-enforcement as a public-health problem, not as a repeal of statutory obligations or private rights. That history underscores why FDA's past inaction on DSHEA disclaimer placement cannot be read to have extinguished Plaintiffs' claims. *See, e.g.,* Reagan-Udall Foundation, Operational Evaluation of the FDA Human Foods Program, at 3–10, 17–18, 26–29 (Dec. 2022), https://reaganudall.org/sites/default/files/2022-12/Human%20Foods%20Program%20Independent%20Expert%20Panel%20Final%20Report%20120622.pdf (finding that FDA's human-foods program, which encompasses supplements, is not structured or resourced for its current or future responsibilities, leading to gaps in enforcement); Cindy Crawford et al., *Analysis of Select Dietary Supplement Products Marketed to Support or Boost the Immune System*, 5 JAMA Network Open 8 (Aug. 10, 2022), https://jamanetwork.com/journals/jamanetworkopen/fullarticle/2794987 ("[Q]uality control measures have not been sufficient for most immune health dietary supplement products advertised and sold on the Amazon website. . . . Most products tested had inaccurate labels, and the claims made on those labels may mislead consumers into purchasing products when information on whether they are actually beneficial is limited."); Pieter A. Cohen et al., *Recalls, Availability, and Content of Dietary Supplements Following FDA Warning Letters*, 328 JAMA 4 (July 26, 2022), https://jamanetwork.com/journals/jama/fullarticle/2794578 (discussing ineffectiveness of FDA warning letters).

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

**A. The doctrine is narrow and efficiency-driven.**

The primary jurisdiction doctrine is a "prudential" doctrine that applies only where "protection of the integrity of a regulatory scheme dictates preliminary resort to the agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008) (quoting *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002)). It is "not designed to 'secure expert advice' from agencies 'every time a court is presented with an issue conceivably within the agency's ambit,'" *id.* (quoting *Brown*, 277 F.3d at 1172), but only when doing so would "enhance court decision-making and efficiency." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1051 (9th Cir. 2000). Courts consider: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002). The Ninth Circuit has made clear that "efficiency" is the "deciding factor." *Astiana*, 783 F.3d at 760 (quoting *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007)).

Those factors are not satisfied here.

**Factor One: No need for FDA to decide first; the Court can apply existing law.**

The core question is whether Amazon's PDPs during the class period complied with DSHEA's statutory disclaimer requirements and § 101.93(d) as incorporated into California law. That is a straightforward application of settled text to concrete labels, not a policy question FDA must answer in the first instance. This Court has already applied these same standards in denying Amazon's Rule 12(b)(1) and 12(b)(6) motions, confirming that Plaintiffs' DSHEA-based theory is cognizable and framing the governing requirements. *Li*, 751 F. Supp. 3d at 1149–1151, 1156–1158; *Medal v. Amazon.com Servs., LLC*, No. 2:23-CV-01975-JHC, 2025 WL 1635233, at *1, *4–5 (W.D. Wash. June 9, 2025). Federal courts routinely do the same in food-labeling and Sherman Law cases. *See, e.g.*, *Davidson*, 106 F.4th at 846–50; *Paschoal v. Campbell Soup Co.*, No. 21-CV-07029-HSG, 2022 WL 4280645, at *5–6 (N.D. Cal. Sept. 15, 2022); *Allergan USA, Inc. v. Imprimis Pharm., Inc.*, No. SA-CV-17-1551-DOC-JDEX, 2017 WL 10526121, at *6–8 (C.D. Cal. Nov. 14, 2017); *De Keczer v.*

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

*Tetley USA, Inc.*, No. 5:12-CV-02409-EJD, 2014 WL 4288547, at *3, *5–9 (N.D. Cal. Aug. 28, 2014); *Brazil*, 935 F. Supp. 2d at 959–60; *Delacruz v. Cytosport, Inc.*, No. C-11-3532-CW, 2012 WL 2563857, at *6–10 (N.D. Cal. June 28, 2012); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1124 (N.D. Cal. 2010).

**Factor Two: There is no need to defer to agency expertise.**

Determining whether Amazon's PDPs lack a prominently displayed, boldface DSHEA disclaimer clearly linked to each structure function claim—as required by 21 U.S.C. § 343(r)(6)(C)–(D) and 21 C.F.R. § 101.93(d)—does not require technical scientific expertise or open-ended policy choices. It is a conventional judicial task: comparing label layouts to clear statutory and regulatory text and deciding whether consumers were misled, rather than deferring those legal questions to agencies, and one that courts are fully capable of assessing. *See Arora v. GNC Holdings, Inc.*, No. 19-CV-02414-LB, 2019 WL 6050750, at *3–4, *9–12 (N.D. Cal. Nov. 15, 2019). Especially after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), courts have an independent obligation to interpret and apply federal standards, rather than deferring those legal questions to agencies. *See In re Nurture Baby Food Litig.*, No. 1:21-CV-01217-MKV, 2025 WL 918927, at *9 (S.D.N.Y. Mar. 26, 2025). Courts have likewise recognized that when "FDA policy is clearly established with respect to what constitutes an unlawful or misleading label," courts are "well-equipped" to resolve such disputes without agency referral. *De Keczer*, 2014 WL 4288547, at *7; *see also Inst. for Fisheries Res. v. Cont'l Tire the Americas*, No. 3:23 cv 05748 JD, 2024 WL 3381032, at *2–3 (N.D. Cal. July 10, 2024), *Chacanaca*, 752 F. Supp. 2d at 1124.

The recent case of *Institute for Fisheries Resources v. Continental Tire the Americas, LLC* demonstrates why contemporaneous FDA activity does not warrant invocation of the primary jurisdiction doctrine where that activity does not affect existing claims. In *Institute for Fisheries*, plaintiffs alleged that tire manufacturers' use of the antioxidant 6PPD caused formation of 6PPD-quinone in stormwater, killing protected salmonid species and constituting a "taking" under the Endangered Species Act ("ESA"), while EPA was simultaneously considering regulation of 6PPD under the Toxic Substances Control Act ("TSCA"). *See* 2024 WL 3381032, at *1–2. The court refused to stay, explaining that "the EPA's determination of whether 6PPD poses an unreasonable risk under

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

the TSCA will not answer the question at the heart of this lawsuit, namely whether defendants' use of 6PPD in tires caused a taking of protected salmonid species in West Coast fish populations," and that the "question of a taking under Section 9 has not been delegated in whole or part to the EPA, and a rulemaking under the TSCA will not decide that question." *Id.*, 2024 WL 3381032, at *2–3. The court added that, whatever EPA decided, "there will likely be a lot to fight about," especially in light of *Loper Bright*. *Id.*, 2024 WL 3381032, at *3. The same logic applies here: whatever FDA may do prospectively with the "each panel" clause will not decide whether Amazon's past PDPs violated federal standards during the class period or extinguish the California-law claims arising from those violations.

**Factors Three and Four: FDA has already spoken; any future rulemaking will be prospective.**

FDA has already exercised its delegated authority by promulgating § 101.93(d), which for decades has governed the placement of DSHEA disclaimers on supplement labels. FDA's December 2025 letter acknowledges the existing framework—DSHEA's statutory requirement that the disclaimer be "prominently displayed" in "boldface" with the information it qualifies, and § 101.93(d)'s requirement that the disclaimer be adjacent to or clearly linked with each claim and appear on each panel or page where such claims appear—and then announces (1) an intent to consider industry petitions to amend § 101.93(d), and (2) interim enforcement discretion ***only with*** respect to the "each panel" clause. FDA does not purport to eliminate the "prominently displayed," "boldface," or "linked/adjacent" requirements or to retroactively legalize past non-compliance. Dkt. #121-2, at 2.

**B. Amazon's cases involved unsettled standards or threshold classifications.**

Amazon's authorities arise in very different postures. The "evaporated cane juice" cases—*Figy v. Lifeway Foods, Inc.*, No. 13-CV-04828-THE, 2014 WL 1779251 (N.D. Cal. May 5, 2014); *Figy v. Amy's Kitchen, Inc.*, No. C-13-03816-SI, 2014 WL 3362178 (N.D. Cal. July 7, 2014); *Gitson v. Clover-Stornetta Farms, Inc.*, No. C-13-01517-EDL, 2014 WL 2638203 (N.D. Cal. June 9, 2014); *Reese v. Odwalla, Inc.*, 30 F. Supp. 3d 935 (N.D. Cal. 2014); *Kane v. Chobani, LLC*, 645 F. App'x 593 (9th Cir. 2016)—involved a term on which FDA had issued only draft, non-binding guidance and expressly stated that it had "not reached a final decision" about the common or usual

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

name. *See Gitson*, 2014 WL 2638203, at *4; *Figy v. Lifeway Foods*, 2014 WL 1779251, at *3–5; *Reese*, 30 F. Supp. 3d at 940. Courts stayed those cases to avoid preempting FDA's first-instance naming decision.

Likewise, *Franz v. Beiersdorf, Inc.*, No. 14-CV-2241-LAB-EBB, 2015 WL 4659104, at *4–5 (S.D. Cal. Aug. 5, 2015), and *Glass v. Global Widget, LLC*, No. 2:19-CV-01906-MCE-KJN, 2020 WL 3174688, at *3–4 (E.D. Cal. June 15, 2020), involved unresolved threshold classification questions—whether particular products should be treated as "drugs," "cosmetics," or CBD products—on which FDA had not yet taken a firm position. In that setting, primary jurisdiction was invoked to avoid having courts make a first-cut regulatory designation in the absence of a clear statutory rule. *Ochoa v. Church & Dwight Co.*, No. 5:17-CV-02019-ODW-SP, 2018 WL 4998293, at *7–8 (C.D. Cal. Jan. 29, 2018), meanwhile, held that the matter was preempted because the plaintiff sought to impose additional burdens on the product labeling than controlling federal standards provided for.

Here, by contrast, Congress itself has supplied the governing line: a product bearing structure function claims is misbranded unless it carries the DSHEA disclaimer "prominently displayed and in boldface type" and with the information it qualifies, 21 U.S.C. § 343(r)(6)(C), and FDA's long-standing regulation requires that the disclaimer be adjacent to or clearly linked with each claim and appear on each panel or page where such claims appear, 21 C.F.R. § 101.93(d). California has incorporated that federal standard into its own law. Cal. Health & Safety Code § 110100(a); *Davidson*, 106 F.4th at 845. The question is not how to draw that clear line, but whether Amazon has crossed it. They are still violating that law.

**C. A stay would undermine, not promote, efficiency.**

Finally, efficiency—the "deciding factor" under *Astiana*—weighs strongly against a stay. This case has been pending nearly three years. Plaintiffs have defeated Amazon's jurisdictional and Rule 12(b)(6) motions; the Court has already invested substantial time in understanding DSHEA, § 101.93(d), and California's Sherman Law; and discovery has been heavily contested, resulting in orders mostly granting Plaintiffs' motions to compel, *see Medal*, 2025 WL 1656117, at *2–5 (W.D. Wash. June 11, 2025); *Medal*, 2025 WL 1827735, at *2–4 (W.D. Wash. July 2, 2025), and a pending spoliation motion concerning Amazon's failure to preserve PDP evidence, *see* Dkt. #106. FDA has set

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

no timetable for completing any rulemaking and has acknowledged that "the rulemaking process can take some time." Dkt. #121-2, at 2.

Staying now would freeze spoliation proceedings, delay discovery and class certification, and invite regulated entities to resist discovery and seek deregulatory changes—even unofficially—as a tactic to delay or defeat private enforcement. This is precisely the opposite of what the efficiency rationale is supposed to achieve. Courts in analogous circumstances have declined to invoke primary jurisdiction where open-ended agency timelines would "needlessly delay" resolution of private suits. *See, e.g.*, *Henning v. Luxury Brand Partners, LLC*, No. 22-CV-07011-TLT, 2023 WL 3555998, at *9 (N.D. Cal. May 10, 2023); *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1087 (C.D. Cal. 2017); *see also White v. Beech-Nut Nutrition Co.*, No. 23-220-CV, 2024 WL 194699, at *1 (2d Cir. Jan. 18, 2024) ("[Courts] must also 'balance the advantages of applying the [primary jurisdiction] doctrine against the potential costs resulting from complications and delay in the administrative proceedings.'" (quoting *Palmer v. Amazon.com, Inc.*, 51 F.4th 491 (2d Cir. 2022))). This Court can adjudicate Amazon's defenses now based on settled federal standards and the existing record, and—if FDA eventually amends § 101.93(d)—address any intervening changes, if necessary, at the remedial stage through adjustments to class periods, remedies, or instructions, rather than by halting the case wholesale.

For all these reasons, the prudential doctrine of primary jurisdiction has no application here, and Amazon's motion to stay should be denied.

## III. THE CLAIMS HERE ARE NOT PREEMPTED.

In two places, Amazon separately suggests that invoking the primary jurisdiction doctrine would "inform" Amazon's defense of preemption, a defense Amazon did not raise in either its Rule 12(b)(6) motion to dismiss or Rule 12(b)(1) motion. There is no preemption issue here, because California law expressly incorporates the very federal standards at issue. *See Davidson*, 106 F.4th at 848, 850 (holding that Sherman Law claims enforcing "identical" federal food-labeling standards are not preempted); *see also Kroessler v. CVS Health Corp.*, 977 F.3d 803, 808–814 (9th Cir. 2020) (stating that "[s]o long as California laws impose requirements identical to the FDCA, the FDCA will not preempt . . . state law causes of action" and holding that the plaintiff's causes of action, based on

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

structure function claims, were not preempted); *Forrett v. W. Thomas Partners LLC*, 746 F. Supp. 3d 780, 789 (N.D. Cal. 2024) (same, holding Sherman Law claims not preempted where they parallel identical federal requirements).

Amazon's citation to *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc*., 48 F.4th 1040 (9th Cir. 2022), is misplaced. *Nexus*—which predates and is distinguished in *Davidson*—involved an effort by a drug manufacturer to use state law to police whether a compounding operation should be treated as a registered drug manufacturer and whether particular products qualified as "new drugs" exempt from certain FDA approval requirements. *See id.* at 1042–45. In that setting, primary jurisdiction is invoked to avoid having courts make a first-cut regulatory designation in the absence of a clear statutory rule. *See id.* at 1050. Here, by contrast, there is no open-ended classification question for FDA to resolve: Congress itself has supplied the governing line for dietary supplements and FDA has supplied regulations which are incorporated into California law. Nothing here requires the kind of further scientific expertise and analysis or policy decisions that would be required under *Nexus*'s claims. Worse, Amazon relies heavily on *Bubak v. Golo*, No. 24-492, 2025 WL 2860044 (9th Cir. Oct. 9, 2025), without ever telling this Court that *Bubak* was an unpublished memorandum that expressly advises that it should not be cited for any precedential value. In any event, that case does not undermine *Davidson*'s holding that Sherman Law claims tracking identical federal standards are not preempted and may be adjudicated by courts applying those clear standards to concrete labels where the violations are plain.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Amazon's Motion to Stay Pending Completion of FDA Rulemaking and allow this action to proceed toward resolution on the merits.

Dated: January 30, 2026

**JUST FOOD LAW PLLC**

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

*/s/ Maia Kats*
Maia Kats (*pro hac vice*)
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: (202) 243-7910
Email: maiakats@justfoodlaw.com

*I certify that this memorandum contains 4,178 words, in compliance with the Local Civil Rules.*

*/s/ George F. Carpinello*
George Carpinello (*pro hac vice*)
Adam Shaw (*pro hac vice*)
Patrick Marris (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
30 South Pearl Street
Albany, NY 12207
Telephone: (518) 434-0600
Email: gcarpinello@bsfllp.com
Email: ashaw@bsfllp.com
Email: pmarris@bsfllp.com

*/s/ Todd Maybrown*
Todd Maybrown, Bar No. 18557
**ALLEN, HANSEN, MAYBROWN & OFFENBECHER**
600 University St, Suite 3020
Seattle, Washington 98101
Telephone: (206) 447-9681
Email: todd@ahmlaywers.com

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on January 30, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED: January 30, 2026

*/s/ George F. Carpinello*
George F. Carpinello

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A STAY
CASE NO.: 2:23-cv-01975-JHC — 13

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600