THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANITA MEDAL, ESTHER YOO, GAYLE HAYES and ANTOINETTE STANIEWICZ, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM SERVICES LLC,

Defendant.

No. 2:23-cv-01975-JHC

**AMAZON.COM SERVICES LLC'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**

NOTE ON MOTION CALENDAR: FEBRUARY 17, 2026



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Plaintiffs' counsel have now admitted that their Opposition to Amazon's Motion to Stay relied on false legal authority, hallucinated by counsel's unverified use of generative AI. *See* Plaintiffs' Response at 1 (Dkt. No. 126) (Jan. 30, 2026).

The Response implies that the Court should now resolve the issue by simply allowing Plaintiffs to file a "corrected" version of their Opposition. Resp. at 2. As noted in Amazon's Motion, courts typically consider revised briefing insufficient to address the use of improper hallucinated authority. *See* Mot. at 6, n.5; *id.* at 3, n.1 (Dkt. No. 124). This is particularly true here, where the Response raises more questions than it answers. Accordingly, an Order to Show Cause requiring Plaintiffs to provide the information outlined in Amazon's Motion, *id.* at 6, remains necessary.

***First***, the "corrected" version of the brief ***still twice cites the made-up subsection § 343(r)(6)(D)***. *See* Dkt. No. 126-2 at 11, 14 (citing § 343(r)(6)(D)).[1] While this may be the result of human error, the citation's presence in the "corrected" brief raises questions about ongoing gaps in rigor and a lack of attentiveness paid to the issue by Plaintiffs' counsel.

***Second***, the Response asserts that multiple attorneys "assiduously" reviewed drafts with the hallucinated law yet somehow failed to recognize the brief's substantive reliance on a nonexistent subsection of the statute. Resp. at 1. Section 343(r)(6) is a succinct provision, *see* Sipos Decl. Ex. A (Dkt. No. 125-1), that has been central to Plaintiffs' claims and allegations since this lawsuit's inception three years ago. *See* Compl. ¶¶ 42, 43, 44, 49, 139 (citing 21 U.S.C. § 343(r)(6)) (Dkt. No. 1) (Jan. 31, 2023). But, according to Plaintiffs, at no point during this extensive review did counsel recognize that the Opposition fabricated an entirely new statutory provision absent from § 343(r)(6). The error here is not akin to a lone made-up case, nested within a string citation. Rather, the invented § 343(r)(6)(D) was repeatedly advanced as a distinct and

[1] The "corrected" brief also asserts that the relevant section imposes "statutory ***conditions*** precedent," using the plural form to connote multiple requirements when there is only one relevant subsection. *See* Dkt. No. 126-2 at 9 (emphasis added). This error is similarly reflective of a surprisingly cavalier effort to address the matter.



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

substantive legal requirement. *See* Opp. at 2, 4, 7, 8 and 9. A more detailed account is necessary to understand how this substantive error went undetected.

***Third***, the Response lacks explanation of "each signatory's role in the use of the 'juxtaposed' language and accompanying false citation" and what controls were in place for responsible use of generative AI and why they failed in this instance. *See* Mot. at 6. The Response recognizes that every lawyer who signs a brief swears to its accuracy, Resp. at 1, n.1, but is silent as to the role of the Boies Schiller signatory. Plaintiffs' brief, for example, does not explain whom Ms. Kats informed that her draft used AI, when she informed the unnamed person or persons, and what steps, if any, those attorneys took in response to adhere to controls for the responsible use of generative AI. *See* Resp. at 1 ("However, Ms. Kats notified that she used AI in the draft."). This stands in unexplained contrast to Boies Schiller's approach five months ago, when the firm acknowledged its role in the improper use of generative AI and the partner responsible offered a sworn declaration to explain his involvement. *See* Sipos Decl., Ex. C (Dkt. No. 125-3).

For these reasons and those in the Motion, Amazon requests that the Court issue an order to show cause, to provide a complete record that may aid this Court's consideration of whether further measures are necessary to address counsel's admitted improper use of AI.



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: February 2, 2026

*I certify that this brief contains 624 words, in compliance with LCR 7(e)(3)*

By: /s/ *Charles C. Sipos*

**PERKINS COIE LLP**

Charles C. Sipos, Bar No. 32825
Lauren J. Tsuji, Bar No. 55839
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Email: CSipos@perkinscoie.com
LJTsuji@perkinscoie.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By */s/ Joshua Hill*
Joshua Hill (*pro hac vice*)
Ariane Rockoff-Kirk (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: jhill@paulweiss.com
arockoff-kirk@paulweiss.com

Roberto J. Gonzalez (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7316
Facsimile: (202) 223-7420
Email: rgonzalez@paulweiss.com

Walter Brown (*pro hac vice*)
535 Mission Street, 25th Floor
San Francisco, CA 94105-3347
Telephone: (628) 432-5111
Facsimile: (202) 204-7379
Email: wbrown@paulweiss.com

Attorneys for Defendant
AMAZON.COM SERVICES, LLC