The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ANITA MEDAL, ESTHER YOO, GAYLE HAYES, ANTOINETTE STANIEWICZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM SERVICES, LLC,

Defendant.

CASE NO. 2:23-cv-01975-JHC

**LCR 37 JOINT SUBMISSION RE DISPUTES CONCERNING THE PROTECTIVE ORDER AND ESI PROTOCOL**

Note on Motion Calendar:
April 21, 2026

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

## I.    PLAINTIFFS' INTRODUCTORY STATEMENT

This case has been pending for over three years. But to date, and notwithstanding concerted effort by Plaintiffs, Amazon has produced very little discovery. Plaintiffs and Amazon each agreed to produce, and have produced, documents prior to entry of a Protective Order and ESI Protocol. Nonetheless, since discovery's commencement, Amazon has produced a handful only of form agreements, procedures, policies, and checklists—almost all, if not all, of which were produced in unusable format. Additionally, Amazon produced certain—but not all—components of product detail pages ("PDPs") in a form inaccessible to Plaintiffs (as detailed in Plaintiffs' Motion for Spoliation Sanctions and Reply, Dkt. ##106, 115), and snapshots of product detail pages for six (6) of the approximately 1.6 million purported dietary supplements that Amazon attested and repeatedly represented in filings before this Court were for sale on Amazon.com as of March 2025.[1]

Since the Court's December 16, 2024 Order directing the parties to prepare a Joint Status Report and Discovery Plan, Dkt. #63, counsel for Plaintiffs have been in discussions with counsel for Amazon concerning a formal Agreement Regarding Discovery of Electronically Stored Information ("ESI Protocol") and Protective Order. Plaintiffs sent proposals to Amazon in January 2025, and throughout the many intervening months, Plaintiffs proposed a package of compromises in good faith. But Amazon has proposed terms that are inadequate and unreasonable for a case of this size and complexity and which are inconsistent with terms reached in its other litigations in this District, so negotiation and entry of formal orders has stalled. The entry of new counsel for Amazon has led to further delay. The parties are now at an impasse.

---

[1] Amazon and its counsel repeatedly represented that there were 1.6 million products for sale on Amazon.com as of March 2025 that were implicated by Plaintiffs' discovery requests. *See* Dkt. #78, at 9; Dkt. #79, at 4; Dkt. #79-2 ¶ 5; Dkt. #79-3 ¶ 6; Dkt. #84, at 1; Dkt. #86, at 2; Dkt. #95, at 5. Amazon acknowledged, *see* Dkt. #79, at 9, and the Court reiterated, *see Medal v. Amazon.com Servs., LLC*, No. 2:23-CV-01975-JHC, 2025 WL 1656117, at *2 (W.D. Wash. June 11, 2025), that 1.6 million is an *underestimate* of the total number of purported dietary supplements sold on Amazon.com during the class period because it does not include products that were no longer sold as of March 2025. The Court denied Amazon's motion for a protective order with respect to discovery related to those 1.6 million products. *See id.*, 2025 WL 1656117, at *2, *5. Now, however, counsel for Amazon has represented that only between 280,000 and 300,000 dietary supplements were sold in California during the relevant time period. Counsel for Amazon has provided no explanation for this stark disparity.

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 1

Therefore, Plaintiffs seek the Court's intervention to resolve the parties' disputes over the Protective Order, *see infra* Section V.A, and the ESI Protocol, *see infra* Section V.B. For efficiency's sake—and for the Court's convenience—Plaintiffs' proposal for the ESI Protocol is derived from an ESI Protocol the Court has already entered in a case involving Amazon as a defendant: *FTC v. Amazon.com, Inc. See* Dkt. #256 (Order Regarding Discovery of Electronically Stored Information), No. 2:23-cv-01495-JHC (W.D. Wash. June 11, 2024). Plaintiffs note that this proposal differs from the Court's model. But the Court's model ESI Protocol does not suffice here for two reasons. First, this is not a typical case. This is a complex case involving significant disputes over preservation and production of ESI, as already noted in Plaintiffs' pending Motion for Spoliation Sanctions. *See* Dkt. #106. Second, despite the fact that this case is three years old, that Plaintiffs presented an ESI Protocol and Protective Order to counsel for Amazon in January 2025, and that counsel have engaged in numerous meet-and-confers as detailed below, Plaintiffs have been consistently unable to reach agreement with Amazon on the most basic terms. Plaintiffs believe this lack of cooperation is indicative of Amazon's approach to discovery. For these reasons, Plaintiffs believe that the ESI Protocol from *FTC v. Amazon* is appropriate, with some adjustments.

To that end, submitted herewith as **Exhibit A** to the Declaration of George F. Carpinello is Plaintiffs' Proposed Protective Order. Exhibit A also includes a redline showing deviations from the Court's Model Stipulated Protective Order. Submitted as **Exhibit B** to the Carpinello Declaration is Amazon's Proposed Protective Order and redline against the Court's Model. Submitted as **Exhibit C** to the Carpinello Declaration is a redline showing the additions and deletions in Plaintiffs' Proposed Protective Order as compared to Amazon's Proposed Protective Order. Attached as **Exhibit D** to the Carpinello Declaration is Plaintiffs' Proposed ESI Protocol, which also includes a redline showing deviations from this Court's Model Agreement re: Discovery of Electronically Stored Information. Attached as **Exhibit E** to the Carpinello Declaration is Amazon's Proposed ESI Protocol and redline against the Court's Model. Attached as **Exhibit F** to the Carpinello Declaration is a redline showing the additions and deletions in Plaintiffs' Proposed ESI Protocol as compared to Amazon's Proposed ESI Protocol. Plaintiffs respectfully request that the Court enter Plaintiffs' Proposed Protective Order, *see* Carpinello Decl., Ex. A, and Plaintiffs' Proposed ESI Protocol, *see* Carpinello Decl., Ex. D.

## II.     DEFENDANT'S INTRODUCTORY STATEMENT

Amazon asks only for what this District affords every litigant: application of the District's own Model Protective Order and Model ESI Protocol, which provide uniformity, predictability, and efficiency in the management of discovery.  Amazon's proposals conform to those Models; Plaintiffs' proposals do not.  Plaintiffs seek extraordinary, unjustified deviations designed to impose unnecessary burdens while gaining tactical advantage.  Notwithstanding the dispute over these documents, Amazon has acted in good faith and with diligence throughout this litigation, already making five productions—totaling over 10,000 pages, including PDP snapshots, policies, historical purchase records, and Excel spreadsheets containing voluminous data.  Declaration of Joshua Hill ("Hill Decl.") ¶ 18.  The Court should reject Plaintiffs' proposals and enter Amazon's proposed Protective Order ("PO") and ESI Protocol, both of which faithfully adhere to the District's Models.

With respect to the PO, there is only one issue in dispute: the treatment of inadvertently produced privileged materials.  Amazon proposes adopting the Federal Rule of Evidence 502(d) provision word-for-word from this District's Model Stipulated Protective Order ("Model Order"), which is the same non-waiver framework that this Court has entered in case after case.  Plaintiffs seek to delete the Model Order's Rule 502(d) provision entirely and replace it with a Rule 502(b) standard based solely on a single distinguishable case with a wholly different procedural posture.  This Court and others in this District have consistently declined to enter protective orders that deviate from the Model Order.

With respect to the ESI Protocol, Plaintiffs proposal is even further afield.  Rather than use the District's Model ESI Protocol, Plaintiffs propose importing, nearly wholesale, an ESI protocol from an entirely different case, *FTC* v. *Amazon.com, Inc.*.  That case was a complex, multi-party antitrust enforcement action bearing no resemblance to this action.  Plaintiffs identify no authority requiring the parties in one action to follow an ESI protocol from a separate proceeding simply because the actions share a common party.

Beyond the *FTC* v. *Amazon* baseline, Plaintiffs propose additional deviations from the Model ESI Protocol, each of which should be rejected.  These include: removing the Model's ordinary-course preservation language; seeking unlimited custodians despite having previously agreed to 12; and

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 3

requiring logging of post-complaint communications with in-house counsel, contrary to the Model. These proposals maximize the burden on Amazon while circumventing the guardrails this District has established for all litigants. Plaintiffs bear the burden of justifying their deviations, and they have failed to do so.

Amazon exchanged six proposed drafts of the PO and ESI Protocol, and Plaintiffs have rejected each. Hill Decl. ¶ 6. In contrast, Amazon has accepted Plaintiffs' proposed terms where reasonable and consistent with the Models, but Plaintiffs have not reciprocated. For example, although the parties agreed on 12 document custodians, Amazon learned only when Plaintiffs transmitted this Joint Submission that Plaintiffs had reversed course on that issue—indicative of Plaintiffs' obstinate approach of insisting on their extreme and idiosyncratic proposals.

Amazon respectfully requests that the Court enter Amazon's proposed PO and ESI Protocol. Hill Decl. Exs. 1 & 3.

## III.    PLAINTIFFS' REPLY

Plaintiffs' goal is simple: agree to a Protective Order and ESI Protocol so that discovery—of documents that have not been spoliated—can proceed and the parties can litigate the merits of this case. Amazon's claim that it has produced "10,000 pages" does not match reality. Most of those "pages" are unreadable and unusable "code" relating to only twenty-seven of the at least 1.6 million products implicated by Plaintiffs' requests that Amazon admits is incomplete and unable to fully render any PDP. The rest are predominately form agreements, procedures, policies, or checklists, many of which were simply printed out off the Amazon website by counsel, not produced in their original form. More than *three years* into this case Amazon has produced PDP snapshots for only *six products* purchased by one named Plaintiff.

Negotiations have been interminable, and the parties have come to an impasse. The single area of disagreement in the Protective Order involves Rule 502. Amazon seeks to unilaterally negate Rule 502(b). But the parties must agree to supplant Rule 502(b), and the parties have not done so here. Accordingly, Plaintiffs propose stating that "[t]he parties do not agree to the entry of a non-waiver order under Fed. R. Evid. 502(d)." *See* Carpinello Decl., Ex. A, at Section 10.

As to the ESI Protocol, Plaintiffs seek to find agreement by proposing a protocol largely based on one that *Amazon itself* sought to be ordered in *FTC v. Amazon*. The following sections of Plaintiffs' proposal are identical to provisions in Amazon's proposal in that case: A.1; B.1–B.5; C.1; C.2.a; C.2.c–C.2.e; C.3; C.3.a; C.3.c–C.3.f; C.4–C.6; D.1–D.2; E.1–E.4; E.7; E.9–E.13; F.1; F.3; G.2. *Compare* Carpinello Decl., Ex. D, *with* Dkt. #191-1 (Amazon's [Proposed] Order Regarding Discovery of Electronically Stored Information), No. 2:23-cv-01495-JHC (W.D. Wash. April 8, 2024). In six other sections, Plaintiffs simply propose what the Court ordered in *FTC v. Amazon*: C.2.b; C.3.b; E.5; E.8; F.2; and G.1.

In *FTC v. Amazon*, the Court endorsed that protocol in a similarly complex case involving representative plaintiffs bringing claims against Amazon. When Plaintiffs presented this proposal to Amazon, Amazon objected because the proposal was not identical to a previous proposal Plaintiffs made. Plaintiffs offered yet another meet-and-confer if Amazon provided in advance what it objected to. Amazon did not respond to Plaintiffs' offer. Tellingly, even now, Amazon does not say what it substantively disagrees with in the majority of the ESI Protocol it itself proposed in *FTC v Amazon*. In any event, courts frequently do not hew to the Model ESI Protocol in complex cases like this one, and Plaintiffs have explained the necessity for the terms they seek.

## IV.    CERTIFICATION OF MEET AND CONFER

**PLAINTIFFS' CERTIFICATION:** Pursuant to Local Civil Rule 37(a)(1), counsel for Plaintiffs certify that they have met and conferred in good faith with counsel for Amazon, from both Perkins Coie and Paul Weiss, to attempt to resolve these disputes without the Court's action.

The parties began exchanging proposals of the ESI Protocol and Protective Order in January 2025 and have subsequently exchanged numerous drafts and engaged in meet-and-confers at which counsel discussed the ESI Protocol or Protective Order on March 18, 2025; March 21, 2025; April 7, 2025; June 17, 2025; July 8, 2025; July 9, 2025; August 20, 2025; September 29, 2025; and March 2,

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 5

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

2026.[2] At the March 2, 2026 meet-and-confer, the parties agreed that they were at an impasse as to both the Protective Order and the ESI Protocol.

The parties agreed in their Joint Status Report to use Local Civil Rule 37(a)(2) for presenting discovery disputes. Dkt. #69 at 4. On April 9, 2026, pursuant to the Court's Rule 16(b) Scheduling Order, Dkt. #70 at 2, counsel for Plaintiffs emailed the Courtroom Deputy to inform the Court of these disputes and to request permission to file the instant LCR 37 Joint Statement. On April 10, 2026, the Court authorized this submission.

**DEFENDANT'S CERTIFICATION:** Plaintiffs first shared the current versions of their proposed PO and ESI Protocol upon transmitting their portion of the Joint Submission—just seven days before Amazon's responses were due.  Hill Decl. Ex. 13 (2026.04.10 Email from P. Marris to J. Hill enclosing Joint Submission).  Although the parties had exchanged numerous drafts of these documents, Plaintiffs made substantial revisions to the last drafts they had shared before the Joint Submission period began.  In contrast, the proposed Protective Order and ESI Protocol submitted by Amazon herewith were shared with Plaintiffs on December 5, 2025.  Hill Decl. ¶ 2. Despite Plaintiffs' failure to meet and confer[3] in advance of initiating this process, Hill Decl. Ex. 14 (2026.04.10 Email from J. Hill to P. Marris), Amazon is prepared to proceed with the adjudication of this Joint Submission.

## V.    DISPUTED ISSUES

### A.  Protective Order

**PLAINTIFFS' ARGUMENT:**

There is only one area of disagreement between the parties in the Protective Order. That disagreement involves Federal Rule of Evidence 502(d).[4] In light of Amazon's recent history of

---

[2] Paul Weiss assumed Amazon's defense on or around July 18, 2025, and on July 21, 2025, counsel for Amazon from Paul Weiss and counsel for Plaintiffs discussed this case's status. Counsel for Plaintiffs informed counsel for Amazon that the ESI Protocol and Protective Order were priorities.

[3] The drafts upon which Plaintiffs' motion is based were not discussed at any of the meet-and-confers listed in Plaintiffs' certification.

[4] This implicates Section 10 and the So-Ordered section of the Protective Order.

---

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-cv-01975-JHC – 6

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

attempts to claw back produced material in other matters before the Court, *see generally De Coster* v. *Amazon.com, Inc.*, No. 2:20-CV-00424-JHC, 2025 WL 904465, at *3–5 (W.D. Wash. Mar. 25, 2025) (Chun, J.); *De Coster*, 2025 WL 1237370, at *2–7 (W.D. Wash. Apr. 29, 2025), Plaintiffs have not agreed to a non-waiver stipulation and have informed Amazon that the provisions of Federal Rule of Civil Procedure 502(b) must apply—that is, only inadvertently produced privileged material, in accordance with Rule 502(b) and this Court's Order in *De Coster*, 2025 WL 904465, at *3–5, is protected from waiver. The Court has said that parties must agree to "concrete directives" modifying each and every prong of Rule 502(b) in order to supplant the provisions of Rule 502(b). *See De Coster*, 2025 WL 904465, at *3 (quoting *United States v. United Health Grp., Inc.*, No. 16-cv-8697-FMO-SSx, 2020 WL 10731257, at *3 (C.D. Cal. Nov. 9, 2020)). Plaintiffs have not agreed to modify any prong of Rule 502(b), and therefore, "the prongs of Rule 502(b) remain the standard for evaluating a claw back request" in this case. *See id.* (quoting *United Health Grp.*, 2020 WL 10731257, at *3).

Despite Plaintiffs' indications that they do not agree to a non-waiver stipulation under Rule 502(d), Amazon has continually reinserted non-waiver language into both the Protective Order and the ESI Protocol.[5] The Protective Order proposed by Plaintiffs does not include this language. All other substantive terms have been agreed to by the parties.

<strong>DEFENDANT'S RESPONSE</strong>:

There is only one issue in dispute: the treatment of inadvertently produced privileged materials. Consistent with Local Rule 26(c)(2)'s direction to "use this district's model protective order," Amazon relies on the Model Order for the PO provisions in dispute here.[6] Plaintiffs propose deviations that conflict squarely with the Federal Rules and established practice and frankly make little sense given this case's procedural posture.

---

[5] To avoid delay, Plaintiffs previously proposed to Amazon that the parties excise Rule 502 language from both the Protective Order and the ESI Protocol and instead enter into a separate agreement regarding Rule 502. That approach has been taken in other cases before the Court involving Amazon. *See* Dkt. #123 (Stipulated Rule 502(d) Order), *FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC (W.D. Wash. Nov. 14, 2023) (Chun, J.). Amazon rejected that proposal.

[6] Hill Decl. Ex. 1 (Amazon's Proposed Protective Order).

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 7

Amazon's proposed PO adopts the Model Order's language, resolves routine discovery issues efficiently, and avoids unnecessary litigation.  Plaintiffs advocate a bespoke claw-back standard solely based on a non-analogous case with an entirely unique procedural posture, which would effectively permit them to delay indefinitely the return of privileged material when notified of an inadvertent production.  Plaintiffs' proposal contravenes the Model Order, the Rules, and this Court's past practice, and invites burdensome and unnecessary motion practice.  Thus, courts routinely decline to adopt POs departing from the Model Order without a concrete, case-specific justification  *See* Hill Decl. Ex. 16 at 1 (*Shumlich* v. *U.S. Bank*, No. 2:24-cv-01681-MJP (W.D. Wash. Mar. 11, 2025), Dkt. No. 28) (declining to adopt without a reason "why the proposed deviations from the Model Order are necessary for this case").  No such justification exists here.

### 1.  Background

Amazon proposes the Model Order's Fed. R. Evid. 502(d) language word-for-word, including a non-waiver for production of privileged material "whether inadvertent or otherwise" and immediate return of clawed-back material. [7]  Amazon's proposal states that, pursuant to Fed. R. Evid. 502(d), the production of privileged materials "shall not . . . constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law."  Hill Decl. Ex. 1 at 15 (Amazon's Proposed Protective Order).  Like the Model Order, it states, "[t]he provisions of Fed. R. Evid. 502(b) do not apply."  *Id.*[8]  In contrast, Plaintiffs' proposal (i) ***deletes entirely*** the Model Order's Rule 502(d) provision, providing that "[t]he parties do not agree to the entry of a non-waiver order under Fed. R. Evid. 502(d)"; and (ii) removes the provision requiring immediate return of inadvertently produced privileged material.[9]

---

[7] *See* Hill Decl. Ex. 2 at 15–16 (Redline comparing Amazon's proposal against the Model Order)

[8] *See* Hill Decl. Ex. 5 at 8 (Model Order W.D. Wash. (2023)).  The Western District of Washington's Model ESI Protocol also adopts the same language.  *See* Hill Decl. Ex. 6 at 9–10 (Model Agreement Regarding Discovery of Electronically Stored Information and Proposed Order W.D. Wash. (2023)).

[9] *See* Ex. A at 31, 33.

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 8

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

**2.    The Court Should Enter Amazon's Proposed PO, Which Conforms to the Western District of Washington's Model PO**

Local Rule 26(c)(2) states that "[p]arties are encouraged to use this district's model protective order[.]"  Courts routinely decline to enter POs that depart from the Model Order, even when proposed jointly (and there is no joint proposal here).  *Carlson* v. *City of Redmond* is particularly illustrative.  Hill Decl. Ex. 20 (Order, *Carlson* v. *City of Redmond*, No. 2:22-cv-01739 (W.D. Wash. Aug. 28, 2024), Dkt. No. 61).  There, the parties jointly proposed the Model Order's Rule 502(d) provision, but omitted the prefatory language regarding the inapplicability of Rule 502(b).  *See* Hill Decl. Ex. 19 at 9 (Proposed Stipulated Protective Order, *Carlson*, No. 2:22-cv-01739 (W.D. Wash. Aug. 26, 2024), Dkt. No. 59).  Judge Whitehead declined to accept the parties' 502(b) proposal, stating "[t]he stricken language was included in the model for good reason" and "the proposal must be consistent with court rules."  Hill Decl. Ex. 20 at 2 (Order, *Carlson*, No. 2:22-cv-01739 (W.D. Wash. Aug. 28, 2024), Dkt. No. 61); *see also* Hill Decl. Ex. 16 at 1–2 (Order for Additional Briefing, *Shumlich*, No. 2:24-cv-01681-MJP (W.D. Wash. Mar. 11, 2025), Dkt. No. 28).  Similarly, in *Shumlich*, the Court declined to accept the parties' stipulated order where it deviated from the Model Order, absent an explanation regarding the necessity of the proposed changes.[10]  The Court should follow suit here and adopt the Model Order's settled 502(d) framework.

**3.    *De Coster* Is Irrelevant to the Issues Before This Court**

Plaintiffs' sole justification for deviating from the Model Order is a single distinguishable case, *De Coster* v. *Amazon.com*, No. 2:21-cv-00693-JHC (W.D. Wash. Mar. 25, 2025). That reliance is misplaced for several reasons.

*First*, *De Coster* was decided in a different procedural posture: the parties there *agreed* to invoke Rule 502(b) in a stipulated PO.  *Id.* at *3 n.4.  The claw-back dispute was governed by the rules

---

[10] The parties in *Shumlich* subsequently submitted a modified stipulated protective order largely conforming to the Model Order, save for one section, which was also rejected.  *See* Hill Decl. Ex. 17 at 2 (Stipulated Protective Order, *Shumlich*, No. 2:24-cv-01681-MJP (W.D. Wash. Mar. 18, 2025), Dkt. No. 30); Hill Decl. Ex. 18 at 1–2 (Order on Stipulated Protective Order, *Shumlich*, No. 2:24-cv-01681-MJP (W.D. Wash. Apr. 7, 2025), Dkt. No. 31) (taking "***no issue with the majority of the proposed protective order, which adheres to the district's model***") (emphasis added).

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-cv-01975-JHC – 9

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

to which the parties had agreed. Here, by contrast, the parties have not stipulated to a PO, and Amazon expressly seeks to use the Model Order.

*Second*, the Model Order in effect when the *De Coster* parties negotiated their PO predates the current Model Order. *See* Hill Decl. Ex. 21 at 6 (Amazon's Reply, *De Coster*, No. 2:21-cv-00693-JHC (W.D. Wash. Apr. 7, 2025), Dkt. No. 315); Hill Decl. Ex. 22 (W.D. Washington 2022 Model Protective Order). This 2022 Model Order did not expressly disclaim 502(b) in favor of 502(d), as the current Model Order does. Thus, unlike the *De Coster* parties, in negotiating the PO in this case, the parties here have access to explicit guidance from the District rejecting the very approach Plaintiffs seek to take here.

*Third*, in *De Coster*, the parties had agreed upon—and the Court entered—two distinct claw-back provisions in the PO and ESI protocol—the PO invoked 502(b), while the ESI protocol invoked 502(d), and the applicability of each provision turned on whether documents had been reviewed for privilege. *De Coster* v. *Amazon.com, Inc.*, No. 2:21-cv-00693-JHC, 2025 WL 1237370, at *3 (W.D. Wash. Apr. 29, 2025); *De Coster* v. *Amazon.com, Inc.*, No. 2:21-cv-00693-JHC, 2025 WL 2837423, at *2–3 (W.D. Wash. Oct. 7, 2025). No such distinction exists here, as the parties have not yet agreed upon an ESI protocol or PO, and consistent with the Model provisions in both documents, Amazon does not intend to adopt different standards in the two documents for inadvertent production of privileged materials.

Other cases, where the parties have yet to enter a PO or ESI protocol (as here), are more instructive than *De Coster*. In these cases, this Court has routinely entered POs and ESI protocols adopting the Model Order's Rule 502(d) provision. *See*, *e.g.*, Hill Decl. Ex. 23 at 11 (Stipulated Order, *Zully, LLC* v. *Amazon.com, Inc.*, No. 2:23-cv-01900-JHC (W.D. Wash. June 27, 2025) (Chun, J.), Dkt. No. 62); Hill Decl. Ex. 25 at 10 (Order, *FTC* v. *Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash. June 11, 2024) (Chun, J.), Dkt. No. 256); Hill Decl. Ex. 26 at 17 (Stipulated Protective Order, *Heck* v. *Amazon.com, Inc.*, No. 2:23-cv-01219-JHC (W.D. Wash. May 15, 2025) (Chun, J.), Dkt. No. 116); Hill Decl. Ex. 24 at 1 (Stipulated Rule 502(d) Order, *FTC* v. *Amazon.com, Inc.*, No. 2:23-cv-0932 (W.D. Wash. Nov. 14, 2023) (Chun, J.), Dkt. No. 123); Hill Decl. Ex. 27 at 10 (Stipulated

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 10

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

Protective Order, *Cristobal* v. *Amazon*, *Inc.*, No. 2:23-cv-00508-JHC (W.D. Wash. Oct. 2, 2023) (Chun, J.), Dkt. No. 14).

### 4. Amazon's Proposal Promotes Efficient Resolution of Claw-back Disputes and Does Not Prejudice Plaintiffs

Finally, Amazon's proposal should be adopted because it promotes efficient resolution of claw-back disputes and does not prejudice Plaintiffs.  Rule 502(d) was enacted in part to minimize the burdens of document review while protecting parties' privilege.  *See In re Google RTB Consumer Priv. Litig.,* 2022 WL 1316586, at *3 (N.D. Cal. May 3, 2022) ("Rule 502(d) was 'designed to enable a court to enter an order . . . that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery.'") (citation omitted); *see also* The Sedona Conference Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 SEDONA CONF. J. 150 (2018) (noting that the substantial effort involved in claw-back disputes can be reduced by a Rule 502(d) order).

By contrast, Plaintiffs' approach would require litigating whether productions were "inadvertent" for each asserted claw-back and would encourage retention of materials that should be promptly returned under the Model Order's directive.  Adoption of the Model Order's Rule 502(d) provision would reduce uncertainty by providing a clear and widely-accepted process for inadvertent productions.  *See* Sedona Principles at 150 ("[G]iven the multiple factors to be considered and the discretion of courts in weighing the factors and the evidence presented [in the 502(b) inadvertency inquiry], both waiver and its scope remain uncertain.").

**PLAINTIFFS' REPLY**:

The default rule is that a party waives privilege with respect to a document if they produce it, and Rule 502(b) provides the standard for evaluating claims of inadvertent production. *See De Coster*, 2025 WL 904465, at *3. While the parties can agree to forgo the provisions of Rule 502(b), they must agree to "concrete directives" to do so. *See id.* (quoting *United Health Grp.*, 2020 WL 10731257, at *3). One party cannot force the other to forgo Rule 502(b). Absent agreement of the parties, the default

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-cv-01975-JHC – 11

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

rule applies. *See id.* Here, Plaintiffs do not agree to forgo Rule 502(b). Plaintiffs' proposal reflects that lack of agreement.

The cases Amazon cites are all in line with *De Coster* because they involve parties **who expressly agreed** to Rule 502(d) orders. Amazon does not cite a case in which a court imposed a Rule 502(d) order on a party who did not agree to waive Rule 502(b). That would be improper. Accordingly, the Court should adopt Plaintiffs' Proposed Protective Order.

### B.    ESI Protocol

### PLAINTIFFS' ARGUMENT:

The parties are at an impasse with respect to several provisions in the ESI Protocol. Because the parties cannot agree on terms, Plaintiffs propose that the Court enter an ESI Protocol derived from an ESI Protocol that the Court already endorsed in *FTC v. Amazon.com, Inc. See* Dkt. #256 ("Order Regarding Discovery of Electronically Stored Information"), No. 2:23-cv-01495-JHC, (W.D. Wash. June 11, 2024) ("*FTC v. Amazon* ESI Protocol").

Areas of disagreement between the parties are discussed below. Plaintiffs also identify below provisions from the *FTC v. Amazon* ESI Protocol that they propose adopting and finetuning for the instant action.[11]

### 1.  Section A: General Principles

Plaintiffs propose adopting Section A of the *FTC v. Amazon* ESI Protocol with a clarification: Plaintiffs propose inclusion of a clause in Section A.2 expressly stating that any documents yielded by the custodian and search-term provisions of the ESI Protocol are supplemental to a party's overall discovery obligations—that is, under Federal Rules of Civil Procedure 26 and 34, a party must conduct reasonable searches and produce all non-privileged ESI in its possession, custody, or control that is relevant and proportional, regardless of whether such ESI is identified by particular keyword searches

---

[11] In addition, Plaintiffs removed from their Proposed ESI Protocol the provisions specific to the *FTC v. Amazon* action that are obviously inapplicable here, such as footnote 1 in Section C.3; Section E.6; and references to specific agreements in Section B.11 of Appendix A of the *FTC v. Amazon* ESI Protocol. Furthermore, Plaintiffs propose altering certain timelines or deadlines, such as the deadline prescribed by Section B of the *FTC v. Amazon* ESI Protocol.

or custodians contemplated by the ESI Protocol. All other provisions in this section are the same as in the *FTC v. Amazon* ESI Protocol. Plaintiffs include this provision both to circumvent future entanglements over the contours of production obligations and given their longstanding concern that Amazon will otherwise attempt to avoid discovery of PDPs—spoliated or otherwise.

### 2.   Sections B and C: ESI Disclosures and Discovery Procedures

The parties dispute certain terms related to Sections B and C, and in particular, the parties dispute the appropriate number of custodians for Amazon to disclose pursuant to Section B.1. Plaintiffs propose that the Court enter an ESI Protocol with the same substantive provisions in Sections B and C as in the *FTC v. Amazon* ESI Protocol that the Court has already endorsed.

Because Amazon is a large, complex entity engaging in a stratospherically profitable practice of labeling, marketing, and selling in interstate commerce purported dietary supplements without required disclaimers, Plaintiffs cannot at this stage know how many individuals at Amazon were involved in the conduct at issue. To date, Amazon has not even produced a current organizational chart. Accordingly, Plaintiffs have resisted Amazon's attempt to unilaterally limit Amazon's production *ab initio* to a small number of custodians. Such a limitation is unreasonable for an organization of Amazon's size and complexity and for a case of this magnitude, in which discovery will be broad, multifaceted, and necessarily iterative. Indeed, Plaintiffs' extant discovery requests, for several of which the Court has already denied Amazon's request for a protective order, seek diverse information that implicates, among others, the following areas: (a) how product detail pages of purported dietary supplements appeared to consumers on Amazon.com and how they changed over the course of the proposed class period; (b) Amazon's involvement in and control over the layout and content of PDPs; (c) any additional policies or practices Amazon maintains or previously maintained relating to labeling of purported dietary supplements; (d) Amazon's control over and relationship with third-party suppliers of purported dietary supplements; (e) any steps Amazon took to change its dietary-supplement labeling practices, including after notice of Plaintiffs' claims; (f) Amazon's communications with its "third-party sellers" regarding labeling practices; (g) labeling practices for Amazon's own proprietary purported dietary supplements; (j) Amazon's practices and involvement with respect to warehousing of purported dietary supplements; (k) Amazon's practices and

involvement in transporting in interstate commerce and delivery of purported dietary supplements to customers; (l) Amazon's fees and profit from the these practices; (m) Amazon's practices and involvement with respect to customer interactions during sales and returns of purported dietary supplements; (n) identification of Amazon's files and databases containing documents relevant to this litigation; and quite possibly many others with respect to document storage, preservation, and destruction.

These topics cannot be adequately evaluated with custodian limitations proposed by Amazon. Furthermore, the Court's Model ESI Protocol contains no such limitation, and other cases in this District, including cases involving Amazon, routinely involve far more custodians than any number Amazon has proposed, *see, e.g.*, Dkt. #45 (Order Regarding Discovery of Electronically Stored Information), *Greenberg v. Amazon.com, Inc.,* No. 2:21-cv-00898-RSL (W.D. Wash. Feb. 16, 2023) (25 custodians); *Lundquist v. First Nat'l Ins. Co. of Am.*, No. 18-5301-RJB, 2019 WL 6173360, at *2 (W.D. Wash. Nov. 20, 2019) (50 custodians), as do other cases in this Circuit, *see* Dkt. #436 (Discovery Order No. 3), *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-2843-VC (N.D. Cal. May 15, 2020) (81 custodians); Dkt. #107 (Order Regarding Scope of Discovery of Electronically Stored Information, Including Limits on Number of Custodians to Be Searched and Sampling), *Oracle Corporation v. SAP AG*, No. 07-cv-1658-PJH (N.D. Cal. July 3, 2008) (120 custodians). Therefore, Plaintiffs propose that the Court enter Plaintiffs' Proposed ESI Protocol.[12] That ESI Protocol imposes no initial limitation on the number of custodians provided by Amazon and provides for a fair and iterative discovery process.

### 3. Section D: Preservation of ESI

Plaintiffs propose removing Section D.1 from the *FTC v. Amazon* ESI Protocol, which states that "[a]bsent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data."

---

[12] Plaintiffs significantly compromised their position during negotiations with Amazon in an attempt to obviate the need to bother the Court. Because those negotiations were unsuccessful, Plaintiffs now seek terms in line with the needs of this litigation and commensurate with those in *FTC v. Amazon*.

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 14

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

That provision is inappropriate here, where Plaintiffs contend in their Motion for Spoliation Sanctions and Reply, Dkt ##106, 115, that Amazon violated its duty to take reasonable and proportional steps to preserve relevant and discoverable ESI in their possession, custody, and control—namely, the PDPs for the products at issue in this action. Were the ESI Protocol in this action to include language that a party is not required to modify its back-up and archiving procedures, Amazon could argue that it was relieved of its obligation to produce the PDPs given its statements that they are not preserved in the ordinary course of business. Such an outcome would be inconsistent with well-established law given the central relevance of the PDPs to Plaintiffs' claims. Indeed, Amazon even has a duty to produce data in new formats from its dynamic databases if doing so renders otherwise inaccessible and relevant data accessible to Plaintiffs. *See In re eBay Seller Antitrust Litig.*, No. C-07-1882-JF-RS, 2009 WL 3613511, at *2 (N.D. Cal. Oct. 28, 2009) ("The need to create a new dataset of historical records does not excuse production[.]" (capitalization altered)); *see also Hubbard v. Crow*, No. SA-23-CV-00580-FB, 2025 WL 1699836, at *2 (W.D. Tex. June 5, 2025) (ordering that a producing party attempt to obtain ESI that the producing party exercised control over even where the ESI itself may not, as a technical matter, have been in the producing party's possession or else risk sanctions under Rule 37(e)).

### 4.  Section E: Privilege

Plaintiffs propose adoption of the substantive provisions of the *FTC v. Amazon* ESI Protocol with two amendments: (1) Plaintiffs believe it is necessary for Amazon to log in a privilege log communications with in-house counsel, including communications that occurred after the filing of the Complaint, and (2) Plaintiffs do not agree to a non-waiver stipulation under Rule 502(d).

First, Plaintiffs believe it is necessary for Amazon to log in a privilege log communications with in-house counsel, including communications that occurred after the filing of the complaint. As has been true in other cases involving Amazon before the Court, there may be disputes in this case as to whether the involvement of attorneys—in particular, in-house counsel—in discussions renders the attorney-client privilege applicable or whether the discussions constitute business advice, decisions, or activities for which the privilege is inapplicable. *See FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC, 2025 WL 1907413, at *3–4 (W.D. Wash. July 10, 2025) (Chun, J.) (admonishing Amazon and

finding that Amazon acted in bad faith by withholding tens of thousands of non-privileged documents); *De Coster*, 2025 WL 904465, at \*7–9 (ordering that Amazon produce dozens of documents previously withheld for privilege improperly). The need to log post-Complaint communications with in-house counsel is especially pressing in this case given that Plaintiffs seek injunctive relief for the ongoing illegal conduct at issue. *See* Dkt. #77 ¶¶ 126, 136, 143, 150. Courts in this Circuit routinely require logging of withheld documents involving in-house counsel, including after commencement of litigation. *See, e.g.*, *Affinity Credit Union v. Apple Inc.*, No. 22-CV-04174-JSW, 2024 WL 1344211, at \*4 (N.D. Cal. Mar. 29, 2024); *see also FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK-NC, 2018 WL 11420853, at \*3 (N.D. Cal. Mar. 16, 2018) (noting that while "[c]ommunications between a client and its outside counsel are presumed to be made for the purpose of obtaining legal advice," the "same presumption does not apply to in-house counsel '[b]ecause in-house counsel may operate in a purely or primarily business capacity in connection with many corporate endeavors'" (quoting *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1073, 1076 (N.D. Cal. 2002))).

To that end, documents and communications to or shared with in-house counsel, or copying in-house counsel, including those created after the filing of the Complaint, that are withheld for privilege, must be logged in a privilege log to allow Plaintiffs to challenge, where appropriate, Amazon's characterizations of documents as privileged.

Second, as discussed with respect to the Protective Order, Plaintiffs do not agree to a non-waiver stipulation under Rule 502(d) and have therefore removed all Rule 502 language from the ESI Protocol. Amazon previously proposed removing language dealing with production of privileged information from the ESI Protocol and addressing that issue solely in the Protective Order, and Plaintiffs agreed. Amazon has since reinserted language into the ESI Protocol dealing with production of privileged material. But as discussed with respect to the Protective Order, the parties have not agreed to a non-waiver stipulation under Federal Rule of Evidence 502(d), and Amazon may not unilaterally impose a non-waiver stipulation under Rule 502(d). Accordingly, Plaintiffs' Proposed ESI Protocol does not include Rule 502 language. This renders the Rule 502 language in the Protective Order (indicating that Rule 502(b) applies) controlling.

**DEFENDANT'S RESPONSE**:

Plaintiffs again propose to deviate from the District's Model.  Amazon has attempted in good faith to compromise on disputed terms, but Plaintiffs' demands are extreme.  As with respect to the PO, Amazon urges this Court to enter its proposed ESI Protocol, which adheres closely to the Model.

### 1. Background

The parties exchanged numerous ESI Protocol proposals since January 2025, and Amazon believed the parties had reached agreement on numerous terms.  Hill Decl. ¶ 6.  Accordingly, Amazon's final proposal to Plaintiffs adhered closely to the Model except for terms where Amazon believed there was mutual agreement.  *Id.* ¶ 9.  Amazon had *never* seen Plaintiffs' proposed ESI Protocol (Ex. D) prior to it being appended to this Joint Submission—even though it contained substantial edits compared to Plaintiffs' last-circulated draft from August 2025.  Hill Decl. Ex. 14 at 1, 23–52.  While Plaintiffs belatedly offered to meet and confer *after* securing Court approval to file this motion and *after* transmitting the Joint Submission, their failure to meet and confer in advance are grounds to reject their proposal.  *See, e.g.*, *Alonso* v. *Jackson*, No. 3:25-cv-05594-JHC, 2026 WL 632368, at *2 (W.D. Wash. Mar. 6, 2026) (Chun, J.) ("The foregoing provides a basis to deny Defendants' motion."), *reconsideration denied*, No. 3:25-cv-05594-JHC, 2026 WL 673282 (W.D. Wash. Mar. 10, 2026) (Chun, J.); *Brown* v. *Lithia Motors Inc.*, No. 2:24-cv-01861-LK, 2025 WL 3123989, at *2 (W.D. Wash. Nov. 7, 2025) (same); *Rohwer* v. *Warner Bros. Discovery*, 2:25-cv-01284-RSL, 2025 WL 3628626, at *1 (W.D. Wash. Dec. 15, 2025) (same).

### 2. Amazon's Proposal Follows the District's Model ESI Protocol

Amazon's proposed ESI protocol adopts this District's Model ESI Protocol nearly in its entirety while Plaintiffs' proposal deviates substantially.  Hill Decl. Ex. 4 (Redline Version of Amazon's Proposed ESI Protocol); Ex. D at 25–51 (Redline Version of Plaintiffs' Proposed ESI Protocol).

Amazon's small number of proposed deviations from the Model reflect areas of apparent agreement (as of Plaintiffs' August 2025 draft) or that would not substantially increase burden.  However, Amazon recognizes that this Court and others in this District require parties to justify deviations from the Model and reject them absent a showing of "good cause."  *Heck* v. *Amazon.com,*

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 17

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

*Inc.*, No. 2:23-CV-01219-JHC, 2025 WL 2806352, at *5 (W.D. Wash. Oct. 2, 2025) (Chun, J.) (finding no reason or justification for why the number of custodians should depart from the Model ESI Order); *Frame-Wilson* v. *Amazon.com*, Inc., No. 2:20-CV-00424-RAJ, 2023 WL 1433655, at *4 (W.D. Wash. Feb. 1, 2023) (declining to add language to ESI agreement because there was no "good cause to deviate from the language in this District's model").  Accordingly, Amazon has no objection if the Court strikes the excess language from Amazon's proposal and reverts entirely to the Model.

There is no good cause for Plaintiffs' deviations, and Amazon respectfully requests that the Court enter its proposed ESI protocol which is faithful to the Model.  *Kater* v. *Churchill Downs Inc.*, No. C15-0612-RBL, 2020 WL 13490764, at *2 (W.D. Wash. May 5, 2020) ("The model order is the model for a reason—it was drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential material.") (cleaned up).

**3.  There Is No Basis for Adopting an ESI Protocol from a Completely Unrelated Case**

Plaintiffs argue that the Court should import an ESI protocol from an entirely separate litigation, the only commonality being Amazon's party status.  That notion, on its face, is absurd. Plaintiffs identify no authority establishing that a party must follow an ESI protocol entered in a different proceeding—even if a party is the same in both cases.

First, *FTC* v. *Amazon* was an antitrust action, and the ESI protocol was designed specifically to address concerns unique to antitrust litigation.  For that reason, several of the provisions proposed in *FTC* v. *Amazon* were drawn from ESI protocols in other antitrust cases.  Hill Decl. Ex. 28 at 10–13, 15, 17 (Plaintiffs' Motion to Enter an ESI Order, *FTC* v. *Amazon.com*, No. 2:23-cv-01495-JHC (W.D. Wash. Mar. 22, 2024), Dkt. No. 181).

Second, the scope and burden of discovery in *FTC* v. *Amazon* were vastly different.  In that case, discovery was symmetrical.  Amazon served over 1,500 production requests on various government enforcers.  *See id.* at 16.  The volume of those requests raised concerns about the coordination of discovery among the government entity plaintiffs.  *See id.* at 16–17.  Likewise, the FTC served 319 production requests on a single day.  Hill Decl. Ex. 29 at 7–8 (Amazon's Opp'n to Pls.' Mot. to Enter an ESI Order, *FTC* v. *Amazon*, No. 2:23-cv-01495-JHC (W.D. Wash. April 8,

2024), Dkt. No. 191). The provisions adopted for that case's unique burdens are neither necessary nor appropriate here.

Third, the procedural posture further distinguishes the two cases. In *FTC* v. *Amazon*, Amazon was simultaneously litigating related cases that had been filed before the FTC and the district court lawsuit, a circumstance that informed the ESI protocol there. *Id.* at 12–13.

In sum, the *FTC* v. *Amazon* ESI protocol was crafted to address the particular demands of a complex antitrust enforcement action. Plaintiffs' proposal to use it as a baseline here is unsupported by authority and unsound as a matter of practice. The Court should evaluate the parties' disputes against the Model, which provides the appropriate framework for this case.

Besides the Model, a more appropriate comparator is the ESI protocol recently entered by Judge Robart in *Blum* v. *Amazon.com*, which, like this case, is a putative class action alleging product misrepresentations against Amazon. *See* Hill Decl. Ex. 32 (*Blum* v. *Amazon.com, Inc.*, No. 2:25-cv-00977-JLR (W.D. Wash. Feb. 3, 2026), Dkt. No. 32); Hill Decl. Ex. 31 ¶¶ 17–18 (First Am. Class Action Compl., *Blum* v. *Amazon.com, Inc.*, No. 2:25-cv-00977-JLR (W.D. Wash. Aug. 22, 2026), Dkt. No. 20).

### 4. Plaintiffs' Deviations from the Model Should Be Rejected.

**General Principles**. Plaintiffs offer no compelling reasons to deviate from the Model ESI Protocol's instruction that Rule 26(b)(1)'s proportionality standard govern discovery. Amazon adopts Section A of the Model word-for-word.

**Custodians**. Plaintiffs claim that "the parties dispute the appropriate number of custodians." *Supra* Section V.B.2. Not true. During meet-and-confer, Plaintiffs proposed to compromise on twelve custodians, and Amazon agreed. *See* Hill Decl. Ex. 11 at 1–2 (March 5, 2026 Email from J. Hill to P. Marris.) Accordingly, Amazon adopts the Model's Section B word-for-word with an exception for the provision of twelve document custodians. Plaintiffs' reliance on Amazon's corporate size to justify 50 or more custodians is speculative and designed to impose a massive burden. Likewise, Plaintiffs' assertion that Amazon has not produced organizational charts ignores Amazon's discovery response on this issue, which confirmed that "Amazon does not maintain organizational charts." *See* Hill Decl.

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

Ex. 15 at 7 (Amazon's R&Os to Pls.' First RFPs).  Amazon, of course, will meet and confer on the appropriate twelve custodians.

**Ordinary Course Preservation**.  Plaintiffs propose removing the following Model language from their ESI Protocol:  "Absent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data."  Hill Decl. Ex. 6 ¶ at 7 (Model ESI Protocol).  This unwarranted deviation should be rejected, as it also conflicts with Rule 34(b)(2)(E)'s requirement that parties "produce documents as they are kept in the usual course of business."  *See also* Hill Decl. Ex. 30 at 2 (Order on Parties' Cross-Motions to Compel and for a Protective Order, *Van Wijk* v. W. *Nat'l Assurance Co.*, No. 2:11-cv-00166-MJP (W.D. Wash. Oct. 7, 2011), Dkt. No. 32) ("[Defendant] need only provide discovery materials in the format in which the documents were stored during its ordinary course of business.").  Plaintiffs offer only unfounded speculation that Amazon "could argue that it [was] relieved of its obligation to produce the PDPs."  *Supra* Section V.B.3.  But as Amazon has already explained, it preserved its PDP content and is in the process of producing that content.  Dkt. No. 110 at 17 (Opp. to Spoliation Sanctions).

Plaintiffs' cited cases are inapposite.  In *In re eBay Seller Antitrust Litigation*, the court compelled production precisely because the data at issue was *not* new and *not* inaccessible.  No. C 07-1882 JF (RS), 2009 WL 2524502, at *1 (N.D. Cal. Aug. 17, 2009).  Far from establishing a duty to produce data in new formats to render inaccessible information accessible, eBay holds the opposite: production was appropriate only because the data was already accessible through existing processes. *Id. Hubbard* v. *Crow* is similarly inapposite: it involved a discrete podcast recording held by a third-party podcaster, not, like here, database queries, data formatting, or dynamic databases.  No. SA-23-CV-00580-FB , 2025 WL 1699836 (W.D. Tex. June 5, 2025).  The court ordered the plaintiff to attempt to retrieve an original, unedited recording from the podcaster because the plaintiff exercised "control" over the file.  *Id.* at *2.  The decision addressed only whether the plaintiff's conduct brought a third party's file within the scope of "possession, custody, and control" for discovery purposes.  *Id.* at *2–3.  It says nothing about any obligation to create new data formats, run novel database queries,

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

or render otherwise inaccessible data accessible.  Neither case supports the sweeping proposition for which Plaintiffs cite it.

**Privilege**.  Plaintiffs' proposal that Amazon log documents created after the commencement of litigation is wholly at odds with the Model: "With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs."  Hill Decl. Ex. 6 at 9 (Model ESI Protocol).  Plaintiffs' assertion that courts in this Circuit "routinely," *supra* Section V.B.4, require such logging is simply not accurate.  *Affinity Credit Union* v. *Apple Inc.*, No. 22-cv-04174-JSW, 2024 WL 1344211, at *4 (N.D. Cal. Mar. 29, 2024) ("Courts in this circuit typically do not require litigants to produce a privilege log for communications and work product made after litigation commences.").  Plaintiffs offer no principled rationale for deviating from the Model in this respect.[13]

*Second*, without explanation (apart from relying on the *FTC* v. *Amazon* ESI Protocol), Plaintiffs insert privilege log provisions contrary to the Model and burdensome for the parties, including requiring: (i) that parties provide "the title of all party employees associated with a log entry" (Ex. D at 8); (ii) logging of redacted documents, contrary to the Model (Hill Decl. Ex. 6 at 9 (Model ESI Protocol); and (iii) "rolling privilege log[s] at least six, nine, twelve, and fifteen months after the engagement of fact discovery," (Ex. D at 8) notwithstanding that this timeline makes little sense in this case.  Plaintiffs' sole justification is that these provisions were in the *FTC* v. *Amazon* ESI Protocol.  However, as noted above, that protocol has no bearing here.

*Third*, as explained *supra* regarding the PO, Plaintiffs seek to deviate from the Model guidance by expressly rejecting 502(d) in the ESI Protocol as well.  By contrast, Amazon's proposed ESI Protocol adopts the Model's provisions on this issue in its entirety.  Hill Decl. Ex. 4 at 10 (Redline of Amazon's Proposed ESI Protocol against the Model ESI Protocol).  The *FTC* v. *Amazon* ESI Protocol (upon which Plaintiffs rely for nearly all terms except this one) also adopts the Model 502(d) provision.

---

[13] *Fed. Trade Comm'n* v. *Qualcomm Inc.*, which Plaintiffs cite, concerned the sufficiency of a privilege log; it is not a decision on the provisions to be included in an ESI protocol.  No. 17-cv-00220 LHK (NC), 2018 WL 11420853 (N.D. Cal. Mar. 16, 2018).

JOINT SUBMISSION RE: PROTECTIVE ORDER AND ESI PROTOCOL
CASE NO. 2:23-CV-01975-JHC – 21

BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, Albany NY 12207
518 434 0600

Hill Decl. Ex. 25 at 10 (Order, *FTC* v. *Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash. June 11, 2024) (Chun, J.), Dkt. No. 256). As with the PO, the Court should adopt Amazon's proposed ESI Protocol provisions regarding inadvertently produced materials. *See Frame-Wilson*, 2023 WL 1433655, at *5; *see supra* Section V.A.2.

**PLAINTIFFS' REPLY**:

Amazon's objection that Plaintiffs' "demands are extreme" makes no sense. Plaintiffs' proposal is virtually identical to terms Amazon itself asked the Court to adopt in *FTC v. Amazon*.

As for the few deviations in Plaintiffs' Proposed ESI Protocol as compared to the *FTC v. Amazon* ESI Protocol, Plaintiffs have explained above why those terms are necessary for this case. Amazon says next to nothing as to why these terms are disagreeable except that they differ from the Model. But orders frequently stray from the Model in complex cases involving Amazon like this one. *See FTC v. Amazon* ESI Protocol; *see also* Dkt. #45 (Order Regarding Discovery of Electronically Stored Information), *Greenberg v. Amazon.com, Inc.*, No. 2:21-cv-00898-RSL (W.D. Wash. Feb. 16, 2023); Dkt. #66 (Stipulated Motion and Order Regarding Discovery of Electronically Stored Information), *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash. Mar. 10, 2023); Dkt. #129 (Agreement Regarding Discovery of Electronically Stored Information and Order), *FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC (W.D. Wash. Nov. 30, 2023). Indeed, Amazon's prior lead counsel proposed numerous deviations from the Model ESI Protocol in this case. So did Amazon's new lead counsel before backtracking its own proposals.

More tellingly, Amazon itself deviates from the Model in this case where those deviations suit it. Amazon objects to Plaintiffs' Section A as inconsistent with the Model. Yet Amazon proposes deletion of a clause from the Model remarkably similar to what Plaintiffs have proposed. Hill Decl., Ex. 4, at 2; Carpinello Decl., Ex. D, at 2. Similarly, Amazon's inclusion of a limit of twelve custodians is at odds with the Model, which includes no explicit limit but instead leaves to the parties the responsibility to "meet and confer to establish the appropriate number of custodians." Hill Decl., Ex. 4, at 2. Plaintiffs' proposal for custodians is *more* consistent with the Model.

As to Section D, Plaintiffs have established the necessity for the proposed provisions. Amazon has already failed to meet its preservation obligations, as detailed in Plaintiffs' Motion for Spoliation

Sanctions, and has demonstrated a propensity for attempting to skirt its production obligations. Amazon has produced PDP snapshots for only **six products** purchased by one named Plaintiff when there are, by Amazon's admission, at least 1.6 million products implicated by Plaintiffs' discovery requests. Similarly, Plaintiffs' proposed privilege-logging provisions are necessary to hold Amazon accountable for its practice of cloaking discoverable information in inapplicable privilege. *See, e.g.*, *FTC v. Amazon.com, Inc.*, 2025 WL 1907413, at *2–4; *De Coster*, 2025 WL 904465, at *7–9.

Finally, as discussed with respect to the Protective Order, Plaintiffs have not agreed to a Rule 502(d) order. There should not be such an order in the ESI Protocol.

Amazon's appeal to the Court's meet-and-confer requirements is misguided. Counsel met and conferred *numerous* times and could not come to an agreement. Further, Plaintiffs offered to meet-and-confer *yet again* prior to filing this Joint Submission. Hill Decl., Ex. 33 (April 15, 2026, 9:30 AM Email from G. Carpinello to J. Hill). Amazon claims to have "evaluate[d] whether a further meet and confer would be productive," *id.* (April 15, 2026, 12:35 PM Email from J. Hill to G. Carpinello), but never responded to Plaintiffs' meet-and-confer offer. Thus, it was Amazon, not Plaintiffs, who refused to continue the meet-and-confer process.

DATED: April 21, 2026

**BOIES SCHILLER FLEXNER LLP**

By: */s/ George F. Carpinello*
George F. Carpinello (*pro hac vice*)
Adam R. Shaw (*pro hac vice*)
Patrick F. Marris (*pro hac vice*)
30 South Pearl Street
Albany, NY 12207
Telephone: (518) 434-0600
Email: gcarpinello@bsfllp.com
Email: ashaw@bsfllp.com
Email: pmarris@bsfllp.com

*I certify that the total text contributed by Plaintiffs, excluding the Certification of Meet and Confer, is 4,188 words, in compliance with Local Civil Rule 37(a)(2)(E). The total text contributed by Defendant is 4,155 words, in compliance with Local Civil Rule 37(a)(2)(E).*

/s/ Maia Kats
Maia Kats (*pro hac vice*)
**JUST FOOD LAW PLLC**
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: (202) 243-7910
Email: maiakats@justfoodlaw.com

/s/ Todd Maybrown
Todd Maybrown, Bar No. 18557
**ALLEN, HANSEN, MAYBROWN & OFFENBECHER**
600 University St, Suite 3020
Seattle, Washington 98101
Telephone: (206) 447-9681
Email: todd@ahmlaywers.com

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATION**

I certify that the full response by the responding party has been included in this submission, that this submission complies with LCR 37(a)(2)(H), and that prior to making this submission the parties conferred to attempt to resolve these discovery disputes in accordance with LCR 37(a).

DATED: April 21, 2026

/s/ *George F. Carpinello*
George F. Carpinello

**<u>CERTIFICATE OF SERVICE</u>**

I certify under penalty of perjury that on April 21, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED: April 21, 2026

*/s/ George F. Carpinello*
George F. Carpinello
