UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANITA MEDAL, ESTHER YOO, GAYLE HAYES, and ANTOINETEE STANIEWICZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | CASE NO. 2:23-cv-01975-JHC<br><br>ORDER |

**I**

**INTRODUCTION**

This matter comes before the Court on the parties' LCR 37 Joint Submission Re Disputes Concerning the Protective Order and ESI Protocol.  Dkt. # 137.  The Court has reviewed the submission, pertinent portions of the record, and the applicable law.  For the reasons below, the Court GRANTS Plaintiffs' motion in part and DENIES it in part.

ORDER - 1

## II

### BACKGROUND

Plaintiffs bring claims against Amazon for violating three California consumer protection statutes and a common-law claim related to the company's alleged failure to include mandatory disclaimers on dietary supplements sold on its ecommerce platform.  *See generally* Dkt. # 77.

Plaintiffs filed their initial complaint on January 31, 2023, Dkt. # 1, and then filed an amended complaint on February 27, 2025.  Dkt. # 77.  Plaintiffs say that Defendant "has produced very little discovery."  Dkt. # 134 at 2.  Part of the delay, Plaintiffs say, is because the parties could not agree on either a protective order (PO) or an agreement regarding discovery of electronic information (ESI Protocol).  *Id.*  The parties say they exchanged six proposed drafts of the PO and ESI Protocol without success from January 2025 to the present.  *Id.* at 2, 5.  As for the PO, the parties disagree solely on whether to include a clawback provision under Federal Rule of Evidence 502(d) (a "502(d) provision" or "clawback provision").

Unable to reach an agreement on the two issues, the parties jointly submitted the matter to the Court under Local Civil Rule 37.[1]  *See generally* Dkt. # 137.

## III

### DISCUSSION

Under Federal Rule of Civil Procedure 26(c), the Court has broad latitude to grant protective orders and manage discovery disputes, extending to the entry of POs and ESI

---

[1] Movants seeking protective orders under Federal Rule of Civil Procedure 26 must include a certification that they engaged in a good-faith effort to meet-and-confer before filing the motion.  Fed. R. Civ. P. 26(c)(1); LCR 26(c)(1).  "'Meet and Confer' means a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement."  LCR 1(c)(6). Defendant contends that Plaintiffs failed to satisfy the meet-and-confer requirement with respect to their proposed PO and ESI Protocol, but that it "is prepared to proceed with the adjudication of this Joint Submission."  Dkt. # 134 at 7.  Plaintiffs say they offered to meet and confer prior to the present submission, but that Defendant did not take them up on it.  Dkt. # 134 at 24.  The Court will rule on the submission.

ORDER - 2

Protocols. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002); *see also Crosby v. Amazon.com, Inc.*, 2022 WL 522953, at *1 (W.D. Wash. Feb. 22, 2022) ("[b]ecause the parties are unable to come to an agreement regarding all terms contained within an ESI discovery agreement, the Court will, in its discretion, assist the parties in doing so.").

A.      Protective Order

The parties' dispute about the PO is whether to include a 502(d) provision. *See generally* Dkt. # 134-4 (redline of Plaintiffs' proposed PO against Defendant's showing that the only material difference is the 502(d) provision). Plaintiffs contend that they have simply not agreed to any 502(d) provision and that, accordingly, the Court should enter a PO without one. *See id.* at 7–8. Defendant argues that the model PO in this District contains a 502(d) provision and points to LCR 26(c)(2), which states that "[p]arties are encouraged to use this district's model protective order." *Id.* at 8.

To better understand the dispute, it is necessary to review the pertinent provisions of the rule. When a party discloses privileged information, that disclosure

does not operate as a waiver in a federal or state proceeding if:

(1) the disclosure is inadvertent;

(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b). But a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court" under Federal Rule of Evidence 502(d); and further, parties may agree to a court's entry of such an order. *See generally* Fed. R. Evid. 502(b), (d), (e).

ORDER - 3

The text of Rule 502 suggests that Rule 502(b) is the "default rule[]" and that parties may contract around the default rule under Rules 502(d) and 502(e). *See Smith v. Best Buy Stores, L.P.*, 2017 WL 3484158, at *4 (D. Idaho Aug. 14, 2017) (concluding that the defendant's disclosure amounted to a waiver under Rule 502 in the absence of an agreement on a clawback provision); *see also Great-West Life & Annuity v. Am. Econ. Ins. Co.*, 2013 WL 5332410, at *14 (D. Nev. September 23, 2013) (Rule 502(b) "applies as a default in the event there is no agreement otherwise."). In the context of document clawbacks, courts in this Circuit have treated Rule 502(b) as the default. *See, e.g.*, *United States v. United Health Grp., Inc.*, 2020 WL 10731257, at *3, 2–4 (C.D. Cal. Nov. 9, 2020) (unless "modifications" under Rule 502(d) "contain 'concrete directives' regarding each prong of Rule 502(b), the prongs of Rule 502(b) remain the standard for evaluating a claw back request[;]" applying Rule 502(b)'s prongs to deny clawback motion); *Great-West Life & Annuity*, 2013 WL 5332410, at *10–14 (granting in part clawback request after concluding that parties had agreed on a clawback provision, while describing Rule 502(b) as the default).

Here, Plaintiffs have not agreed to any clawback provision, and Defendant cites no case in which a court imposed such a provision on a litigant that did not agree to it. Rather, as discussed above, Rule 502(b) "applies as a default in the event there is no agreement otherwise." *Great-West Life &*, 2013 WL 5332410, at *14.

Defendant's cited authority does not support its position. First, the cited local rule states that "parties are *encouraged* to use this district's" PO. LCR 26(c)(2) (emphasis added). It does not say that parties "shall" use this District's PO. In *Carlson v. City of Redmond*, a court in this District refused to enter the parties' proposed protective order because they did "not offer a reason for striking" significant parts of the model PO's Rule 502(d) provision. Dkt. # 61, 2:24-cv-01739-JNW (W.D. Wash. Aug. 28, 2024). Thus, the order turned on the failure to provide

reasons, not on the departure from the model PO.  And further, in that case, the parties had agreed to a 502(d) provision.  Not so here, where not only have Plaintiffs refused, they have provided reasons for their refusal.  The same took place in *Shumlich v. U.S. Bank*: A court in this District required the parties to explain their significant modifications to the model PO's 502(d) provision, originally submitted without reasoning.  Dkt. # 28, 2:24-cv-01681-TL (W.D. Wash. Mar. 11, 2025) ("Before accepting such wholesale changes, the Court requires the Parties to explain why the proposed deviations from the Model Order are necessary for this case.").

B.      ESI Protocol

The parties have also failed to agree on the terms of the ESI Protocol.  Plaintiffs propose an ESI Protocol derived from *FTC v. Amazon* (Dkt. # 256, No. 2:23-cv-01495-JHC (W.D. Wash. June 11, 2024).  *See* Dkt. # 137 at 13–18.  Defendant responds that the *FTC* case is entirely different from this one, and that there is thus no basis to use an ESI Protocol based on it, offering instead an ESI Protocol that they contend more closely follows this District's model.  *See id.* at 18–23.

The Court begins from the position that there does not appear to be any default rule on the adoption of an ESI Protocol or its terms.  But as Defendant points out, "[t]he model order is the model for a reason—it was 'drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential material.'"  *Kater v. Churchill Downs Inc.*, 2020 WL 13490764, at *2 (W.D. Wash. May 5, 2020) (citing *Minnis v. Washington*, 2013 WL 3189051, at *2 (W.D. Wash. June 20, 2013)).

1.      Section A of the model ESI Protocol

Plaintiffs seek a provision, not contained in the model ESI Protocol, "expressly stating that any documents yielded by the custodian and search-term provisions of the ESI Protocol are supplemental to a party's overall discovery obligations—that is, under Federal Rules of Civil

Procedure 26 and 34, a party must conduct reasonable searches and produce all non-privileged ESI in its possession, custody, or control that is relevant and proportional, regardless of whether such ESI is identified by particular keyword searches or custodians contemplated by the ESI Protocol." Dkt. # 136 at 13–14. Plaintiffs say that such a clause is necessary "to circumvent future entanglements over the contours of production obligations[.]" *Id.* at 14. Defendant responds that Plaintiffs "offer no compelling reasons to deviate from" the model ESI Protocol. *Id.* at 20. Given that Plaintiffs cite no authority and do not otherwise justify their request except with reference to (also speculative) "future entanglements," the Court denies Plaintiff's request.

2.      Sections B and C of the model ESI Protocol

Plaintiffs' proposed ESI Protocol features "no initial limitation on the number of custodians provided by Amazon and provides for a fair and iterative discovery process." *Id.* at 15. Plaintiffs say that they cannot limit the number of custodians given the complexity of the case and cite several cases in this District involving the same Defendant featuring protocols providing for 25 to 50 custodians. *Id.* (collecting cases). Defendant responds that the parties originally agreed to 12 custodians in March 2026, and that Plaintiffs should be held to that agreement. *See id.* at 20 (citing Dkt. # 134-19 at 2–3 (email from Plaintiffs' counsel to Defendant's proposing "using twelve (12) custodians under Section B.1. of the ESI Protocol and meeting and conferring regarding additional custodians" and Defendant's counsel's response agreeing to "offer twelve (12) custodians").

While the Model ESI Protocol does not list a specific number of custodians, it does state that the "parties are expected to meet and confer to establish *the appropriate number of custodians to be disclosed based on the complexity, proportionality, and nature of the case.*" (emphasis added). The negotiation history cited by the parties shows that they agreed to at least 12 custodians. *See* Dkt. # 134-19 at 2–3. But Defendant's counsel does not appear to have

ORDER - 6

agreed to "meeting and conferring regarding additional custodians." *Id.* at 3. In support of a limit of 12 custodians, Defendant says that this case is not as complicated as the FTC's and the states' antitrust enforcement actions against it. Dkt. # 134 at 19–20. Defendant points to the ESI protocol in another case it is defending, *Blum v. Amazon.com*, which provides for ten custodians. *See* Dkt. # 134-40 at 3 (reproducing the ESI protocol entered at Dkt. # 32 in *Blum v. Amazon*, 2:25-cv-00977-JLR (W.D. Wash. Feb. 3, 2026)). Defendant says this ESI protocol provides a better model because it is also a "product misrepresentation" case. Dkt. # 134 at 20.

The Court agrees with Defendant that the better comparator is *Blum*, which also involves claims over violations of consumer protection statutes. *See generally* Dkt. # 134-39 (reproducing Dkt. # 20 (First Amended Complaint), *Blum v. Amazon.com, Inc.*, No. 2:25-cv-00977-JLR (W.D. Wash. Aug. 22, 2026)); *id.* ¶¶ 17, 153–62 (alleging violations of Washington's Consumer Protection Act, RCW § 19.86.010 *et seq.*, for failure to make disclosures on food labels). Further, Defendant's proposed ESI Protocol contains a provision whereby the parties "agree to meet and confer in good faith about possible additional search terms and custodians." Dkt. # 134-6 at 4, 19. If appropriate, Plaintiffs may later move to amend the ESI Protocol to add custodians.

3.       Section D of the model ESI Protocol

Plaintiffs seek the omission of the model ESI Protocol provision that says, "Absent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data." Dkt. # 134 at 15. Plaintiffs seek this modification because they fear that Amazon "could argue that it was relieved of its obligation to produce" documents providing details about the dietary supplements at issue. *Id.* at 16. Defendant says that this departure from the model ESI Protocol should be rejected since it "conflicts with Rule 34(b)(2)(E)'s requirement that parties 'produce

ORDER - 7

documents as they are kept in the usual course of business.'" *Id.* at 21 (citing Fed. R. Civ. P. 34(b)(2)(E)(i)).

This request relates to Plaintiffs' motion for spoliation sanctions at Dkt. # 106. In that motion, pending before the Court, Plaintiffs contend that Defendant's failure to preserve its product detail pages (PDPs) for the dietary supplements at issue in the suit amount to spoliation. *See id.* at 7–8. Defendant responds that PDPs are generated each time an individual clicks on a link to an online listing, and thus a PDP is not a static record, though the underlying data is static. Dkt. # 110 at 6. Defendant says that it has produced and is producing this underlying data (which is what it keeps in the usual course of business), that Plaintiff can use that data to generate essentially generic PDPs for each product, and that Plaintiffs' quarrel amounts to an impermissible request that Amazon produce the PDPs in their preferred format of a PDF. *Id.* In this motion, Plaintiffs seek to modify the model ESI Protocol to force Defendant to produce PDPs in a format more accessible to Plaintiffs rather than the format Defendant uses.

Plaintiffs' concerns run headlong into Rule 34(b)(2)(E)(i)'s provision that a "party must produce documents as they are kept in the usual course of business." While the rule also provides that the "party must produce [ESI] in a form or forms in which it is ordinarily maintained *or* in a reasonably usable form or forms," Fed. R. Civ. P. 34(b)(2)(E)(ii) (emphasis added), the disjunctive "or" does not obligate Defendant to produce ESI in the requesting party's preferred form, as Plaintiffs suggest. Plaintiffs' cited cases do not support their position, since none concern modifications to an ESI protocol. If Plaintiffs prevail in their spoliation motion, such a ruling might obligate Defendant to produce the PDPs in Plaintiffs' preferred format. But for now, there is no need to alter the standard language in the model ESI Protocol.

//

//

ORDER - 8

4.      Section E of the model ESI Protocol

Last, Plaintiffs seek a requirement that Defendant produce privilege logs disclosing claims of privilege or protection over documents generated after the filing of the complaint, which they say will facilitate the resolution of privilege disputes. *Id.* at 16.  As part of this request, Plaintiffs seek a range of detailed information, including "the title of all party employees associated with a log entry" and the generation of "rolling privilege log[s] at least six, nine, twelve, and fifteen months after the engagement of fact discovery." Dkt. # 134-5 at 8–9. Plaintiffs also seek omission of model ESI Protocol's 502(d) provision.  Defendant responds that the proposed changes differ from the Model ESI Protocol without good reason and impose burdensome requirements.  Dkt. # 134 at 22.

First, the Court agrees with Defendant that the proposed privilege log requirements do not appear to be justified.  Plaintiffs rely mainly on *Affinity Credit Union v. Apple Inc.*, in which the defendant sought, against the plaintiffs' wishes, to add language in the ESI protocol that it need not log claims of privilege over documents and communications involving its in-house counsel generated after the filing of the complaint.  2024 WL 1344211, at *3 (N.D. Cal. Mar. 29, 2024).  This case is not on point.  Rather, the *Affinity Credit Union* court denied the defendant's request to insert that language (and thus alter that court's model ESI protocol) because the defendant had not shown that such communications were entitled to that protection.  *Id.*  That case also recognized that "[c]ourts in th[e Ninth] Circuit typically do not require litigants to produce a privilege log for communications and work product after litigation commences." *Id.* (citing *In re Snap Inc. Sec. Litig.*, 2018 WL 7501294, at *1 (C.D. Cal. Nov. 29, 2018)).  This District does not require litigants to do so in its model ESI Protocol.  Further, Plaintiffs identify no other rule requiring Defendant to either generate the post-filing privilege log they seek or include their desired information (like the title of employees) in a privilege log.  Rather, "there is

ORDER - 9

no consensus on whether [privilege] logs are required by Federal Rule of Civil Procedure 26(b)(5)(a)." *Affinity Credit Union*, 2024 WL 1344211at *4 (citing *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, 2011 WL 13100735, at *2–3 (S.D. Cal. June 23, 2011) (noting lack of consensus and declining to require privilege logs for post-litigation communications where continuing conduct was not at issue)).

Plaintiffs fear that Defendant will claim privilege in bad faith to frustrate discovery, as Plaintiffs contend Defendant did in other matters. *See* Dkt. # 134 at 16–17 (citing *FTC v. Amazon.com, Inc.*, 2025 WL 1907413, at *3–4 (W.D. Wash. July 10, 2025) (admonishing Amazon and finding that Amazon acted in bad faith by withholding tens of thousands of non-privileged documents); *De Coster v. Amazon.com, Inc.*, 2025 WL 904465, at *7–9 (W.D. Wash. Mar. 25, 2025) (ordering that Amazon produce dozens of documents previously withheld for privilege improperly)). Again, such concerns are not yet warranted. But if appropriate, Plaintiffs may renew their motion and seek to alter the ESI Protocol.

Second, the Court agrees with Plaintiffs that, for the reasons explained above at Section III.A., a litigant cannot be forced into a Rule 502(d) order and Plaintiffs have not agreed to one here.

# IV

## CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

On or before May 15, 2026, the parties will jointly submit in a stipulated motion:

- A stipulated PO derived from the model PO of this District, except that it shall omit the Rule 502(d) provision (Section 9 of the model PO); and

ORDER - 10

- A stipulated ESI Protocol derived from the model ESI Protocol of this District, except that it shall omit the Rule 502(d) language (at paragraph 5, under section E of the model ESI Protocol).

Dated this 30th day of April, 2026.

John H. Chun
United States District Judge

ORDER - 11